L. Timothy Fisher (SBN 191626)
*ltfisher@bursor.com*
Brittany S. Scott (SBN 327132)
*bscott@bursor.com*
**BURSOR & FISHER, P.A.**
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Deborah M. De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Proposed Interim Class Counsel*
[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ELLIOT LIBMAN, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>          Defendant. | Case No. 5:22-cv-07069-EJD<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL; MEMORANDUM OF LAW IN SUPPORT**<br><br>Date:   June 1, 2023<br>Time:   9:00 a.m.<br>Dept.:  Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |
| JULIA CIMA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 5:23-cv-00397-NC<br><br>Hon. Nathaniel M. Cousins |

NATHAN DLUZAK, individually and on behalf of all others similarly situated,

     Plaintiff,

 v.

APPLE, INC.,

     Defendant.

Case No. 5:23-cv-00426-NC

Hon. Nathaniel M. Cousins

JOAQUIN SERRANO, individually and on behalf of all others similarly situated,

     Plaintiff,

 v.

APPLE INC.,

     Defendant.

Case No. 3:23-cv-00487-TSH

Hon. Thomas S. Hixson

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2023, at 9:00 a.m. or as soon thereafter as the motion may be heard before the Honorable Edward J. Davila in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California 95113, Plaintiffs Elliot Libman, Julia Cima, and Joaquin Serrano ("Plaintiffs") in the above-captioned matters, *Libman v. Apple Inc.*, No. 5:22-cv-07069 (N.D. Cal.), *Cima v. Apple Inc.*, No. 5:23-cv-00397 (N.D. Cal.), and *Serrano v. Apple Inc.*, No. 3:23-cv-00487 (N.D. Cal.) will and hereby do jointly move the Court for an order:

1.      Consolidating, pursuant to Fed. R. Civ. P. 42(a), *Libman v. Apple, Inc.*, No. 5:22-cv-07069, *Cima v. Apple Inc.*, No. 5:23-cv-00397, *Dluzak v. Apple, Inc.*, No. 5:23-cv-00426, and *Serrano v. Apple Inc.*, No. 3:23-cv-00487 (the "Related Actions"), and any future related actions filed in, removed to, or transferred to this Court, under the docket number of the first-filed *Libman* case, No. 5:22-cv-07069-EJD, under the title *In re Apple Device Analytics Data Privacy Litigation*; and

2.      Appointing Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as Interim Co-Lead Class Counsel, and Samantha E. Holbrook of Shub Law Firm LLC and Raphael Janove of Pollock Cohen LLP to a Plaintiffs' Steering Committee pursuant to Fed. R. Civ. P. 23(g).

Plaintiffs' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities; the Declarations of Tina Wolfson, L. Timothy Fisher, Samantha E. Holbrook, and Raphael Janove; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

Undersigned counsel have conferred with counsel for Defendant Apple Inc., who have indicated that Apple does not oppose consolidation of the Related Actions; takes no position on the requested appointments under Fed. R. Civ. P. 23(g); and is available for a June 1, 2023 hearing.

1   Undersigned counsel have also conferred with counsel for Plaintiff in the *Dluzak v. Apple Inc.*

2   matter, who indicated that Plaintiff Dluzak does not oppose consolidation, but would not agree to the

3   requested appointments in this motion.

4

5   Dated: February 2, 2023                  Respectfully submitted,

6

7                                            */s/ L. Timothy Fisher*
                                             L. Timothy Fisher (SBN 191626)
8                                            *ltfisher@bursor.com*
                                             Brittany S. Scott (SBN 327132)
9                                            *bscott@bursor.com*
                                             **BURSOR & FISHER, P.A.**
10                                           1990 North California Boulevard, Suite 940
                                             Walnut Creek, CA 94596
11                                           Telephone: (925) 300-4455
                                             Facsimile: (925) 407-2700
12

13                                           Philip L. Fraietta (*pro hac vice* forthcoming)
                                             *pfraietta@bursor.com*
14                                           **BURSOR & FISHER, P.A.**
                                             888 Seventh Avenue
15                                           New York, NY 10019
                                             Telephone: (646) 837-7150
16                                           Facsimile: (212) 989-9163

17
                                             Tina Wolfson (SBN 174806)
18                                           *twolfson@ahdootwolfson.com*
                                             Theodore W. Maya (SBN 223242)
19                                           *tmaya@ahdootwolfson.com*
                                             Deborah Marie DeVilla (SBN 312564)
20                                           ddevilla@ahdootwolfson.com
                                             **AHDOOT & WOLFSON, PC**
21                                           2600 W. Olive Avenue, Suite 500
                                             Burbank, CA 91505
22                                           Telephone: (310) 474-9111
                                             Facsimile:  (310) 474-8585
23

24                                           Andrew Ferich (*pro hac vice* forthcoming)
                                             *aferich@ahdootwolfson.com*
25                                           **AHDOOT & WOLFSON, PC**
                                             201 King of Prussia Road, Suite 650
26                                           Radnor, PA 19087
27

28
NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND
APPOINT INTERIM CLASS COUNSEL

Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Benjamin F. Johns (*pro hac vice* forthcoming)
*bjohns@shublawyers.com*
Samantha E. Holbrook (*pro hac vice* pending)
sholbrook@shublawyers.com
**SHUB LAW FIRM LLC**
134 Kings Highway E.
Haddonfield, NJ 08033
Telephone: (856) 772-7200

Adam Pollock (*pro hac vice* forthcoming)
*Adam@PollockCohen.com*
Raphael Janove (*pro hac vice* forthcoming)
*Rafi@PollockCohen.com*
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
Telephone: (212) 337-5361

*Proposed Interim Class Counsel*

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND
APPOINT INTERIM CLASS COUNSEL

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED .................................................4

III.   BACKGROUND ..................................................................................................4

IV.    ARGUMENT ........................................................................................................6

    A.     The Related Actions Should Be Consolidated Under Rule 42(a) ..............................6

        1.     Legal Standard for Rule 42(a) Consolidation....................................6

        2.     Consolidation Is Appropriate Under Rule 42(a) ................................6

    B.     The Court Should Appoint Interim Class Counsel Pursuant to Rule 23(g) ...............7

        1.     Legal Standard for Appointing Class Counsel Under Rule 23(g)...................7

        2.     Proposed Interim Class Counsel Performed Substantial Work in Investigating this Action................................................................9

