Stephen R. Basser (SBN 121590)
E-mail: sbasser@barrack.com
Samuel M. Ward (SBN 216562)
E-mail: sward@barrack.com
**BARRACK RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

Matthew Smith (SBN 309392)
msmith@classlawdc.com
**MIGLIACCIO & RATHOD LLP**
201 Spear St, Ste 1100
San Francisco, California 94105
Office: (202) 470-3520

Jason S. Rathod*
Nicholas A. Migliaccio*
nmigliaccio@classlawdc.com
**MIGLIACCIO & RATHOD LLP**
412 H Street NE
Washington, DC, 20002
Office: (202) 470-3520

*Attorneys for Plaintiffs Nathan Dluzak, Mario Abad, Trevor Adkins, Jarell Brown, Shelby Cooper, Camille Hudson, and Damany Browne*

*Additional Counsel listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT LIBMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:22-cv-07069-ejd<br><br>RESPONSE OF PLAINTIFFS NATHAN DLUZAK, MARIO ABAD, TREVOR ADKINS, JARELL BROWN, SHELBY COOPER, CAMILLE HUDSON AND DAMANY BROWNE TO THE MOTION OF THE LIBMAN PLAINTIFFS FOR CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD COUNSEL |

| | |
|---|---|
| NATHAN DLUZAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant | Case No. 5:23-cv-00426 |
| MARIO ABAD, TREVOR ADKINS, JARELL BROWN, SHELBY COOPER, CAMILLE HUDSON, and DAMANY BROWNE individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant | Case No. 5:23-cv-00505 |

Plaintiffs Nathan Dluzak, Mario Abad, Trevor Adkins, Jarell Brown, Shelby Cooper, Camille Hudson, and Damany Browne (collectively the "Dluzak Plaintiffs") submit this response to the motion for consolidation and appointment of interim lead counsel filed jointly by Plaintiffs Elliot Libman, Joaquin Serrano, John Farley, Julia Cima, and David Sgro (the "Libman Plaintiffs") (the aforesaid motion is hereinafter referred to as the "Libman Motion").

The Dluzak Plaintiffs do not oppose the Libman Plaintiffs' request to consolidate all of the related actions alleging privacy violations versus Apple, Inc. currently filed in the Northern District of California, and agree that it is appropriate to consolidate the related Dluzak action, Case No. 5:23-cv-00426, and the related action filed by Plaintiffs Mario Abad, Trevor Adkins, Jarell Brown, Shelby Cooper, Camille Hudson, and Damany Browne, Case No. 5:23-cv-00505, which have been assigned to the Honorable Edward J. Davila, with the Libman Plaintiffs' separate actions, and any other related actions that are transferred to said Court. The Dluzak Plaintiffs acknowledge that consolidation of such actions shall promote the efficient use of the Court's time and that of the parties, and that such consolidation will best enable counsel to present a well-organized prosecution of the case before the Court in the best interest of all putative class members.[1]

---

[1] The Libman Plaintiffs have collectively filed five (5) separate complaints arising under state law. Plaintiff Libman initially filed on November 10, 2022 in the Northern District of California, asserting a nationwide class; plaintiff Serrano filed January 6, 2023 in the Eastern District of Pennsylvania for all persons using the Apple mobile device in Pennsylvania; plaintiff Farley filed January 13, 2023 in the Eastern District of New York for all persons using the Apple mobile device in New York; plaintiff Cima, a California resident, filed in the Northern District of California for a nationwide class, and plaintiff Sgro, a Pennsylvania resident, filed January 27, 2023 in the Eastern District of Pennsylvania for all persons using the Apple mobile device in Pennsylvania. Thus far, none of the Libman Plaintiffs assert claims arising under federal law or statute.

In addition to asserting claims on behalf of a nationwide class, plaintiff Dluzak asserts causes of actions arising under state law and federal statutes for an Illinois sub-class; and plaintiffs Abad and Cooper, Hudson, Atkins, J. Brown, and D. Browne, assert claims arising under state law and federal statutes for California, Florida, Kentucky, New Jersey, and New York state sub-classes, respectively. Collectively the Dluzak Plaintiffs filed two cases, venued solely in the Northern District of California, on January 30, 2023 and February 2, 2023, respectively, covering six (6) state sub-classes and a nationwide class.

However, and especially given the early stage of this litigation, the Dluzak Plaintiffs oppose the Libman Plaintiffs' proposed appointment of Bursor & Fisher P.A. and/or Ahdoot Wolfson, P.C. pursuant to Rule 23(g)(3), through a non-competitive "private ordering" approach, and respectfully submit that the Court, and the interest of all class members, would be better served by a consideration of different applicants' qualifications under Rule 23(g)(3) pursuant to a uniform scheduling approach. *See* MANUAL FOR COMPLEX LITIGATION, Fourth § 21.272 ("Manual") ("In the 'selection from competing counsels' approach, the judge selects from counsel who have filed actions, are unable to agree on a lead class counsel, and are competing for appointment. The lawyer best able to represent the class's interests may emerge from an examination of the factors'"). Here, the decision of who will make strategic decisions on behalf of a putative class is far too important to be rushed through. This important appointment should not be made solely because a couple of different firms who have collectively filed five (5) cases for the Libman Plaintiffs in several courts, support their own proposed structure without regard to the fact that other law firms and plaintiffs have also filed cases, both within the Northern District of California and those that have now been transferred from elsewhere, or may very well be transferred from other courts. In such circumstances, the Court is obligated to consider who will best serve the putative class. *See Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2023 U.S. Dist. LEXIS 23146, at *8 (N.D. Cal. Feb. 10, 2023) ("Because the Court finds that there is more than one adequate applicant seeking appointment, it *must* proceed to the unenviable task of selecting the applicant best able to represent the interests of the class …") (internal citations and quotations omitted) (emphasis added); *Four in One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 U.S. Dist. LEXIS 28657, at *11 (E.D. Cal. Mar. 19, 2009) ("In the absence of agreement between all involved counsel, the Court must itself endeavor to select counsel best able to represent the interests of the purported class.") (emphasis added).

