**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        bscott@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
        mgirardi@bursor.com
        jdiamond@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT LIBMAN, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br>   v.<br><br>APPLE, INC.,<br><br>                                   Defendant. | Case No. 5:22-cv-07069-EJD<br><br><br>**FOURTH ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |

Pursuant to Rule 3-12 and Rule 7-11 of the Civil Local Rules, Elliot Libman ("Plaintiff") moves the Court to consider whether cases should be related, as follows:

## I.      THE TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE

Plaintiff is the Named Plaintiff and Class Representative in *Libman v. Apple., Inc*, Case No. 5:22-cv-07069 ("*Libman* Action"), the first-filed action.

Plaintiff moves the Court to consider whether *Moton v. Apple, Inc.* No. 5:23-cv-00709 (N.D. Cal) (the "*Moton* Action") should be related to the *Libman* Action and assigned to this Court.

## II.      BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

Civil Local Rule 3-12(a) provides for actions to be related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different [j]udges." The *Moton* Action should be related to the *Libman* Action because it: (a) asserts the same claims against the same Defendant; (b) arises from the same underlying event, i.e., Defendant's illegal recording of consumers' confidential activity on its consumer mobile applications.; and (c) if the Actions proceed independently of each other it will result in duplicative motions and discovery because the complaints raise the same questions of fact and law.

On November 10, 2022, the *Libman* Action was filed.

On January 6, 2023, *Serrano v. Apple Inc.*, No. 3:23-cv-00487-TSH, No. 1 (N.D. Cal) (the "*Serrano* Action"), was filed in the Eastern District of Pennsylvania.  On January 26, 2023, *Cima v. Apple Inc.*, No. 5:23-cv-00397, ECF No. 1 (N.D. Cal.) (the "*Cima* Action") was filed.  On January 30, 2023, *Dluzak v. Apple, Inc.*, No. 5:23-cv-00426, ECF No. 1 (N.D. Cal.) (the "*Dluzak* Action"), was filed.

On January 18, 2023, *Popa v. Apple Inc.* No. 3:23-cv-00548 (N.D. Cal) (the "*Popa*" Action) was filed in the Western District of Pennsylvania.  *See Popa v. Apple Inc.* No. 3:23-cv-00548, ECF No. 2 (N.D. Cal).

On February 2, 2023, after Plaintiff Libman filed an administrative motion to consider whether the *Cima* and *Dluzak* Actions should be related to the *Libman* Action, the *Serrano* Action was transferred to this District. In response, Plaintiff Libman promptly filed an amended administrative motion to consider whether the *Serrano* Action, in addition to the *Cima* and *Dluzak* Actions,[1] should be related to the *Libman* Action.

On February 2, 2023, after Plaintiff Libman's amended administrative motion was filed, the *Abad* Action was filed.  *See Abad et al v. Apple, Inc.*, No. 5:23-cv-00505, ECF No. 1 (N.D. Cal.).  In response, Plaintiff Libman promptly filed a second administrative motion to consider whether the *Abad* Action should be related to the *Libman* Action.

On February 2, 2023, the *Farley* Action was transferred from the Eastern District of New York to the Northern District of California.  *See Farley v.  Apple, Inc.*, 4:23-cv-00524-DMR, ECF No. 14 (N.D. Cal.).  On February 7, 2023 Plaintiff Libman filed a third administrative motion to consider whether the *Farley* Action should be related to the *Libman* Action.

On February 2, 2023, the parties in the *Popa* action jointly moved to transfer the *Popa* action to this District.  The motion was granted on February 3, 2023, and the *Popa* action was transferred into the Northern District of California on February 7, 2023. *See id.* at ECF No. 13.  The *Popa* action was assigned to Magistrate Judge Alex G. Tse.

On February 8, 2023, the Court issued an order relating the *Serrano*, *Cima*, *Dluzak*, *Abad*, and *Farley* Actions to the *Libman* Action.  ECF No 26.

On February 10, 2023, the *Teixeira* Action was filed.  *See Teixeira v. Apple Inc.*, No. 5:23-cv-00617-VKD (ECF No. 1) (N.D. Cal.).

On February 15, 2023, counsel in the *Popa* Action moved to relate the *Popa* Action to this case.  ECF No. 31.  That motion is still pending before this Court.

---

[1] On February 7, 2023, Judge Nathaniel M. Cousins issued an order that *sua sponte* determined that the *Dluzak* Action related to the *Libman Action*.

On February 16, 2023, counsel in the *Teixeira* Action moved to relate the *Teixeira* Action to this case. ECF No. 31. That motion is still pending before this Court.

On February 16, 2023, the *Moton* Action was filed. **Exhibit 1** to the Declaration of L. Timothy Fisher. The *Moton* action was assigned to Magistrate Judge Susan van Keulen the same day. On February 17, 2023, Judge van Keulen recused herself from the case, and the case was reassigned to Magistrate Judge Virginia K. DeMarchi.

All Actions are in the earliest stages and no rulings have been made.

All Actions assert that Apple records consumers' personal information and activity on its consumer mobile devices and applications, even after consumers explicitly indicate through Apple's mobile device settings that they do not want their data and information shared. More generally, all Actions assert the same or substantially identical factual allegations against the same Defendant and seek largely overlapping relief including damages, injunctive and equitable relief, interest, and attorneys' fees and costs.

Thus, both criteria of Civil L.R. 3-12(a) are satisfied such that consolidation before a single judge will conserve the parties' resources and judicial resources and will avoid "unduly burdensome duplication of labor and expense or conflicting results." CIV. L.R. 3-12(a)(2).

### III.    CONCLUSION

In light of the nearly identical facts and claims presented in the Action, the *Moton* Action should be related and assigned to this Court, where the first-filed *Libman* Action and related *Cima*, *Dluzak*, *Serrano, Abad* and *Farley* Actions are pending.

Dated: February 17, 2023            **BURSOR & FISHER, P.A**.

By:    /s/ *L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

bscott@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
        mgirardi@bursor.com
        jdiamond@bursor.com

*Attorneys for Plaintiff*