        3.     Proposed Interim Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Resolving Data Privacy Class Actions................................................................10

            Tina Wolfson – Ahdoot & Wolfson, PC .................................11

            L. Timothy Fisher – Bursor & Fisher, P.A.............................13

        4.     The Court Should Also Appoint a Plaintiffs' Steering Committee...............15

            Samantha E. Holbrook – Shub Law Firm LLC .......................16

            Raphael Janove – Pollock Cohen LLP ...................................17

        5.     Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class .....................17

        6.     Proposed Interim Class Counsel Work Cooperatively, Efficiently, and Professionally with Each Other and with Other Firms.................................18

        7.     Additional Considerations Supporting Appointment Under 23(g)(1)(B) .....19

V.     CONCLUSION ...................................................................................................20

1

<u>**TABLE OF AUTHORITIES**</u>

2

**CASES**                                                                                                       <u>**Pages(s)**</u>

3

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,
4
    No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626 (D. Colo. Sep. 1, 2017) ................ 7

5

*Beture v. Samsung Elecs. Am., Inc.*,
    No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) ................................ 8
6

*Boelter v. Hearst Communications, Inc.*,
7
    269 F. Supp. 3d 172 (S.D.N.Y. 2017) ...................................................................................... 2

8
*Boeynaems v. LA Fitness Int'l, LLC*,
    285 F.R.D. 331 (E.D. Pa. 2012) .............................................................................................. 6
9

*Clapper v. Amnesty Int'l USA*,
10
    568 U.S. 398 (2013) ............................................................................................................... 12

11

*Demarco v. Avalonbay Cmtys., Inc.*,
    No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344 (D.N.J. Mar. 17, 2015) ................................ 8
12

*In re Accellion, Inc. Data Breach Litig.*,
13
    No. 5:21-cv-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022)........................................ 7

14
*In re Apple & AT&TM Antitrust Litig.*,
    No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061 (N.D. Cal. Apr. 15, 2008) ..................... 10
15

16
*In re Apple Inc. Device Performance Litig.*,
    No. 18-MD-02827-EJD, 2018 WL 11360203 (N.D. Cal. May 15, 2018) ................................. 15

17

*In re Equity Funding Corp. of Am. Sec. Litig.*,
18
    416 F. Supp 161 (C.D. Cal. 1976).............................................................................................. 6

19
*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
    No. 21-MD-02994-RAR, 2022 WL 777021 (S.D. Fla. Feb. 22, 2022) ..................................... 16

20

*In re Meta Pixel Healthcare Litig.*,
21
    No. 22-CV-03580-WHO, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ............................... 19

22
*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    No. 3:15-MD-2633-SI, 2019 WL 3410382 (D. Or. July 29, 2019) ........................................... 18
23

24
*In re Robinhood Outage Litig.*,
    No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020) ......................................... 19

25

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
26
    No. 4:12-MD-2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa., Jan. 17, 2013) .............................. 9

27
*In re SSA Bonds Antitrust Litig.*,
    No. 16 Civ. 3711 (ER), 2016 U.S. Dist. LEXIS 178048 (S.D.N.Y. Dec. 22, 2016).................... 18

28

- ii -

*In re Stubhub Refund Litig.*,
  No. 20-MD-02951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020)............................ 7, 8, 19

*In re Terazosin Hydrochloride Antitrust Litig.*,
  220 F.R.D. 672 (S.D. Fla. 2004) ........................................................................................ 11

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
  928 F.3d 42 (D.C. Cir. 2019)............................................................................................. 12

*Kaplan v. 21st Century Oncology Holdings*,
  No. 2:16-cv-210-FtM-99MRM, 2016 WL 9383330 (M.D. Fla. July 21, 2016) ........................... 7

*Kaplan v. 21st Century Oncology Holdings, Inc.*,
  No. 216CV210FTM99MRM, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016) ............................. 7

*Outten v. Wilmington Tr. Corp.*,
  281 F.R.D. 193 (D. Del. 2012) ............................................................................................ 11

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
  303 F. Supp. 2d 1027 (N.D. Cal. 2003)................................................................................. 6

*Perez v. Rash Curtis & Assocs.*,
  No. 4:16-CV-03396-YGR, 2021 WL 4503314 (N.D. Cal. Oct. 1, 2021) .................................. 18

*Remijas v. Neiman Marcus Grp., LLC*,
  794 F.3d 688 (7th Cir. 2015) ....................................................................................... 12, 13

*Sayce v. Forescout Techs., Inc.*,
  No. 20-cv-00076-SI, 2020 WL 6802469 (N.D. Cal. Nov. 19, 2020)......................................... 19

*Tolmasoff v. General Motors, LLC*,
  No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ............................... 8

*Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*,
  337 F.R.D. 405 (S.D. Ohio 2021).......................................................................................... 8

*UL LLC v. Gangsong Grp. Corp.*,
  No. CV 17-8166 DSF (EX), 2019 WL 8219493 (C.D. Cal. June 26, 2019)................................ 6

**STATUTES**

28 U.S.C. §1404 ....................................................................................................................... 1

**OTHER AUTHORITIES**

*Standards and Best Practices for Large and Mass-Tort MDLs*,
  Duke Law Center for Judicial Studies, (Sept. 2014), Best Practice 4E............................. 4, 15, 19

Manual for Complex Litigation (4th ed. 2004)
  § 21.11 ............................................................................................................................. 8, 19

**RULES**

Fed. R. Civ. P.

Rule 23(g) .............................................................................................................. 1, 4
Rule 23(g)(3) ............................................................................................................. 7
Rule 23(g)(1)(A) ....................................................................................................... 9
Rule 23(g)(2)(A) ....................................................................................................... 7
Rule 42(a) .............................................................................................................. 4, 6

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

### I.   INTRODUCTION

Plaintiffs Elliot Libman, Julia Cima, and Joaquin Serrano in the above-captioned first, second, and fourth-filed *Libman*, *Cima,* and *Serrano* actions respectfully move this Court for an order (1) consolidating *Libman v. Apple, Inc.*, No. 5:22-cv-07069), *Cima v. Apple Inc.*, No. 5:23-cv-00397 (N.D. Cal.), *Dluzak v. Apple, Inc.*, No. 5:23-cv-00426 (N.D. Cal.), and *Serrano v. Apple Inc.*, No. 3:23-cv-00487 (N.D. Cal.) (collectively the "Related Actions"), pursuant to Fed R. Civ. P. 42(a), as well as any future related actions that may be filed in this Court, under the docket of the first-filed *Libman* action (No. 5:22-cv-07069) and under the new caption "*In re Apple Device Analytics Data Privacy Litigation*"; (2) appointing Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as Interim Co-Lead Class Counsel; and (3) appointing Samantha E. Holbrook of Shub Law Firm LLC and Raphael Janove of Pollock Cohen LLP to the Plaintiffs' Steering Committee ("PSC") (collectively, "Proposed Interim Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

Ms. Wolfson's firm and her co-counsel comprising the proposed PSC firms are also the first to develop and file substantially similar cases pending in New York and Pennsylvania federal district courts, which Defendant has sought to transfer to this Court pursuant to the first-filed rule and 28 U.S.C. §1404.