Counsel for the Dluzak Plaintiffs possess extensive experience in class actions, including consumer class actions alleging unfair or deceptive corporate conduct, and actions relating to the privacy of consumer data. Barrack Rodos & Bacine and Migliaccio & Rathod – counsel for the

seven (7) collective Dluzak Plaintiffs who have filed their two (2) cases solely in the Northern District of California, not elsewhere intend to submit a competing leadership application and respectfully request that the Court hold the pending Libman Motion in abeyance so that **all** potential movants seeking appointment may have a full and fair opportunity to address leadership. *See* Manual § 21.273 ("[A] reasonable period after commencement of the action should be allowed for attorneys to file class counsel applications"); Manual § 10.22 (recommending that the Court entertain "submissions and suggestions from all counsel and conduct an independent review … to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable").

It is premature at this moment for any one particular group or party to rush the application process for appointment as interim lead counsel, especially while cases are being or may be transferred into this Court.  Efforts are still underway to have all the related cases in one court and consolidate all such related actions.  Efforts are still underway to secure agreement from any remaining firms that have filed in jurisdictions outside of the Northern District of California to voluntarily transfer their cases to this Court.  Efforts are also underway to secure an agreed upon briefing schedule so that all firms and parties may file their respective motions for leadership appointment by a set date with an opportunity for any opposition thereafter in a uniform fashion, thus avoiding any chaotic approach that may be caused by repeated or staggered filings of motions for leadership, or oppositions thereto at different times. Ultimately, part of being a leader means helping to proceed this case in an orderly and inclusive manner. *See, e.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269 (MSN/JFA), 2022 U.S. Dist. LEXIS 85405, at *25 (E.D. Va. May 10, 2022) ("[T]he Court expects that the members of the selected leadership structure will work with all the attorneys involved in this consolidated action to benefit from their experience and wisdom.").

Further, the Dluzak Plaintiffs respectfully suggest that once leadership is appointed by the Court, it would then be appropriate for the filing of a consolidated amended complaint within a

reasonable time thereafter, and that a briefing schedule be set with respect to any motions to dismiss that complaint that Defendant may elect to file.

Hence, the Dluzak Plaintiffs hereby respectfully request that the Libman Motion for appointment as interim lead counsel be denied so that all the parties and their attorneys may confer immediately with respect to any efforts to agree upon a leadership structure and, in the event an amicable leadership structure cannot be achieved, all of the parties and their respective law firms may proceed to file their own respective leadership applications on a specified, uniform date so that the Court may have the ability to fully consider **all** leadership applications and appoint appropriate and effective leadership.

In conclusion, the Dluzak Plaintiffs respectfully request that the Libman Motion be granted solely with respect to the consolidation of related cases already filed in the Northern District of California and those related cases that are later transferred to or filed in the Northern District of California, but denied, without prejudice, as to any leadership structure being proposed by the Libman Plaintiffs.

Dated: February 13, 2023                                  Respectfully submitted,

**BARRACK RODOS & BACINE**

By   */s/ Stephen R. Basser*
            Stephen R. Basser

Samuel M. Ward
E-mail:  sward@barrack.com
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

Andrew J. Heo
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 9663-0600
Facsimile: (215) 963-0838

and

| | |
|---|---|
| 1 | **MIGLIACCIO & RATHOD LLP** |
| 2 | By   */s/ Matthew Smith* |
| 3 |     Matthew Smith |
| 4 | Matthew Smith (SBN 309392) |
|   | msmith@classlawdc.com |
| 5 | 201 Spear St, Ste 1100 |
|   | San Francisco, California 94105 |
| 6 | Office: (202) 470-3520 |
| 7 | |
|   | Jason S. Rathod* |
| 8 | jrathod@classlawdc.com |
|   | Nicholas A. Migliaccio* |
| 9 | nmigliaccio@classlawdc.com |
|   | 412 H Street NE |
| 10 | Washington, DC, 20002 |
|   | Office: (202) 470-3520 |
| 11 | |
| 12 | John G. Emerson |
|   | jemerson@emersonfirm.com |
| 13 | **EMERSON FIRM, PLLC** |
|   | 2500 Wilcrest Drive, Suite 300 |
| 14 | Houston, TX 77042 |
|   | Telephone:  (800) 551-8649 |
| 15 | Facsimile:   (501) 286-4659 |
| 16 | |
|   | * *pro hac vice* anticipated |
| 17 | |
| 18 | *Attorneys for Plaintiffs Nathan Dluzak, Mario Abad, Trevor Adkins, Jarell Brown, Shelby Cooper, Camille Hudson, and Damany Brown and the Putative Classes* |
| 19 | |