Consolidation of the Related Action is appropriate because they arise from the same nucleus of operative facts—Apple's alleged practices of impermissibly obtaining, collecting, sharing, and/or otherwise using Apple Device Analytics of iPhone, iPad, and other Apple mobile device users even after device users turn off a setting that permits the data sharing—and assert similar and overlapping causes of action on behalf of similar and overlapping classes, seeking the same relief.

Appointing interim class counsel here is appropriate because, as described below, other duplicative actions have been filed in this Court and elsewhere, and likely will continue to be filed. Appointment of interim class counsel will clarify the roles and responsibilities of counsel on behalf of

1   the class, while avoiding duplicative and unnecessary litigation that could result in inefficiencies for

2   the Court and the Parties.

3           Proposed interim class counsel are uniquely qualified to lead this litigation. They have

4   performed substantial work to identify and investigate potential claims in this case, consulted with and

5   will be retaining the leading experts on the matters alleged in these cases, and are the firms that filed

6   the first three actions seeking redress for Defendant's alleged privacy violations. Proposed Interim

7   Class Counsel and the PSC firms should be appointed to lead this litigation for at least the following

8   reasons. *First,* Ms. Wolfson and Mr. Fisher have decades of privacy class action experience to

9   effectively lead this litigation on behalf of the putative Class. Ms. Wolfson, Mr. Fisher, and their firms

10  have been repeatedly appointed leadership positions in numerous privacy cases as well as other

11  consumer class actions affecting large classes. *See, e.g.*, *In re Zoom Video Communications, Inc.*

12  *Privacy Litig.*, No. 5:20-cv-02155-LHK (N.D. Cal.) (Hon. Laurel Beeler) (Ms. Wolfson was appointed

13  co-lead class counsel in nationwide class action alleging various privacy violations from the collection

14  of personal information through third-party software development kits and failure to provide end to

15  end encryption; AW achieved a finally approved $85 million nationwide class settlement that also

16  included robust injunctive relief overhauling Zoom's data collection and security practices); *In Re*

17  *Google Location History Litigation*, No. 5:18-cv-05062-EJD (N.D. Cal.) (Hon. Edward J. Davila) (Ms.

18  Wolfson is appointed to serve as co-lead interim class counsel in nationwide consumer class action

19  arising out of Google's allegedly unlawful collection and use of mobile device location information

20  on Android and iPhone devices); *Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172

21  (S.D.N.Y. 2017) and *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y.

22  2019) (Mr. Fisher was an integral part of the litigation team in these actions and won a motion for

23  summary judgment and achieved a $50 million settlement in cases involving Hearst's data sharing

24  practices). The qualifications and experience of Ms. Wolfson and Mr. Fisher, along with that of

25  proposed PSC members Ms. Holbrook and Mr. Janove and their firms, are detailed in their

26

27

28

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE
CASES AND APPOINT INTERIM CLASS COUNSEL

concurrently filed Declarations and firm resumes.[1]

*Second*, proposed Interim Class Counsel and the PSC possess extensive knowledge of the applicable facts and law. Their lawyers were the first to investigate and understand the facts of this case, consult with the leading experts on the challenged misconduct, and have repeatedly litigated, conducted significant discovery in (including depositions of information security officers, and technical and damages witnesses and experts), and briefed essentially every aspect of privacy class action cases. Their experience, in this case and in similar cases in general, will allow them to efficiently manage issues pivotal, including standing, technical issues related to data sharing and class member identification, and damages.

*Third*, proposed Interim Class Counsel and the PSC were the first to comprehensively investigate the facts of this matter and commence the prosecution of the cases. They have worked cooperatively to organize an efficient and diverse team. The team devoted substantial time to investigating the background facts, drafting four detailed complaints (which other counsel used to draft other subsequent filed complaints), communicating with counsel for Apple about case management issues, coordinating with other plaintiffs' counsel, and consulting with potential experts, including the leading experts on the privacy violations alleged in this litigation. They have been contacted by many consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by Apple's alleged conduct.

*Fourth*, the team will effectively manage the litigation. Ms. Wolfson and Mr. Fisher have led numerous complex litigations and believe that an efficient, well-defined team structure will produce the best results. They will further be assisted by other lawyers at their firms and the proposed PSC members Ms. Holbrook and Mr. Janove, who are skilled young attorneys that will help steer this litigation on a prudent course.

*Fifth*, the team's members are attorneys at firms which can and will commit sufficient resources to adequately represent the class.

---

[1]     References herein to the "Wolfson Decl.," "Fisher Decl.," "Holbrook Decl.," and "Janove Decl." are citations to the contemporaneously filed declarations of those respective counsel.

- 3 -

*Finally*, the proposed team is diverse in gender, national origin, age, and life experience in compliance with the guidance provide by the Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*, Best Practice 4E. Committed to training the next generation of diverse class action leaders, the proposed leadership team will provide invaluable leadership experience to younger members of the proposed leadership committee in court, in the conference room, and behind the scenes.

For the foregoing reasons and those that follow, Plaintiffs respectfully request that the Court consolidate the Related Actions, appoint Ms. Wolfson and Mr. Fisher as Interim Class counsel, and appoint Ms. Holbrook and Mr. Janove to a PSC.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Related Actions should be consolidated under Fed. R. Civ. P. 42(a);

2.     Whether the Court should appoint Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as Interim Co-Lead Class Counsel; and

3.     Whether the Court should appoint Samantha E. Holbrook of Shub Law Firm LLC and Raphael Janove of Pollock Cohen LLP to a PSC pursuant to Fed. R. Civ. P. 23(g).

## III.     BACKGROUND

The Related Actions similarly allege that Apple unlawfully intercepts and collects analytics data from its iPhone, iPad, and Apple Watch users, even if users toggle or switch off the settings on their Apple mobile devices that would otherwise allow data sharing. Plaintiffs' actions allege that this conduct violates the California Invasion of Privacy Act (CIPA), the Pennsylvania Wiretapping and Electronic Surveillance Control Act (Pennsylvania WESCA), and the New York General Business Law § 349 (GBL), among other laws.

While Apple purportedly provides users the choice as to whether Apple tracks their data while using Apple devices—and even promises its users that it "respect[s] your ability to know, access, correct, transfer, restrict the processing of . . . your personal data,"[2]— Plaintiffs allege that Apple does

---

[2]     https://www.apple.com/legal/privacy/pdfs/apple-privacy-policy-en-ww.pdf     (last     updated December 22, 2022)

- 4 -

not honor such requests. A recent test performed by two independent app developers revealed that even when consumers actively change their "privacy settings" and follow Apple's instructions to protect their privacy, Apple still records, tracks, collects and monetizes consumers' analytics data, including browsing history and activity information. The experts found that Apple continues to track users' app usage, app browsing communications, and personal information in its proprietary apps, such as the App Store, Apple Music, Apple TV, Books and Stocks, even after the users have asked them not to. As of the date of this filing, Apple has not responded to or publicly refuted the reports.

Plaintiffs allege that Apple did not disclose that that it continued to track and collect users' private data, in direct contravention of users' explicit requests submitted via the option provided by Apple itself. This alleged unlawful activity amounts to an enormous wealth of data that Apple collects and uses for its financial gain.

In addition to the Related Actions, there are at least five other similar class actions that have been filed in four different federal courts in three different states (three of which have been filed by the proposed lead counsel team): *Farley v. Apple Inc.*, No. 23-cv-254, pending in the Eastern District of New York ("*Farley*") (filed by Ahdoot Wolfson, Pollock Cohen, and Shub Law Firm); *Sgro v. Apple Inc.*, No 2:23-cv-00350, pending in the Eastern District of Pennsylvania (filed by Bursor & Fisher);[3] *Kelly v. Apple Inc.*, No. 5:23-cv-00314, pending in the Eastern District of Pennsylvania; *Herrera v. Apple, Inc.*, No. 23-cv-411, pending in the Southern District of New York, filed January 17, 2023; and *Popa v. Apple Inc.*, No. 23-cv-0095, pending in the Western District of Pennsylvania, filed January 18, 2023. To date, all actions are in the same procedural posture, whereby Defendant has not yet responded to the respective complaints. In meet and confer communications with Defense counsel, Apple indicated that it would seek transfer of all such cases pursuant to the first-filed rule and 28 U.S.C. § 1404.

---

[3] *Serrano* was initially filed in the Eastern District of Pennsylvania by Ahdoot Wolfson, Pollock Cohen, and Shub Law Firm. *Serrano v. Apple*, No. 23-cv-70 (E.D. Pa.). In the interests of case organization, Plaintiffs' counsel in *Serrano* and *Farley* agreed to voluntarily transfer those actions to this Court. *See Serrano*, ECF No. 21; *Farley*, ECF No. 12. *Serrano* is now pending before this Court following transfer and is currently before Judge Thomas S. Hixson. The *Farley* action transfer request is still pending. Bursor & Fisher also will agree to transfer the *Sgro* action to this Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated Under Rule 42(a)

#### 1.    Legal Standard for Rule 42(a) Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Courts enjoy broad discretion to order consolidation under Rule 42(a). *UL LLC v. Gangsong Grp. Corp.*, No. CV 17-8166 DSF (EX), 2019 WL 8219493, at *1 (C.D. Cal. June 26, 2019). Courts routinely consolidate multiple class actions based on the same public event. *See, e.g., Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 332 n.1 (E.D. Pa. 2012) (putative class actions consolidated because they made "basically similar claims").

Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (finding that cases had significant legal and factual overlap, and holding "the Court believes that judicial efficiency will be served by consolidating these actions"); *see also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161, 176 (C.D. Cal. 1976) ("[A]rgument and consideration of class action issues has been made considerably easier by the consolidated complaint. . . .").

#### 2.    Consolidation Is Appropriate Under Rule 42(a)

The Complaints in each of the Related Actions assert common causes of action against a common defendant (Apple) in response to the same alleged misconduct (Apple's alleged unlawful data collection and sharing practices). The Related Actions commonly seek certification of similar classes and allege that class members suffered similar harms because of Apple's conduct.

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially because the Related

- 6 -

Actions are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

Courts consistently find that data privacy cases are particularly appropriate for Rule 42 consolidation. *See, e.g.*, *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) *report and recommendation adopted,* No. 216CV210FTM99MRM, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016) ("The Undersigned has reviewed the parties' pleadings in the . . . above-captioned cases . . . it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc*., No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation").

Thus, Plaintiffs Libman, Cima, and Serrano respectfully request that the Court consolidate the Related Actions under the docket number of the first filed case, No. 5:22-cv-07069, and under the title *In re Apple Device Analytics Data Privacy Litigation*. *See In re Accellion, Inc. Data Breach Litigation*, No. 5:21-cv-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) (Davila, J.) (granting similar motion to consolidate related actions).

**B.    The Court Should Appoint Interim Class Counsel Pursuant to Rule 23(g)**

**1.    Legal Standard for Appointing Class Counsel Under Rule 23(g)**

"Under Federal Rule of Civil Procedure 23(g)(3), a court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Stubhub Refund Litig.*, No. 20-MD-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (quoting Fed. R. Civ. P. 23(g)(2)(A)). "A court should designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Id*. (internal quotations and citation omitted).

Early class counsel appointments are particularly important where, as here, other cases have been and will continue to be filed by other counsel, including in other courts. *See, e.g., Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413, at *3 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Demarco v. Avalonbay Cmtys., Inc.*, Civil Action No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *7 (D.N.J. Mar. 17, 2015) (early appointment "will promote clarity, efficiency, and greater coordination"); *Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021) ("Designation of interim counsel is particularly appropriate when there have been overlapping, duplicative, or competing suits filed in other courts.") (citing Manual for Complex Litigation § 21.11 (4th ed. 2004) ("Manual")). Thus, appointing lead counsel now will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11; *see, e.g., Tolmasoff v. General Motors, LLC*, Case No. 16-11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow"). This clarity is particularly important in a case, such as this one, that has received widespread publicity; where many tens of thousands (if not millions) of class members likely have been impacted by the alleged conduct (with hundreds contacting the team collectively); and where numerous cases have been and will continue to be filed.

"Courts typically look to the [Rule 23(g)(3)] factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (citation omitted). These factors are:

    (1)  the work counsel has done in identifying or investigating potential claims in the action;

    (2)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (3)  counsel's knowledge of the applicable law; and

    (4)  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Shop-Vac Mktg. & Sales Practices Litig.*, No. 4:12-MD-2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa., Jan. 17, 2013) ("The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel.").

As discussed below, each of the relevant factors demonstrate that Proposed Interim Co-Lead Class Counsel are highly qualified to represent the interests of the class.

### 2. Proposed Interim Class Counsel Performed Substantial Work in Investigating this Action

Proposed Interim Class Counsel have committed substantial, yet appropriate, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of Apple's alleged data sharing practices and this litigation. Wolfson Decl., at ¶ 29; Fisher Decl., at ¶¶ 9-10. Counsel are familiar with the facts and legal issues in this matter and will continue their pursuit of the claims on behalf of Plaintiffs and the class. Wolfson Decl., at ¶¶ 5, 29-30; Fisher Decl., at ¶¶ 9-10.

Proposed co-lead counsel and the PSC firms have performed and continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to: (a) investigating potential legal claims arising from Apple's alleged data privacy practices; (b) investigating the circumstances surrounding these alleged data sharing practices; (c) articulating the nature of Apple's alleged misconduct in a detailed complaint before this Court and in federal courts in Pennsylvania and New York; (d) staying abreast of and analyzing reports, articles, and other public materials discussing and describing Apple's challenged conduct; (e) speaking with dozens of class members who inquired about this matter; (f) investigating the nature of the challenged conduct at issue here by interviewing numerous of potential clients who contacted Plaintiffs' counsel firms; (g) investigating the adequacy of the named Plaintiffs to represent the putative class; (h) serving the complaints on Apple; (i) conducting substantial research on legal issues relating to and the viability of claims brought under the CIPA and Pennsylvania WESCA; (j) communicated internally amongst

Plaintiffs' counsel regarding the most efficient manner to organize this litigation; (k) privately ordered and self-organized with co-counsel; (l) consulting with technical experts about the alleged data privacy violations and Apple's alleged misconduct; (m) communicating and conferring with Apple's counsel at Covington about the best way to coordinate the Related Actions before this Court and the actions filed in other federal courts, including through informal coordination and voluntary transfers under 28 U.S.C. § 1404; and (n) working cooperatively, coordinated, and continue to meet and confer with Defendants' counsel and counsel for the other Plaintiffs regarding this litigation. Wolfson Decl., at ¶¶ 29-31; Fisher Decl., at ¶ 10.

Proposed Interim Co-Lead Class Counsel have devoted substantial time to researching and investigating the relevant law and various causes of action, and defenses thereto, in preparing and filing four separate complaints that have been filed in three courts, including two cases in this Court (*Libman* and *Cima*), *Serrano* in the Eastern District of Pennsylvania (recently transferred to this Court), and *Farley* in the Eastern District of New York (transfer request pending). Wolfson Decl., at ¶¶ 30-31; Fisher Decl., at ¶ 10. These efforts support appointing Proposed Interim Co-Lead Counsel. *See In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9-*10 (N.D. Cal. Apr. 15, 2008) (appointing firm to leadership position where it had "engaged an [expert] and invested significant time researching and investigating the potential claims . . . .").

Proposed Interim Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class. Wolfson Decl., at ¶¶ 29-32; Fisher Decl., at ¶ 11.

### 3. Proposed Interim Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Resolving Data Privacy Class Actions

Data privacy cases present unique and novel issues of fact and law that are always evolving. They further require an understanding of the technical issues of data hacking, data privacy measures, and industry standards. Appointing class counsel experienced in data privacy litigation is in the best

interest of the class. *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

Proposed Interim Co-Lead Counsel are well-qualified to lead this case. Each attorney has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The members of the team have ample experience prosecuting class actions, including advancing claims for negligence, consumer fraud, privacy statute violations, and the other typical claims inherent to data privacy litigation.

The team's members bring together decades of experience in privacy and consumer class action litigation. Members of the proposed counsel team have led numerous high-profile privacy cases affecting millions of consumers (e.g., *In re Google Location Tracking Litigation; Zoom Video Communications, Inc. Privacy Litig.*, *Rivera v. Google LLC; Experian Data Breach Litig.*, *Premera Blue Cross Customer Data Security Breach Litig.*, *Boelter v. Hearst Communications, Inc.*, *Edwards v. Hearst Communications, Inc.*), and a myriad of other types of high stakes consumer litigation, all to great success. *See generally* Wolfson Decl. and Ex. A; Fisher Decl. and Ex. A.

Proposed Interim Class Counsel's extensive and particularized experience will allow it to manage issues that are pivotal to the success of this case with great efficiency, including Article III standing, technical expertise, and damages. Moreover, the team's members are intimately familiar with, and have years of experience litigating cases in the Northern District of California and have been repeatedly in designated Class Counsel in this district as well as other California courts.

The qualifications and experience of the firms and lawyers comprising the team are detailed in the accompanying declarations and firm resumes. *See* Wolfson Decl., at ¶¶ 5-32 and Exhibit A; Fisher Decl., at ¶¶ 3-8, 12-13 and Exhibits A-D. An overview of the proposed interim class counsel's backgrounds and representative matters appears below.

### Tina Wolfson – Ahdoot & Wolfson, PC

Tina Wolfson was born in the former Soviet Union, and her family escaped when she was 11

- 11 -

years old. Seven years after arriving as an indigent refugee who spoke no English, Ms. Wolfson attended Columbia College, and then Harvard Law School, graduating both *cum laude*. As one of the very few female founders of a national class action firm, Ms. Wolfson has gained extensive experience leading major class actions during her 28-year career and has been selected over competing applicants in a myriad of cases—including in data privacy class actions—by federal and state court judges across the country.

Ms. Wolfson and her firm have been on the cutting edge of technology-related privacy cases since the late 1990s, when she successfully advocated for the privacy rights of millions of consumers against major financial institutions based on the unlawful compilation and sale of detailed personal financial data to third-party telemarketers without consumers' consent. Corporate practices exposed by her work later became the subject of Gramm-Leach-Bliley Act regulation.

Ms. Wolfson and her firm have been at the forefront of privacy-related litigation since then. Her efforts have shaped privacy law precedent. As lead counsel in *Remijas v. Neiman Marcus Group, LLC*, Ms. Wolfson successfully appealed the trial court's order granting a motion to dismiss based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited in every standing-related brief, was the first appellate decision to consider the issue of Article III standing in data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) and concluded that breach victims have standing to pursue claims based on the increased risk of fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688 (7th Cir. 2015). Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litigation*, Ms. Wolfson briefed and argued, in part, the granted motions to dismiss based on standing, and briefed in part the successful appeal to the D.C. Circuit. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

As set forth in her attached declaration, Ms. Wolfson has led and continues to lead many large and high-profile cases, including those involving data privacy (e.g., *Zoom*), data breaches (e.g., *Experian, Premera, Home Depot, OPM, Ambry Genetics, Forefront Dermatology*), geo-location tracking (e.g., *Google Location History Litigation*), collection and storing of biometric information

1   (e.g., *Google*, *Shutterfly*, *Vimeo*), as well as other consumer class actions (e.g., *Eck* - $295 million class

2   settlement against Los Angeles for unlawful utility taxes). Her recent efforts as lead counsel resulted

3   in Google and Zoom overhauling their consumer privacy-related practices and establishing non-

4   reversionary settlement funds of $100 million and $85 million, respectively. (*Rivera v. Google LLC*,

5   No. 2019-CH-00990 (Ill Cir. Ct.); *In re Zoom Video Communications, Inc. Privacy Litigation*, No.

6   5:20-cv-02155-LHK (N.D. Cal.)).

7         Ms. Wolfson will work efficiently within her firm by working with Theodore W. Maya and

8   Deborah M. De Villa of Ahdoot Wolfson. Mr. Maya served as Editor-in-Chief of the UCLA Law

9   Review, and from July 2003 to August 2004 he served as Law Clerk to the Honorable Gary Allen

10  Feess in the United States District Court for the Central District of California. Mr. Maya has been a

11  pivotal member of Ahdoot Wolfson's privacy team since he joined the firm in 2011. For instance, his

12  work in *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) contributed to a

13  groundbreaking decision by the Seventh Circuit Court of Appeals that significantly strengthened the

14  rights of data breach victims to bring class actions in federal court.

15        Ms. De Villa is an associate attorney at Ahdoot Wolfson. She graduated from Pepperdine

16  University School of Law in 2016. Born in the Philippines, Ms. De Villa moved to Florida at the age

17  of sixteen to attend IMG Golf Academy as a full-time student-athlete. Ms. De Villa earned a

18  scholarship to play NCAA Division I college golf at Texas Tech University, where she

19  graduated *magna cum laude* with a Bachelor of Arts in Psychology and a minor in Legal Studies. Ms.

20  De Villa has gained substantial experience litigating class actions with AW and focuses her practice

21  on consumer protection and privacy class actions. Ms. De Villa is a highly skilled young attorney who

22  demonstrates leadership, a hard work ethic, and a commitment to excellence in all her endeavors.

23                      **L. Timothy Fisher – Bursor & Fisher, P.A.**

24        L. Timothy Fisher has an active practice in consumer class actions and complex business

25  litigation and has also successfully handled a large number of civil appeals.

26        Mr. Fisher has been actively involved in numerous cases that resulted in multi-million-dollar

27  recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues

28

- 13 -

including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and consumer fraud. With his partner Scott A. Bursor, Mr. Fisher has tried five class action jury trials, all of which produced successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of $50,024,611—the largest class action award in California in 2009 and the second-largest jury award of any kind. In 2019, Mr. Fisher served as trial counsel with Mr. Bursor and his partner Yeremey Krivoshey in *Perez. v. Rash Curtis & Associates*, where the jury returned a verdict for $267 million in statutory damages under the Telephone Consumer Protection Act.

Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the Northern District of Illinois, the Eastern District of Michigan, and the Eastern District of Missouri. Mr. Fisher taught appellate advocacy at John F. Kennedy University School of Law in 2003 and 2004. In 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's *California Civil Jury Instruction Companion Handbook* (West 2010). In January 2014, Chief Judge Claudia Wilken of the United States District Court for the Northern District of California appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on Professional Conduct.

Mr. Fisher received his Juris Doctor from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first-year moot court competition. In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council."  He is also a member of Phi Beta Kappa.

Mr. Fisher will be supported by Ms. Brittany Scott, who is an associate attorney at Bursor & Fisher. She received her J.D. from the University of California, Hastings College of the Law in 2019, graduating cum laude. During law school, Brittany was a member of the Constitutional Law Quarterly,

- 14 -

1   for which she was the Executive Notes Editor. Brittany also served as a judicial extern to the Honorable

2   Andrew Y.S. Cheng for the San Francisco Superior Court. In 2016, Brittany graduated from the

3   University of California, Berkeley with a B.A. in Political Science. Ms. Scott has substantial

4   experience litigating class actions with Bursor & Fisher. and focuses her practice on data privacy

5   claims under statutes such as the Illinois Biometric Privacy Act, the Fair Credit Reporting Act, and the

6   Michigan Preservation of Personal Privacy Act. Ms. Scott is a dedicated young attorney who

7   demonstrates an amazing work ethic in every endeavor of which she is a part and she will work

8   effectively with Mr. Fisher within her firm.

9           **4.       The Court Should Also Appoint a Plaintiffs' Steering Committee**

10          As noted above, Plaintiffs also respectfully submit that the Court appoint a Plaintiffs' Steering

11  Committee comprised of Samantha E. Holbrook of Shub Law LLC and Raphael Janove of Pollock

12  Cohen LLP. Given the size of the litigation, which could potentially encompass millions of iPhones

13  users across the country, a steering committee that will assist Proposed Co-Lead Counsel as necessary

14  is warranted. *See, e.g. In re Apple Inc. Device Performance Litig.,* No. 18-MD-02827-EJD, 2018 WL

15  11360203, at *2 (N.D. Cal. May 15, 2018) (Davila, J.) ("The proposed number of attorneys is

16  warranted in light of the projected size of the case, including the potential number of class members.").

17  Here, the attorneys on the proposed PSC are backed by the resources of their firms, and the proposed

18  PSC follows the guidance from the Duke Law Center for Judicial Studies *Standards and Best Practices*

19  *for Large and Mass-Tort MDLs*, which encourage "appointment of an experienced slate of attorneys"

20  who will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills,

21  and backgrounds." Each of these attorneys has relevant experience, and support the organizational

22  structure proposed herein.

23          District Courts routinely approve plaintiffs' steering committees in large scale class actions,

24  including data privacy actions. *See, e.g. In re Apple Inc. Device Performance Litig.*, 2018 WL

25  11360203, at *3 (appointing 14 members to a steering committee as part of a leadership structure

26  intended to "organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs,

27  consistent with the fair administration of justice"); *In re Mednax Servs., Inc., Customer Data Sec.*

28

- 15 -

1    *Breach Litig.,* No. 21-MD-02994-RAR, 2022 WL 777021, at *1 (S.D. Fla. Feb. 22, 2022) (court

2    "adopted the Majority Groups' proposed leadership structure, including the creation of the PSC" and

3    "appointed five law firms to the PSC").

4      Combining their experience with the resources available from their respective law firms, and

5    with oversight and guidance from Proposed Co-Lead Counsel, the members of the PSC will ensure

6    effective and efficient prosecution of the litigation. An overview of the proposed PSC team members'

7    backgrounds and representative matters appears below and are further detailed in their declarations.

8    *See* Holbrook Decl., at ¶¶ 5-11, Ex. A; Janove Decl., at ¶¶ 6-11, Ex. A.

9    <u>**Samantha E. Holbrook – Shub Law Firm LLC**</u>

10     Samantha E. Holbrook is a partner at Shub Law LLC and has been a class action litigator for

11   over a decade. Her practice focuses on complex consumer class actions, including product defect, data

12   privacy and security, and consumer protection. She has experience handling and litigating all aspects

13   of the prosecution of national class action litigation asserting claims under state and federal law

14   challenging predatory lending practices, product defects, consumer fraud and deceptive acts and

15   practices in federal courts throughout the country. Over the course of her career, Ms. Holbrook has

16   provided substantial assistance in the prosecution of the following cases: *Suarez v. Nissan North*

17   *America*, No. 3:21-cv-00393 (M.D. Tenn.) (appointed lead class counsel in a consumer class action

18   alleging defective headlamps in Nissan Altima vehicles which reached a settlement valued at over $50

19   million that provides reimbursements, free repairs, and an extended warranty); *Kostka v. Dickey's*

20   *Barbecue Restaurants, Inc*., No. 3:20-cv-03424-K (N.D. Tex.) (appointed as additional class counsel

21   on behalf of consumers whose sensitive payment card information was exposed in a data breach at

22   Dickey's restaurant chains); *In re Wawa, Inc. Data Security Litig*., No. 2:19-cv-06019-GEKP (E.D.

23   Pa.) (achieved $12 million settlement on behalf of consumers whose payment card information was

24   exposed to criminals as part of a highly-publicized data breach). *See* Holbrook Decl. at Exhibit A.

25     Ms. Holbrook received her law degree from Temple University Beasley School of Law. While

26   in law school, she served as the President of the Moot Court Honor Society and President of the Student

27   Animal Legal Defense Fund. She was also a member of Temple's nationally recognized Trial Team.

28

1  Upon graduating, she served as an adjunct professor for Temple coaching its Trial Team from 2013-

2  2018. Having gained invaluable experience in all aspects of class action litigation, Ms. Holbrook stands

3  ready to join the ranks of the next-generation diverse class action leaders.

4  **Raphael Janove – Pollock Cohen LLP**

5  Raphael Janove is a partner at Pollock Cohen LLP, where he primarily represents plaintiffs in

6  class actions in federal trial courts across the country. Prior to joining the plaintiff's bar in 2020, Mr.

7  Janove worked as a defense attorney at two top national firms, Sullivan & Cromwell LLP and Eimer

8  Stahl LLP. He has experience on both sides of litigation and has practiced across many areas, including

9  antitrust, securities, and consumer class actions, international arbitrations, governments investigations,

10 and nationwide lawsuits brought by states and municipalities against major fossil fuel producers. In

11 his ascendant practice as a plaintiff-side class action attorney, Mr. Janove has developed and led many

12 cases, including: *Tipsy Nail Club v. ClassPass*, No. 1:21-cv-08662 (S.D.N.Y.) (bringing forward a

13 novel Lanham Act class action theory and reaching in-principle a first-of-its-kind settlement with

14 monetary relief to the class); *Ruderman v. McHenry County,* No. 3:22-cv-50115 (N.D. Ill.) (bringing

15 a novel action against a public defendant without a private party, on behalf of civil immigrant detainees

16 who were unlawfully forced to work without pay); *Keebaugh v. Warner Bros. Entertainment Inc.*, No.

17 22-cv-01272 (C.D. Cal.) (bringing action on behalf of hundreds of thousands of video game players,

18 including minors, who fell victim to deceptive advertising). *See* Janove Decl. at Exhibit A.

19 Mr. Janove received his law degree from the University of Chicago Law School, where he

20 graduated with high honors, was elected to the Order of the Coif, and was named a Kirkland & Ellis

21 scholar. He also served as Articles Editor of The University of Chicago Law Review and was the

22 inaugural recipient of the Douglas Baird Prize in Commercial Law. Following law school, Mr. Janove

23 clerked for the Honorable Thomas L. Ambro of the U.S. Court of Appeals for the Third Circuit, and

24 for the Honorable Paul S. Diamond of the U.S. District Court for the Eastern District of Pennsylvania.

25     **5.**    **Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class**

26

27 Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources

28 necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases.

- 17 -

Wolfson Decl., at ¶ 32; Fisher Decl., at ¶ 11. The team and their firms have a proven track-record of success leading and litigating complex class action cases, including data privacy matters. *See* Wolfson Decl., at ¶¶ 7-28 and Ex. A; Fisher Decl., at ¶¶ 3-8, 12-13 and Exs. A- D; Holbrook Decl. at Ex. A; Janove Decl. at Ex. A. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial but appropriate resources to this litigation and coordinating among themselves to file this leadership proposal. *See* Wolfson Decl., at ¶¶ 29-31; Fisher Decl., at ¶ 10; Holbrook Decl., at ¶¶ 13, 16; Janove Decl., at ¶ 14.

Where the class faces a well-financed adversary represented by capable and well-funded counsel, like Apple here, the class should be afforded representation by counsel with similar resources. *See In re SSA Bonds Antitrust Litig.*, No. 16 Civ. 3711 (ER), 2016 U.S. Dist. LEXIS 178048, at *11-12 (S.D.N.Y. Dec. 22, 2016) (noting that the appointed firms had "substantially more resources at their disposal than the other applicant teams"). The team clearly meets this standard.[4]

### 6. Proposed Interim Class Counsel Work Cooperatively, Efficiently, and Professionally with Each Other and with Other Firms

In every case they have worked on, Ms. Wolfson, Mr. Fisher, the proposed PSC, and their firms have committed to working with civility, respect, and candor towards co-counsel, the Court, and defense counsel. While this case will be hard fought and undoubtedly include good faith disagreements, the Court can rest assured that in appointing the proposed counsel team, this case will

---

[4]    *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-MD-2633-SI, 2019 WL 3410382, at *11 (D. Or. July 29, 2019) (noting, in connection with granting preliminary approval, that "[t]he Court specifically selected [AW and co-counsel] for their extensive experience in prosecuting complex class actions"; that class counsel "vigorously prosecuted the case"; and that class counsel "demonstrated their willingness to continue prosecuting this case, including taking this matter to trial if necessary"); *Perez v. Rash Curtis & Assocs.*, No. 4:16-CV-03396-YGR, 2021 WL 4503314, at *2 (N.D. Cal. Oct. 1, 2021) ("This Court does not often offer praise, expecting high performance from all counsel. Here though, experienced counsel [(Bursor & Fisher, P.A.)] has done an excellent job on behalf of plaintiff and the class and vigorously pursued the claim despite numerous hurdles.").

proceed with an underlying spirit of respect and, above all, professionalism. Just as they have previously done in other cases, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively, inclusively, and efficiently on behalf of Plaintiffs and the proposed class here. *See* Wolfson Decl., at ¶ 30; Fisher Decl., at ¶ 11; Holbrook Decl., at ¶ 17; Janove Decl., at ¶ 13.

### 7.  Additional Considerations Supporting Appointment Under 23(g)(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). Rather than file competing leadership applications in separate actions, counsel for the Plaintiffs in *Libman, Cima*, and *Serrano* met and conferred and agreed that it is in the best interest of the plaintiffs and putative class members to form a unified front and cooperatively litigate the claims against Apple in this action. Wolfson Decl., at ¶ 30; Fisher Decl., at ¶ 10. This private ordering further supports the requested appointments. Manual, §§ 10.22, 21.272.

A second consideration is that the proposed counsel team is particularly notable because it is diverse in gender, ethnic identity, national origin, age, and life experience in compliance with the guidance provide by the Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*, Best Practice 4E. "Diversity is also a factor that [judges] weigh carefully … in this District and across the nation." *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022) (Orrick, J.) (citing *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 19-md-02913 (N.D. Cal.), Dkt. 821 at 16:3-5 ("I'd like to see what your suggestions are as far as leadership, who are the people who are going to be responsible in a way that enhances the strengths you have in diversity"); *In re Stubhub Refund Litig.*, No. 20-md-02951-HSG, 2020 WL 8669823, at *1 (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team"); *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (noting the need for diversity and how "the attorneys running this litigation should reflect the diversity of the proposed national class"); *Sayce v. Forescout Techs., Inc.*, No. 20-cv-00076-SI, 2020 WL 6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among co-lead counsel and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE
CASES AND APPOINT INTERIM CLASS COUNSEL

1   available to junior and underrepresented lawyers throughout the pendency of this action") (emphasis

2   omitted)).

3          Here, the proposed leadership slate includes lawyers from groups that have been historically

4   underrepresented in the legal profession and gives them a meaningful opportunity to participate in this

5   type of litigation, including two women. *See id.* Appointing the proposed team will advances the goals

6   and interests of diversity, which further supports the requested appointments.

7   **V.      CONCLUSION**

8          Plaintiffs respectfully request the Court to grant their motion and enter an order: (1)

9   consolidating the Related Actions; (2) appointing Tina Wolfson and L. Timothy Fisher as Interim Co-

10  Lead Class Counsel, and (3) appointing Samantha E. Holbrook and Raphael Janove to the Plaintiffs'

11  Steering Committee. A proposed order granting this relief is submitted herewith.

12

13  Dated: February 2, 2023                              Respectfully submitted,

14

15                                                       /s/ *L. Timothy Fisher*
                                                         L. Timothy Fisher (SBN 191626)
16                                                       *ltfisher@bursor.com*
                                                         Brittany S. Scott (SBN 327132)
17                                                       *bscott@bursor.com*
                                                         **BURSOR & FISHER, P.A.**
18                                                       1990 North California Boulevard, Suite 940
                                                         Walnut Creek, CA 94596
19                                                       Telephone: (925) 300-4455
                                                         Facsimile: (925) 407-2700
20
21                                                       Philip L. Fraietta (*pro hac vice* forthcoming)
                                                         *pfraietta@bursor.com*
22                                                       **BURSOR & FISHER, P.A.**
                                                         888 Seventh Avenue
23                                                       New York, NY 10019
                                                         Telephone: (646) 837-7150
24                                                       Facsimile: (212) 989-9163
25
                                                         Tina Wolfson (SBN 174806)
26                                                       *twolfson@ahdootwolfson.com*
                                                         Theodore W. Maya (SBN 223242)
27                                                       *tmaya@ahdootwolfson.com*
28
                                                         - 20 -

Deborah Marie De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Andrew Ferich (*pro hac vice* forthcoming)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Benjamin F. Johns (*pro hac vice* forthcoming)
*bjohns@shublawyers.com*
Samantha E. Holbrook (*pro hac vice* pending)
*sholbrook@shublawyers.com*
**SHUB LAW FIRM LLC**
134 Kings Highway E.
Haddonfield, NJ 08033
Telephone: (856) 772-7200

Raphael Janove (*pro hac vice* forthcoming)
*Rafi@PollockCohen.com*
Adam Pollock (*pro hac vice* forthcoming)
*Adam@PollockCohen.com*
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
Telephone: (212) 337-5361

*Proposed Interim Class Counsel*

- 21 -

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE
CASES AND APPOINT INTERIM CLASS COUNSEL