**LYNCH CARPENTER, LLP**
(Eddie) Jae K. Kim (SBN 236805)
Tiffine E. Malamphy (SBN 312239)
117 East Colorado Blvd.
Suite 600
Pasadena, CA 91105
Telephone: (626) 550-1250
Facsimile: (619) 756-6991
ekim@lcllp.com
tiffine@lcllp.com

**LYNCH CARPENTER, LLP**
Gary F. Lynch (admitted *pro hac vice*)
Hannah N. Barnett (admitted *pro hac vice*)
1133 Penn Avenue
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
gary@lcllp.com
hannah@lcllp.com

*Counsel for Plaintiff Ashley Popa*

**MORGAN & MORGAN**
Michael F. Ram (SBN 104805)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@forthepeople.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4702
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Counsel for Plaintiff Juan Herrera*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE DATA PRIVACY LITIGATION | Case No. 5:22-cv-07069-EJD<br><br>**MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL**<br><br>Date:   June 1, 2023<br>Time:   9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Dept.:  Courtroom 4 – 5th Floor |

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiffs Ashley Poppa and Juan Herrera ("Plaintiffs"), by and through their attorneys, hereby respectfully move this Court for an order appointing Morgan & Morgan, P.A. and Lynch Carpenter, LLP, as Co-Lead Counsel and Lockridge Grindal Nauen, P.L.L.P., as the Coordinator of Diversity and Leadership Development. Plaintiffs Motion to Appoint Morgan & Morgan, P.A. and Lynch Carpenter, LLP as Interim Class Counsel is currently scheduled for oral argument on June 1, 2023, at 9:00 AM in the Northern District of California before the Hon. Edward J. Davila. This Motion is based upon this notice, the memorandum of points and authorities set forth below, Class Counsel's Joint Declaration, and upon any other such evidence that may be presented at the time of the hearing on this Motion.

Dated: May 18, 2023

/s/ (Eddie) Jae K. Kim
LYNCH CARPENTER, LLP
(Eddie) Jae K. Kim (SBN 236805)
Tiffine E. Malamphy (SBN 312239)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone:    (626) 550-1250
Facsimile:    (619) 756-6991
ekim@lcllp.com
tiffine@lcllp.com

LYNCH CARPENTER, LLP
Gary F. Lynch (admitted pro hac vice)
Hannah N. Barnett (admitted pro hac vice)
1133 Penn Avenue
Pittsburgh, PA 15222
Telephone:    (412) 322-9243
Facsimile:    (412) 231-0246
gary@lcllp.com
hannah@lcllp.com

*Counsel for Plaintiff Ashley Popa*

MORGAN & MORGAN
Michael F. Ram (SBN 104805)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:    (415) 358-6913
Facsimile:    (415) 358-6923
mram@forthepeople.com

1

MORGAN & MORGAN
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:     (813) 223-5505
Facsimile:     (813) 222-4702
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Counsel for Plaintiff Juan Herrera*

2

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM
CLASS COUNSEL

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   MORGAN-LYNCH TEAM'S PROPOSED LEADERSHIP STRUCTURE......................... 2

III.  MORGAN-LYNCH TEAM'S EXPERIENCE WITH DATA PRIVACY AND WORK
      ON THIS CASE.................................................................................................. 6

      A.    Proposed Co-Lead Counsel........................................................................ 6

      B.    Proposed Coordinator of Diversity and Leadership Development ........................... 13

      C.    Additional Plaintiffs' Counsel Supporting this Application..................................... 15

IV.   RULE 23(g) FACTORS ...................................................................................... 20

      A.    The Morgan-Lynch Team Have Thoroughly Identified and Investigated the Claims.... 21

      B.    The Morgan-Lynch Team are Experienced in Litigating Complex Cases,
            Including Data Privacy Litigation, and Have an Extensive Knowledge of the
            Applicable Law. .................................................................................. 22

      C.    The Morgan-Lynch Team Will Commit All Necessary Resources to the Class and
            Will Draw Upon and Coordinate the Work of Other Plaintiffs' Counsel,
            Consistent with the Needs of the Litigation.................................................. 22

V.    CONCLUSION.................................................................................................. 23

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM
CLASS COUNSEL

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,*
No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017)......................................... 20

*Dittman v. UPMC,*
196 A.3d 1036 (Pa. 2018) ............................................................................................................ 7

*First Choice Federal Credit Union v. The Wendy's Company et al,*
No. 2:16-cv-0506, (W.D. Pa. Nov. 6, 2019) .................................................................................... 7

*In re Doubleclick Inc. Privacy Litig.,*
154 F. Supp. 2d 497 (S.D.N.Y. 2001)........................................................................................ 10

*In re JUUL Labs, Inc. Antitrust Litig.,*
No. 3:20-CV-02345 (N.D. Cal.) .................................................................................................. 3

*In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.,*
No. 3:19-MD-02913 (N.D. Cal.) ................................................................................................ 3

*In re Robinhood Outage Litig.,*
No. 20-cv-01626, 2020 WL 7330596 (N.D. Cal. July 14, 2020) ................................................. 4

*In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.,*
No. 20-CV-03184-HSG, 2020 WL 6081722 (N.D. Cal. Oct. 15, 2020) ...................................... 20

*In re Seagate Tech. LLC Litig.,*
No. 16-CV-00523-RMW, 2016 WL 3401989 (N.D. Cal. June 21, 2016)............................... 20, 21

*In re Stubhub Refund Litig.,*
No. 20-MD-02951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) ............................... 4, 20

*Popa v. Harriet Carter Gifts, Inc.,*
45 F.4th 687 (3d Cir. 2022) *amended on rehearing*, 52 F.4th 121 (3d Cir.) ................................. 6

*Sayce v. Forescout Technologies, Inc.,*
No. 20-cv-00076-SI, 2020 WL 6802469 (N.D. Cal. Nov. 19, 2020) ............................................ 4

*Wang v. OCZ Technology Grp., Inc.,*
No. C 11-01415 PSG, 2011 WL 13156817 (N.D. Cal. June 29, 2011)........................................ 20

**Statutes**

18 PA. CONS. STAT. 5702 ................................................................................................................. 6

**Rules**

Fed. R. Civ. P. 23(g) ................................................................................................................. 20, 22

Fed. R. Civ. P. 23(g)(1).................................................................................................................... 21

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

**Rules (cont.)**

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................ 20

Fed. R. Civ. P. 23(g)(1)(B) ................................................................................................ 21

Fed. R. Civ. P. 23(g)(2)(A) ................................................................................................ 20

Fed. R. Civ. P. 23(g)(3) ..................................................................................................... 20

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.11 .............................................................. 20

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM
CLASS COUNSEL

## I.   INTRODUCTION

The best leaders operate on a foundation of trust and collaboration. Encouraging input from everyone on an appropriately-sized team allows good leaders to combine the advantages of professional experience with the fresh points of view offered by people who have varying backgrounds and are not already set in their ways. A synergistic alliance with this cooperative mindset is armed with both wisdom and a ready ability to adapt on the fly to an ever-changing world.

The application of Morgan & Morgan, P.A. and Lynch Carpenter, LLP (the "Morgan-Lynch Team") to serve as Co-Lead Counsel is a promise to the Court and the proposed class members to litigate this case in accordance with that ethos. The Morgan-Lynch Team and the plaintiffs' firms supporting this application are all accomplished, proven leaders of complex data privacy cases within a wide assortment of roles and leadership appointment configurations. Over the last decade and more, the attorneys at these firms have been at the forefront of consumer privacy litigation, expanding and upholding judicial recognition of important personal rights in states across the nation. Collectively, their credentials are second to none.

That success stems from their ability to build consensus and to efficiently and productively marshal the resources of multiple, similarly-talented firms in complex actions for the benefit of the plaintiff classes, always with the clients' best interests given paramount priority. Over the years, the members of the Morgan-Lynch Team earned the trust of their peers to lead, and that trust is again manifested here. The firms comprising the Morgan-Lynch Team did not decide in advance to collectively file the actions in this litigation, but they have now joined forces and drawn the support of the majority of involved counsel. The formation of this coalition is solely attributable to the Morgan-Lynch Team's established reputations as honest brokers and high-quality litigators. Additionally, to fulfill this Court's expressed interest as well as their own personal commitment towards the growth and inclusion of diverse and less-experienced attorneys, the Morgan-Lynch Team propose to work alongside Lockridge Grindal Nauen P.L.L.P. ("Lockridge Grindal"), who will serve as the Coordinator of Diversity and Leadership Development, in a manner further explained below. Together, this three-firm leadership structure, which proposes to efficiently draw upon the talents of counsel for all plaintiffs, will be simultaneously lean and inclusive.

As the Court knows, the alleged conduct by Apple here has drawn the attention of consumers and plaintiffs' attorneys on a national scale, but not as a result of investigatory work by any one law firm. Instead, the revelations that Apple apparently continued tracking and collecting user data despite users indicating a contrary choice in their settings were made by a software company: Mysk. In light of the nationwide scope of the potential class, the size and resources of the Defendant, and the similar degrees of original investigation and litigation conducted by the plaintiffs' firms involved, the Morgan-Lynch Team made every effort to reach a consensus for a leadership proposal with counsel in each case. Unfortunately, these attempts did not succeed.

Under guidance of the Court and the support of plaintiffs' counsel for the majority of the cases filed in this consolidated action, the Morgan-Lynch Team proposed and invited discussions about multiple configurations of an inclusive and fully-balanced leadership structure to that proposed by Ahdoot Wolfson and Bursor & Fisher. The proposals would have combined and united all plaintiffs' counsel and provided an opportunity for each to succeed in the singular mission of serving the best interests of the class.  Those proposals were rejected by Ahdoot Wolfson and Bursor & Fisher. Following the April 27, 2023 status conference, and with this Court's guidance on maintaining a lean leadership structure, the Morgan-Lynch Team again opened discussions with Ahdoot Wolfson and Bursor & Fisher by proposing that the Morgan-Lynch Team, Ahdoot Wolfson, and Bursor & Fisher share equal co-lead counsel positions, thereby achieving complete parity between the competing groups while still maintaining a lean leadership structure that is supported by all firms involved in this case. That subsequent proposal was likewise rejected by Ahdoot Wolfson and Bursor & Fisher, who counter-offered with a structure that abandoned any notion of balance and parity in favor of their control of the case.

## II.    MORGAN-LYNCH TEAM'S PROPOSED LEADERSHIP STRUCTURE

While the Morgan-Lynch Team remains open to the acceptance of the unified all-inclusive structure they proposed, Plaintiffs' counsel for the majority of cases in this consolidated action now move for this Court's appointment of a simplified, yet deeply talented and well-resourced leadership structure comprised of two co-lead firms, Lynch Carpenter and Morgan & Morgan, and a Coordinator of Diversity and Leadership Development, Lockridge Grindal. The proposal of appointments at the

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

firm level (as opposed to individual attorneys) is a conscious choice designed to best address the needs of the case and the interests of class members, while also setting forth a specific and concrete process for promoting the involvement and advancement of a more diverse and less experienced set of attorneys than the so-called "repeat players" who frequently win individual appointments. Each firm may draw upon its expansive resources and expertise to effectively litigate the case while also making a commitment to adhere to the principle of promoting diversity and inclusion.

When appointments are made on an individual attorney basis, it is often difficult for firms to pick the right name to put forward. They must attempt to strike the correct balance between offering advancement opportunities to less experienced lawyers, while also demonstrating that their proposal offers the putative class members the most skilled and experienced attorneys available so that the representation of the class will be as good as possible. The appointment of an individual rather than a firm also tends to limit how work assignments are managed, due to a concern that the Court-appointed individual will appear to have abdicated their role if they do not personally handle every Court hearing or conference, argue every motion, and the like. This further hinders the goal of providing opportunities for less experienced and diverse lawyers.

Making appointments at the firm level avoids this conundrum and gives the Court and the proposed class the best of both worlds, *provided that* the appointed firms make a genuine commitment to providing opportunities and guidance to newer attorneys with less complex litigation experience, and agree to let the Court hold them accountable to that promise. This is exactly what the Morgan-Lynch Team is promising to do here, and they are incorporating a Coordinator of Diversity and Leadership Development to further accomplish those goals.

Several courts have recognized the importance of diversity in serving as interim lead counsel. *In re JUUL Labs, Inc. Antitrust Litig.*, No. 3:20-CV-02345, ECF No. 821 at 16:3-5 ("I'd like to see what your suggestions are as far as leadership, who are the people who are going to be responsible in a way that enhances the strengths you have in diversity") (Orrick, J.); *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 3:19-MD-02913 (N.D. Cal.), ECF No. 321 at 4:7-12 (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable diversity

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

characteristics") (Orrick, J.); *In re Stubhub Refund Litig.*, No. 20-MD-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team"); *In re Robinhood Outage Litig.*, No. 20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (noting the need for diversity and how "the attorneys running this litigation should reflect the diversity of the proposed national class"); *Sayce v. Forescout Technologies, Inc.*, No. 20-cv-00076-SI, 2020 WL 6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among one applicant group and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities available to junior and underrepresented lawyers throughout the pendency of this action"); Duke Law School, *Standards and Best Practices for Large and Mass-Tort MDLS*, at 45 ("Duke Study")[1] ("Litigants and the civil justice system benefit from diversity of leadership. . . [i]t cannot be said that there are not enough talented individuals with the education, background and experience to effectively lead MDL litigation to permit greater diversity.").

The members of the Morgan-Lynch Team agree wholeheartedly with the observations above, and pride themselves on promoting and maintaining a collaborative, diverse, and opportunity-creating environment, while eschewing the rigidly structured, concentrated, and exclusionary power dynamics that have been features of too many elite plaintiffs' firms in the past. In order to prove their commitment to these principles through actions, rather than words, the Morgan-Lynch Team have an innovative, specific proposal for this case. As Coordinator of Diversity and Leadership Development, Lockridge Grindal will be tasked with ensuring that when work is assigned, younger and diverse attorneys will be given as many opportunities as possible to participate and gain invaluable hands-on experience in every aspect of this litigation. This process will govern all phases of the case, such as, for example: meet and confers with opposing counsel, consultations with plaintiffs, preparing for and taking depositions, preparing for and arguing at hearings before the Court, and participation in litigation strategy discussions between and with the senior partners involved from each firm.

To maintain accountability, the Morgan-Lynch Team suggests submitting periodic reports to the Court, providing a summary of which individual attorneys are working on any specific

---

[1] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

assignment. In doing so, they will narratively describe—and demonstrate through time reports—exactly how the appointed firms have delivered on their commitment to the Court to be inclusive and to dole out increasing responsibilities to associates and other attorneys who have not been given as many previous opportunities in complex litigation. The Morgan-Lynch Team believes that this approach will also encourage the plaintiffs' bar to actively seek out and hire diverse attorneys who have been passed over traditionally, including growing the number of women who are afforded leadership opportunities.

None of this will compromise the quality of representation in the slightest. Indeed, it will improve it. First, as noted by the Duke Study, the deliberate inclusion of a wider range of voices will provide needed point-of-view diversity that will serve to the benefit of a nationwide class by guarding against any tendency of more senior attorneys to over-rely on antiquated methodologies or overlook cutting edge developments in technology and the law. Second, and as explained in more detail in Section III below, despite the request for appointments at the firm level, specific individuals from each firm will take primary responsibility for the litigation and be answerable to the Court at all times. The rosters of the Morgan-Lynch Team boast many of the most skilled and experienced data privacy class action litigators in the entire country, and they will maintain both direct involvement in the litigation when appropriate, and advisory roles for the younger, less-experienced attorneys given assignments.

Drawing on this experience, the Morgan-Lynch Team will ensure that plaintiffs litigate the case efficiently, as well as effectively. They will enforce the use of proven methodologies from prior cases to monitor billing, control costs, review assignments, and avoid duplication of efforts. All attorneys would be required to maintain contemporaneous timekeeping records recorded in one-tenths of an hour and report detailed monthly timekeeping records for review by the Morgan-Lynch Team. All block-billing will be prohibited and strictly enforced. Additionally, the Morgan-Lynch Team will appropriately staff this action and communicate effectively to ensure that multiple attorneys are not performing duplicative or unnecessary work.

One of the hallmarks of success in any complex litigation is the ability to work cooperatively and efficiently with other counsel, in an environment of trust. The Morgan-Lynch Team has the trust

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

of the majority of counsel in this case, and the experience of previous collaborations with most, if not all, of the lawyers involved in this litigation. Each of these attorneys has a unique skillset that will advance the prosecution of this litigation, and the Morgan-Lynch Team looks forward to the opportunity to work with whomever the Court appoints.

Finally, and important to the Court's assessment of and selection of interim class counsel, the Morgan-Lynch Team has retained consultants and experts who have deep experience in a case of this type and have worked on a groundbreaking case against Google grounded on claims that Google violated the privacy rights of consumers. Morgan & Morgan, along with two other firms, was selected as co-lead counsel, and the class case is headed to trial on November 6th of this year.  Similarly, Lynch Carpenter is currently litigating numerous website "session replay" cases involving the illegal wiretapping and privacy violations of visitors to various consumer websites and is working closely with consulting experts on both the mechanics and deployment of the session replay software, as well as preservation of plaintiffs' browser history.

**III.    MORGAN-LYNCH TEAM'S EXPERIENCE WITH DATA PRIVACY AND WORK ON THIS CASE**

**A.    Proposed Co-Lead Counsel**

**<u>Lynch Carpenter</u>**

Lynch Carpenter is a 24-lawyer plaintiff-side class action firm with offices in California, Pennsylvania, and Illinois. Lynch Carpenter has been at the forefront of data breach and privacy litigation and has generated seminal legal authority in both trial and appellate courts on data privacy issues. For example, Lynch Carpenter pioneered the applicability of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 PA. CONS. STAT. 5702 *et seq.* to the interception of website communications in *Popa v. Harriet Carter Gifts, Inc.*, 45 F.4th 687 (3d Cir. 2022), *amended on rehearing*, 52 F.4th 121 (3d Cir.). The Third Circuit reached a well-reasoned and unanimous decision—reversing the district court's grant of summary judgment in favor of the defendants—acknowledging that a website owner and a data collection company could not avoid lability under WESCA for intercepting an online shopper's data. *Popa*, 52 F.4th at 129.  This decision will have direct applicability to this lawsuit.

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

Likewise, Lynch Carpenter (then known as Carlson Lynch) forged the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See Dittman*, 196 A.3d at 1047.

Lynch Carpenter attorneys have obtained co-lead counsel appointments in many of the largest and most well-known data privacy cases: *In re Wawa, Inc. Data Security Litig.*, No. 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel; preliminary approval pending of settlement providing up to $37.5 million in monetary relief); *In re Home Depot Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.) (financial institution track; final approval of class settlement of $27 million); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL 2800 (N.D. Ga.) (financial institution track; final approval of class settlement of $7.75 million plus injunctive relief); *First Choice Federal Credit Union v. The Wendy's Company et al*, No. 2:16-cv-0506, (W.D. Pa.) (financial institution track; final approval of class settlement of $50 million)[2]; and *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (co-lead counsel; final approval of class settlement providing $92 million in monetary relief for the class).

Lynch Carpenter has served in court-appointed leadership roles in numerous other major privacy and data breach cases: *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *Dittman v. UPMC*, No. GD-14-003285 (Pa. Ct. Com. Pl.) (multimillion dollar settlement reached and approved after remand from the

---

[2] At the Final Fairness Hearing in the *Wendy's* data breach litigation the presiding judge commented: "This case has gone on for about three and a half years. I've spent lots of quality time with the lawyers in this room who have always conducted themselves as very professional individuals and have worked together in a difficult and challenging case in a very constructive way." Transcript of Hearing at 3, *First Choice Federal Credit Union v. The Wendy's Company*, No. 16-cv-0506 (W.D. Pa. Nov. 6, 2019) (on file with counsel); *see also id.* at 32 ("I want to thank [counsel] and all of your teams. This was a very involved case and everyone brought to the table an incredible wealth of knowledge, was always prepared, really was thorough and professional in everything that was provided to the Court.").

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

Pennsylvania Supreme Court); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement).

As of April 2023, Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In re Zillow Group, Inc. Session Replay Software Litig.*, No. 2:22-cv-01282 (W.D. Wash.) (consumer data privacy case involving multiple states' wiretapping laws, co-lead counsel); *In re: Marriott International, Inc.*, No. 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee). Lynch Carpenter is also litigating twenty other cases factually similar to this one where parties are collecting data from consumers without their consent.[3]  As a result of their extensive litigation efforts in this area of the law, Lynch Carpenter has developed an arsenal of experts in the data privacy field, as well as a thorough working knowledge of the issues that are commonly raised in cases such as this.

Working primarily on this case for Lynch Carpenter will be Tiffine Malamphy, Eddie Kim, Gary Lynch, and Hannah Barnett:

---

[3] *Popa v. Harriet Carter Gifts, Inc.*, Case No. 2:19-cv-00450-WSS (W.D. Pa.); *Cornell v. BPS Direct, LLC d/b/a Bass Pro Shops*, No. 1:23-cv-00020-SPB (W.D. Pa.); *Doe  v. Florida Health Sciences Center, Inc.*, No. 8:23-cv-00456 (M.D. Fla.); *Doe v. Hey Favor, Inc., et al.*, No. 3:23-cv-00059 (N.D. Ca.); *Thompson v. C&J Clark America*, No. 2023-1326 (Wash. Cty. Pa.); *Oliver v. Carnival Corp.*, No. 2:22-cv-01855 (W.D. Pa.); *Oliver v. Noom, Inc.*, No. 2:22-cv-01857 (W.D. Pa.); *Cousin v. Sharp Healthcare*, No. 3:22-cv-02040-MMA-DDL (S.D. Cal.); *Schnur v. Papa John's International, Inc.*, No 2:22-cv-1620 (W.D. Pa.); *Schnur  v. Jetblue Airways Corp.*, No 2:22-cv-1621 (W.D. Pa.); *Smidga  v. Spirit Airlines, Inc.*, No 2:22-cv-1578 (W.D. Pa.); *Emmett  v. Delta Air Lines, Inc.*, No 2:22-cv-1568 (W.D. Pa.); *Perkins  v. Goodyear Tire and Co.*, No 2:22-cv-1520 (W.D. Pa.); *Calvert  v. True Value Co., LLC*, No 2:22-cv-1461 (W.D. Pa.); *Calvert  v. Cabela's L.L.C.*, No. 2:22-cv-1460 (W.D. Pa.); *Popa v. PSP Group, LLC, et al*, No 2:23-cv-00294-JLR (W.D. Wash.); *In Re: Zillow Group, Inc. Session Replay Software Litig.*, No. 2:22-cv-012282 (W.D. Wash); *Cook v. Gamestop*, No. 2:22-cv-01292 (W.D. Pa); *Hasson v. Fullstory, Inc.*, No. 2:22-cv-01246 (W.D. Pa.); and *Hanlon v. W. Atlee Burpee*, GD-18-012917 (Pa. Ct. Com. Pl. Allegheny Cty.).

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL



**TIFFINE MALAMPHY**

Tiffine is an associate in the firm's Pasadena, California office. Tiffine's work has contributed to the resolution of numerous cases resulting in millions of dollars in settlements for clients in all types of consumer protection cases. Additionally, she has extensive experience in all aspects of litigation, including drafting various types of motions, including class certification and dispositive requests, and handling discovery. Tiffine graduated from Southwestern Law School and was admitted to the State Bar of California in 2016. Outside the courtroom, she is an active member of the LGBTQ+ Lawyers Association of Los Angeles.



**EDDIE JAE K. KIM**

Eddie is a partner in the firm's Pasadena, California office. He has worked on every aspect of litigation, from investigations, discovery, trials, and appeals. Eddie is well-versed in complex litigation, having been part of lead counsel in MDLs, *In re Hyundai and Kia Fuel Economy Litig.*, No. 2:13-ml-02424-GW-FFM (C.D. Cal.), and has achieved success through trial verdicts, *Gutierrez v. Wells Fargo*, No. C 07-05923 WHA (N.D. Cal.) ($203 million verdict).



**GARY F. LYNCH**

Gary is a founding partner of Lynch Carpenter and has been practicing law for 34 years. He has been directly involved in many of the largest privacy and data breach cases of the last ten years. Attached as **Exhibit A** to the Joint Declaration of Gary F. Lynch, John Yanchunis, and Kate Baxter-Kauf ("Joint Declaration"), filed concurrently herewith, is a detailed list of Lynch Carpenter's most significant cases. In addition to his ongoing practice in representing plaintiffs in privacy and data breach complex litigation, Gary, as the managing partner of his firm, spearheads the firm's initiative to provide growth opportunities to younger attorneys within the firm and to encourage the inclusion of attorneys with diverse backgrounds. He has a passion for mentorship, in the long tradition of our profession.



**HANNAH BARNETT**

Hannah is an associate in the firm's Pittsburgh office. Hannah received her law degree from Florida A&M University College of Law in 2021, and is barred in Florida and Pennsylvania. As a newer litigator, she has already been appointed to the Interim Executive Committee in *Biscan v. Shields Health Care Group, Inc.*, No. 1:22-cv-10901-PBS (D. Mass), and currently works on *In re: Philips CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litig.*, (W.D. Pa.); *In re: Wawa Data Security Litig.*, (E.D. Pa.); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.). Outside the courtroom, Hannah is an active member of the Allegheny County Bar Association ("ACBA") and recently completed the ACBA's Bar Leadership Initiative, a rigorous program for young lawyers to develop leadership and professional skills.

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

**Morgan & Morgan**

Morgan & Morgan brings to bear unparalleled expertise litigating privacy class actions. Morgan & Morgan is a leading civil trial law firm representing consumers and commercial clients nationwide. With over 900 lawyers, and more than 3,000 non-lawyer employees, Morgan & Morgan is the largest plaintiffs' firm in the nation. Morgan & Morgan maintains offices throughout the United States, including in San Francisco. Among its lawyers are former state attorney generals and present and former members of various state legislatures. It is self-funded and brings the financial resources and manpower needed to litigate this case.

Morgan & Morgan has a dedicated Complex Litigation Group staffed with lawyers, paralegals, and retired FBI agents serving as investigators committed to representing consumers in complex litigation, MDL proceedings, and class action cases throughout the country. It has achieved many remarkable results in class litigation, including the settlement of *In re Black Farmers Discrimination Litig.*, No. 08-0511 (D.C. Oct. 27, 2017), where one of its partners served as co-lead. The case resulted in a settlement with the United States Government in the amount of $1.2 billion for African American farmers who had been systematically discriminated against on the basis of race, in violation of the Fifth Amendment to the United States Constitution, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act, and the Administrative Procedure Act. Morgan & Morgan has assembled a talented team of lawyers in its class action practice group.

Lawyers in the firm have been appointed to leadership positions in most of the largest privacy class cases litigated to conclusion to date. These cases began in 1999 with the filing of *In re Doubleclick Inc. Privacy Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001), and have included: *In re Capital One*, No. 1:19-md-2915-AJT (E.D. Va.) (Co-Lead Counsel) (final judgment entered approving common fund settlement of $190 million); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-md-2752-LHK (N.D. Cal.) (Lead Counsel) (final judgment entered approving common fund settlement of $117.5 million, upheld by the 9th Circuit); *In re: Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment approving common fund settlement of $380.5 million); *In re: U.S. Office of Personnel Management Data Security Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.) (member

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

of the Executive Committee) (final judgment entered approving common fund settlement of $63 million); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving common fund settlement over $29 million); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers upheld by the 8th Circuit).

The Morgan & Morgan lawyers—who substantially contributed to all of the cases above and those also contained in the attached firm resume—proposed to work on this matter include: Ryan J. McGee, Kenya J. Reddy, Marcio W. Valladares, John A. Yanchunis, and Ra O. Amen:



**RYAN J. MCGEE**

Ryan has extensive privacy and consumer protection class action experience, substantially contributing to the following representative cases: *Brown v. Google LLC*, No. 20-cv-3664-YGR (N.D. Cal.) (contested Rule 23(b)(2) class certified); *Adkins v. Facebook, Inc.*, No. 18-cv-5982-WHA (N.D. Cal.) (same); *In re Morgan Stanley Data Sec. Litig.*, No. 20-cv-5914-AT (S.D.N.Y.); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800 (N.D. Ga.); *In re Google Plus Profile Litig.*, No. 5:18-cv-6164 EJD (N.D. Cal.). Ryan began his legal career as a state prosecutor, where he tried over 50 jury trials to verdict. He later served as a law clerk to the Honorable Elizabeth A. Kovachevich, former Chief United States District Judge for the Middle District of Florida. He studied business economics and history at the University of Florida, where he was a teaching assistant for technology classes; he then received his law degree from Stetson University College of Law, where he was an editor on the *Stetson Law Review* and a teaching assistant in antitrust, consumer protection, and trial advocacy classes.



**KENYA J. REDDY**

Kenya brings her diverse practice experience and extensive federal court background to Morgan & Morgan, where she represents consumers in class action litigation. Kenya graduated from Duke University in 1997 with a degree in political science. In 2000, she received her law degree from the University of Virginia School of Law. After graduating law school, she served as a law clerk for two years for the Honorable Anne C. Conway, former Chief Judge of the United States District Court for the Middle District of Florida. She then clerked for a year for the Honorable Charles R. Wilson, United States Circuit Court Judge, Court of Appeals for the Eleventh Circuit. Following her clerkships, Kenya joined Carlton Fields, P.A., where she was elected as a shareholder in 2009. After leaving Carlton Fields, Kenya spent two years clerking for the Honorable Mary S. Scriven, United States District Judge, Middle District of Florida, and another two years clerking for the Honorable Karla R. Spaulding, United States Magistrate Judge, Middle District of Florida.

- 11 -

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL



**MARCIO W. VALLADARES**

Marcio has vast experience in complex litigation and federal practice and procedure. Born in Managua, Nicaragua, he emigrated to the United States during Nicaragua's civil war. He is fluent in Spanish. Before joining Morgan & Morgan, Marcio worked in both the public and private sectors. For five years, he served as a judicial law clerk to the Honorable Steven D. Merryday, United States District Judge, Middle District of Florida. For two years, he served as a judicial law clerk to the Honorable Susan H. Black, United States Circuit Court Judge, Court of Appeals for the Eleventh Circuit. For five years, he served as an Assistant United States Attorney for the Middle District of Florida. In the private sector, he practiced commercial litigation and insurance defense at Holland & Knight. Marcio was also in-house counsel for the Mayo Clinic.

**JOHN A. YANCHUNIS**

John has served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation, involving a wide range of subjects affecting consumers, including antitrust, defective products, life insurance, annuities, and deceptive and unfair acts and practices. He has been appointed and served in leadership positions in a number of multidistrict litigation in the area of privacy and data breaches, including, *inter alia*: *In re: Capital One Consumer Data Security Breach Litig.*, No. 1:19-MD-2915-AJT (E.D. Va.); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-MD-02752-LHK (N.D. Cal.); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel); *In Re: Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee); *In re: U.S. Office of Personnel Management Data Security Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.) (member of the Executive Committee); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Executive Committee member).

His court-appointed leadership experience in non-MDL data breach class actions is likewise significant, including, *inter alia*: *Schmidt, et al., v. Facebook, Inc.*, No. 3:18-cv-05982 (N.D. Cal.) (Co-Lead Counsel); *Walters v. Kimpton Hotel & Restaurant*, No. 3:16-cv-05387 (N.D. Cal.) (Lead Counsel); *In re: Arby's Restaurant Group, Inc. Data Security Litig.*, Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-Liaison Counsel); *Jackson, et al., v. Wendy's International, LLC*, No. 6:16-cv-210-PGB (M.D. Fla.); *In re: Citrix Data Breach Litig.*, No. 19-cv-61350 (S.D. Fla.); *Kuss v. American HomePatient, Inc., et al.*, No 18-cv-2348 (M.D. Fla.); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274 (E.D. Pa.); and *Nelson v. Roadrunner Transportation Systems, Inc.*, No. 18-cv-7400 (N.D. Ill.).

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL



**RA O. AMEN**

Ra focuses his practice on representing clients in complex class action disputes in state and federal courts. He substantially contributed to the results of *In re: Capital One Consumer Data Security Breach Litig.*, No. 1:19-MD-2915-AJT (ED. Va.), where he focused on discovery disputes involving highly technical computer systems and worked with plaintiffs' experts to focus on and obtain technical discovery. He graduated from Stanford in 2005 and Emory Law in 2017 where he served as managing editor of one of Emory's law journals and assisted victims of consumer fraud. Before joining Morgan & Morgan, he worked at one of the nation's largest law firms.

### B.  Proposed Coordinator of Diversity and Leadership Development

**<u>Lockridge Grindal Nauen P.L.L.P.</u>**

For almost 45 years, Lockridge Grindal Nauen P.L.L.P. has served clients throughout the Midwest and in Washington, D.C. Based in Minneapolis, Minnesota, its 75+ attorneys and lobbyists have extensive experience in local, state, and federal government relations as well as antitrust, business, campaign finance, consumer, data breach, governmental, health care, employment, environmental, ERISA, intellectual property, real estate, securities, and tribal law and litigation. Lockridge Grindal attorneys and government relations professionals are assisted by an extensive support staff, and the firm has offices in Minneapolis, Minnesota, Bismarck, North Dakota, and Washington, D.C.  For almost 15 years, Lockridge Grindal attorneys have pursued cases to protect the privacy of consumers, and especially in working on cases at the intersection of technology, consumer privacy, and sensitive information.

Lockridge Grindal's data breach, cybersecurity, and privacy practice group have worked at the forefront of data breach and privacy litigation across the United States.  In doing so, they have represented consumers, patients, and financial institutions in class action litigation, alleging novel claims and recovering for large and varied classes.  Lockridge Grindal has been appointed as co-lead in numerous complex data privacy matters: *In re: Capital One Consumer Data Security Breach Litig.*, No. 19-02915 (E.D. Va.) ($190 million settlement for consumer class); *In re Community Health Systems, Inc., Customer Security Data Breach Litig.*, No. 15-00222, MDL 2595 (N.D. Ala.); *Greater Chautauqua Federal Credit Union, et al. v. Kmart Corp., et al.*, No. 15-02228 (N.D. Ill.); *In re Arby's Restaurant Group, Inc. Data Security Litig.*, No. 17-00514 (N.D. Ga.); *Bias et al. v. Elephant Ins. Co.*

- 13 -

*et al.*, No. 22-cv-487 (E.D. Va.); and *Johnson et al. v. Cornerstone Nat'l Ins. Co.*, No. 22-4135 (W.D. Mo.). They have also been appointed as members of the executive committee in numerous large data privacy cases: *Dittman v. UPMC*, No. GD-14-003285 (Pa. Ct. Com. Pl.); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-02752 (N.D. Cal.); *Shores et al v. Premera Blue Cross*, No. 15-01268 (D. Or.); *In re Home Depot, Inc., Customer Data Security Breach Litig.*, No. 14-02583-TWT (N.D. Ga.); *Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-01102 (D. Co.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 17-02800 (N.D. Ga.); *First Choice Federal Credit Union et al. v. The Wendy's Company et al.*, No. 16-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 17-00356 (W.D. Wa.); *Baker v. ParkMobile, LLC*, No. 21-2182 (N.D. Ga.); and *In re Netgain Technology, LLC Consumer Data Breach Litig.*, No. 21-cv-01210 (D. Minn.).

Working primarily on this case on behalf of Lockridge Grindal is Kate Baxter-Kauf, Karen Riebel, and Maureen Berg:



**KATE M. BAXTER-KAUF**

Kate is a Partner at Lockridge Grindal, and a 2011 *magna cum laude* and Order of the Coif graduate of the University of Minnesota Law School. Kate's practice is concentrated in the firm's data breach, antitrust law, business litigation, and securities litigation practice groups, most often litigating on behalf of individuals, consumers, financial institutions and small businesses and the rights of the class members they seek to represent. In 2018, she was named a Rising Star by Law360 in the area of Cybersecurity & Privacy, was recognized as an Up & Coming Attorney by Minnesota Lawyer magazine in 2016, and has been named a Rising Star for each of 2015-2021 and a Minnesota Super Lawyer® for 2022. She has also been named a North Star Lawyer by the Minnesota State Bar Association in recognition of her pro bono work each year since 2015. Kate is currently appointed interim-co-lead counsel in two cases involving the compromise of sensitive motor vehicle records and on multiple executive and steering committees for plaintiffs seeking to protect privacy rights, and is a nationally renowned speaker and writer on issues related to attorney client privilege, work product protection, and other topics for data breach, security and privacy, and antitrust litigation.

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL



**KAREN HANSON RIEBEL**

Karen is a Partner at Lockridge Grindal and is a 1991 dual-degree program graduate (J.D., B.A., *cum laude*) from the Boston University School of Law and the Boston University College of Liberal Arts.  Karen concentrates her practice in the areas of data breach, antitrust, and securities litigation. She has litigated a number of complex class action matters and represented numerous pension funds and other institutional investors in cases involving corporate fraud. Recently, she has been on the forefront of international data breach litigation, representing financial institutions and consumers against such companies as Target, Home Depot and Capital One.  Karen has been named a Minnesota Super Lawyer® from 2015-2022, one of Minnesota's Top 50 Women Super Lawyers® from 2017-2022, and was named by Best Lawyers® to their 2020 and 2022 *Best Lawyers in America* list.

**MAUREEN KANE BERG**

Maureen is Senior Counsel at Lockridge Grindal and graduated from Dartmouth College and the University of Chicago Law School, after which she clerked for the Honorable E. Grady Jolly on the United States Court of Appeals for the Fifth Circuit.  Maureen has been a litigator for a large Chicago firm and a founding partner of a small firm in Birmingham, Alabama, where she successfully represented the class of nearly 40 million people who had paid exorbitant late fees for video rentals at Blockbuster, Inc.  During a hiatus from her legal career, Maureen became a published and produced playwright.  She resumed her legal career in 2017 and has extensive involvement in data breach and privacy litigation against Capital One, GEICO, Farmers Insurance.

### C.    Additional Plaintiffs' Counsel Supporting this Application

Though the following firms are qualified in their own right to lead complex class actions such as this, they have put their utmost faith in the leadership of the Morgan-Lynch Team and have committed their resources to be drawn upon throughout the course of this litigation as needed.

- **Barrack, Rodos & Bacine ("Barrack"):** With offices in California, New York, and Pennsylvania, Barrack is a highly experienced plaintiffs' class action law firm, securing class action recoveries collectively exceeding $14 billion.  Barrack can commit significant financial resources, and can devote California based litigation partners Stephen R. Basser and Samuel M. Ward, and newer associates Andrew Jimin Heo and Ms. Jordan LaPorta, to this action.  Barrack has been, and currently are, involved in numerous complex class cases: *In re McKesson HBOC, Inc., Securities Litig.*, Master File No. 99-CV-20743 (J. Whyte) (N.D. Ca.), (settlement of $1.0425 billion); *In re Apollo Group, Inc. Securities Litig.*, Master File No. CV-04-2147-PHX (D. Ariz.) (jury verdict securing a $145 million

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

recovery for class members); *In re T-Mobile Customer Data Breach Litig.*, No. 4:21-MD-03019-BCW (E.D. Mo.); *In re Anthem Health Data Breach Litig.*, No. 5:15-md-02617-LHK (N.D. Cal.); *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253 (E.D. Wis.); *In re Group Health Privacy Litig.*, No. 0:23-cv-00267 (D. Minn.); *In re TikTok In-App Browser Privacy Litig.*, MDL 3067 (N.D. Ill.).

• **Freed Kanner London & Millen LLC ("FKLM"):** Founding partner of the Philadelphia office, Jon Jagher, has a national practice representing plaintiffs in consumer and antitrust class actions. He and his firm have recovered over $1 billion for their clients. Mr. Jagher will be spearheading FKLM's role in this litigation. Mr. Jagher has been appointed to leadership positions in several consumer cases: *Powe v. Dermalogica, LLC*, No. 2022-LA-000874 (Circ. Ct. DuPage County, Illinois); *In Re: TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.); *In re Proctor & Gamble Aerosol Products Marketing and Sales Practice Litig.*, No. 2:22-MD-3025 (SD OH); *Jones et. al. v. Lemonade Inc*. No. 1:21-cv-04513 (N.D. Ill.); *In Re: Morgan Stanley Data Security Litig.*, No. 1:20-CV-05914 (S.D. N.Y.) ($60 million settlement); and *Cameron et. Al. v. Apple, Inc*., No. 4:19-cv-03074 (N.D. Cal.) ($100 million recovery on behalf of app developers).

• **Spector Roseman & Kodroff ("SRK")[4]:** SRK has been litigating class action cases for over 30 years. SRK has been appointed to lead or co-lead positions in many of those cases, and has been involved with numerous data privacy cases similar to the present one. See, e.g., *Frasco et al. v. Flo Health et al*., No. 3:21-cv-00757-JD (N.D Cal.); *In re Plaid Inc. Privacy Litig.*, No. 4:20-cv-03056-DMR (N.D. Cal.); *Swartz v. ESPN Inc.*, No. 1:22-cv-01523-CCC (M.D. Pa.); *Braun et al. v. Philadelphia Inquirer*, No. 2:22-cv-04185-JMY (E.D. Pa.). SRK is prepared to commit attorneys Bill Caldes possessing over 25 years of litigation experience, Jeffery Spector possessing over 15 years of litigation experience, and Diana Zinser also possessing over 15 years of litigation experience to the prosecution of the case, but SRK is not moving for a leadership position here. Rather, SRK is supporting the Morgan-Lynch Team. SRK would not be stepping back from a leadership spot if it did not have the utmost confidence in both firms' ability to effectively lead this case. SRK is aware of both firms' expertise and recognizes that the proposed leadership group of attorneys has the

---

[4] Motion to Relate Plaintiff Puelo's case is currently pending.

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

knowledge, resources, and skill to properly and cooperatively litigate this case and is confident that they will efficiently administer this case to a successful resolution.

- **Reinhardt Wendorf & Blanchfield ("RWB"):** For more than 40 years, RWB has represented plaintiffs in cases similar to the instant matter.  See, *In Re: Target Corporation Customer Data Security Breach Litig.*, No. 14-md-0522 (D. Minn.); *In re Marriott International Customer Data Security Breach Litig.*, No. 19-md-02879-PWG (D. Md.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-02800-TWT (N.D.Ga.); *In re Jetblue Airways Corp. Privacy Litig.*, No. 04-md-1587 (E.D.N.Y.); *In re Northwest Airlines Privacy Litig.*, No. CV 04-0126 (D. Minn.); and *In re Plaid Inc. Privacy Litig.*, No. 4:20-cv-03056 (N.D. Cal.).  Although RWB is qualified to seek leadership in this matter, RWB supports the Morgan-Lynch Team as co-lead counsel.  These two firms have significant relevant experience, skills, and resources to prosecute large cases against a well-funded defendant.  RWB is confident that those firms will lead this case efficiently and zealously.

- **Levin Sedran & Berman ("LSB"):** LSB partner Charles E. Schaffer has 28 years of experience and is a nationally-recognized leader in complex and class action litigation, having been appointed by federal courts across the country, including eighteen (18) leadership positions in MDLs and appointed to over forty (40) leadership positions in non-MDL complex litigation by various district courts across the nation. Through 35 years of serving its clients, the firm's attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions and mass torts in the country. Of particular relevance to this litigation, Mr. Schaffer and his firm have extensive experience in successfully prosecuting and reaching settlements in privacy and data breach cases including serving as a member of leadership in *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability Litig.*, MDL 2828 (C.D. Or.); *Bryd v. Aaron's Inc.*, No. 11-101 (W.D. Pa.); *Peterson v. Aaron's Inc.*, No. 1-14-cv-1919 (N.D. Ga.); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, No. 12-md-1330 (N.D. Cal.); *In re Target Corporation Customer Data Security Breach Litig.*, MDL 2522 (D. Minn.); *Green v. Accolade, Inc.*, No. 2:18-cv-00274 (E.D. Pa.); *Kuss v. American Home Patient, Inc. et. al.*, No. 8:18-cv-0248 (M.D. Fla.); *Abdelmessih v. Five Below, Inc.*, No 2:19-cv-01487 (E.D. Pa.) (retailer data breach compromising customers' PII); *In re Hudson's Bay Company Data Security Incident Consumer Litig.*,

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

No. 18-cv-8472 (S.D.N.Y.); *Hasehemi v. Bosley, Inc.*, No. 2:21-cv-00946 (C.D .Ca.); *Culbertson v. Deloitte Consulting LLP*, No 1:20-cv-3962 (S.D.N.Y).

- **Migliaccio & Rathod LLP ("M&R"):** M&R is a class action litigation boutique law firm that is based in Washington D.C., with an office in San Francisco. Since the founding of M&R in 2016, the firm has helped secure several significant orders in class action cases, resulting in hundreds of millions of dollars in recoveries. M&R has vast experience with data breach and privacy class actions that have successfully resolved or remain pending across the country. For example, M&R's attorneys were appointed to serve as co-lead or an executive committee position in *McHenry v. Advent Partners, Inc.*, No. 3:22-cv-00287 (M.D. Tenn.); *In re LastPass Data Security Incident Litig.*, No. 1:22-cv-12047-PBS (D. Mass.); *In re: Practice Resources, LLC Data Security Breach Litig.*, No. 22-CV-0890 (N.D.N.Y.); *In Re: Rutter's Inc. Data Security Breach Litig.*, No. 1:20-cv-382 (M.D. Pa.); *In Re Netgain Technology, LLC, Consumer Data Breach Litig.*, No. 21-cv-1210 (SRN/LIB) (D. Minn.); and *In re Eskenazi Health Data Incident Litig.*, No. 49D01-2111-PL-038870 (Ind. Sup. Ct.).

- **The Sultzer Law Group, P.C. ("SLG"):** SLG is a leading New York class action firm which specializes in representing plaintiffs in complex class actions against sellers and manufacturers of consumer products throughout the country.  Since its inception in 2013 the firm has been appointed as lead or co-lead counsel in numerous high-profile class action litigations and has obtained over $1 billion in settlements on behalf of consumers. Judges in this Circuit have recognized The Sultzer Law Group for their exceptional work.  *See Patora v. Tarte, Inc.*, No. 18-cv-11760-KMK (S.D.N.Y.), (Judge Kenneth M. Karas stated that "[t]he plaintiff here was ably represented by class counsel, who is clearly well-versed in complex class action litigation.  I can speak from personal experience dealing with The Sultzer Firm, which has many highly-qualified and capable and experienced lawyers representing plaintiffs in consumer class actions. . ."); *see also Shiv Patel v. St. John's University*, Case No. 1:20-cv-02114 (EDNY) (Judge Steven Gold (similar)); *Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10*, No. 16-cv-00354 (N.D.N.Y.) (Judge Lawrence E. Kahn (similar)); *Susan Swetz et al v. GSK Consumer Health, Inc.*, No. 7:20-cv-04731 (SDNY) (Judge Román (similar)).

- 18 -
MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

- **Zimmerman Reed LLP:** Zimmerman Reed is a nationally recognized leader in complex and class action litigation and has been appointed as lead counsel in some of the largest and most complex cases in federal and state courts across the country. The firm is a leader in data privacy litigation nationwide, having served as lead counsel for the financial institution plaintiffs in the groundbreaking Target Data Breach litigation and as lead counsel or in other leadership positions in actions arising from the data breaches of Home Depot, Wendy's, T-Mobile, Equifax, Arby's, Sonic, ParkMobile, Fortra, and Netgain, among many others. The firm has litigated and served in leadership positions on numerous other privacy-related matters as well, including *In re: Vizio, Inc., Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (unlawful monitoring of television watching behavior), several matters related to the allegedly unlawful use of Pixel tracking technology by health care entities to track private health interactions by customers, and several matters related to the allegedly unlawful use of session replay technology to track website visitors to retail websites. Zimmerman Reed takes considerable pride in litigating collegially and building cohesive teams with diverse experience and characteristics, capable of matching the resources and efforts of defendants to obtain excellent results for plaintiffs.

- **Emerson Firm, PLLC ("EF"):** EF has a national class action, mass tort, and catastrophic injury trial practice with an emphasis on data breach and privacy cases, antitrust, and consumer class actions. In its privacy and data breach practice, John G. Emerson has been named lead or committee member in the following pending or settled privacy or data breach cases: *In re: Marriott International, Inc., Customer Data Security Breach Litig.*; *In re: Equifax, Inc., Customer Data Security Breach Litig.*; *In re: Anthem Healthcare Data Breach Litig.*; *In re: Premera Healthcare Data Breach Litig.*; *In re: Medical Informatics Engineering Data Breach Litig.*; *In re: Office of Personnel Management Data Breach Litig.*; *In re: Experian Data Breach Litig.*; *In re: Vizio, Inc., Consumer Privacy Litig.*; *In re: Banner Health Data Breach Litig.*; *In re: Valley Anesthesiology Data Breach Litig.*; *In re: Lincare Holdings Inc. Data Breach Litig.*; *In re: T-Mobile Customer Data Security Breach Litig.*; *In re: Capital One Customer Data Breach Litig.*; *In re: Advocate Aurora Health Data Breach Litig.*; *In re: Lakeview Loan Servicing Data Breach Litig.*; *In re: Forefront Data Breach Litig.*; *Shields Health Care Group Inc. Data Breach Litig.*; *Wesch v. Yodlee, Inc, et al. Privacy*

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

*Litig.*; *Broward Health Data Breach Litig.*; *Tenet Healthcare Corporation Data Breach Litig.*; *Flagstar Bank Data Breach Litig.*; *Yuma Medical Center Data Breach Litig.*; *Apple Data Privacy Litig.*; *BetMGM Data Breach Litig.*; *TikTok Privacy Litig.*; *In re: Meta Pixel Tax Filing Cases*; *Zoll Medical Data Breach Litig.*; *ILS Data Breach Litig.*; *BetterHelp Privacy Litig.*; *Maternal and Family Health Service Data Breach Litig.*; *TMX Data Breach Litig.*; *Regal Medical Group Data Breach Litig.*; *Cedars-Sinai Privacy Litig.*; *Highmark Health Data Breach Litig.*; and *Group Health Plan Privacy Litig.*.

## IV.    RULE 23(g) FACTORS

Federal Rule of Civil Procedure 23(g) provides that a court "'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (quoting Fed. R. Civ. P. 23(g)(3)); *see also In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-CV-03184-HSG, 2020 WL 6081722, at *1 (N.D. Cal. Oct. 15, 2020) (same). This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Wang v. OCZ Technology Grp., Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.). "'[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (citing Manual for Complex Litigation (Fourth) § 21.11).

"The appointment of interim counsel is discretionary and is particularly suited to complex actions[.]" *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). Factors relevant to the appointment of counsel include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court "may also consider 'any other matter

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)).

**A.    The Morgan-Lynch Team Have Thoroughly Identified and Investigated the Claims.**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE (Third) § 23.120(3)(a).

Here, the Morgan-Lynch Team's thorough work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. The Morgan-Lynch Team have devoted substantial resources towards developing the claims that have been filed against Apple. For example, the Morgan-Lynch Team have performed (and continue to perform) the following work on behalf of Plaintiffs and Class Members:

    a.    Investigated potential legal claims arising from Apple's tracking, recording, and collecting user data;

    b.    Analyzed reports and articles discussing Apple's data analytics practices, data privacy, and challenged conduct in this litigation;

    c.    Identified and analyzed governmental investigations that involve Apple's data analytics practices, data privacy, and challenged conduct in this litigation;

    d.    Reviewed Apple's website and policies, including its privacy settings, privacy policy, and terms of use;

    e.    Investigated the nature of the challenged conduct at issue here by interviewing potential clients;

    f.    Retained and worked with experts with data privacy knowledge, and knowledge of Apple's conduct to assist in investigating Plaintiffs' claims;

    g.    Investigated the adequacy of the named Plaintiffs to represent the putative Class;

    h.    Drafted and filed complaints, and cooperated with Defendant's counsel in transferring actions to this Court;

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

  i.  Communicated internally amongst plaintiffs' counsel regarding the most efficient manner to organize this litigation; and

  j.  Worked cooperatively, coordinated, and continue to meet and confer with Defendant's counsel regarding this litigation.

As evidenced from the firm resumes attached to the Joint Declaration, the Morgan-Lynch Team have the resources and experience necessary to successfully litigate this action.  The Morgan-Lynch Team are well-funded and well-staffed firms and have represented plaintiffs in some of the largest class actions in the country with history of successful results through innovative and novel approaches to this ever-evolving litigation. They are willing and able to commit to this litigation process regardless of its length or complexity. As explained in more detail above, the Morgan-Lynch Team have a proven track record of devoting time and financial resources to the full prosecution of similar types of actions, and they are prepared to do so in this case as well.

Because the Morgan-Lynch Team performed important work that has already inured to the benefit of the proposed class, and because the Morgan-Lynch Team are prepared to commit substantial resources to this case, the first factor of the Rule 23(g) analysis weighs heavily in favor of their appointment.

**B.  The Morgan-Lynch Team are Experienced in Litigating Complex Cases, Including Data Privacy Litigation, and Have an Extensive Knowledge of the Applicable Law.**

As provided above, Lynch Carpenter and Morgan & Morgan have extensive experience in leading some of the largest data breach class actions in the country. They have worked with the leading experts in the data privacy space, and are responsible for shaping the law in the state and federal courts nationwide. As demonstrated above and in the Morgan-Lynch Team's resumes attached as **Exhibits A, B, and C** to the Joint Declaration, the Morgan-Lynch Team have the knowledge and experience to efficiently and effectively litigate this class action. Additionally, the Morgan-Lynch Team will draw from other plaintiffs' counsel to assist in this litigation, as needed.

**C.  The Morgan-Lynch Team Will Commit All Necessary Resources to the Class and Will Draw Upon and Coordinate the Work of Other Plaintiffs' Counsel, Consistent with the Needs of the Litigation.**

The final Fed. R. Civ. P. 23(g) factor, which concerns the resources Counsel will commit to the case, also strongly supports the appointment of the Morgan-Lynch Team. Here, in addition to their

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

own work, the Morgan-Lynch Team can, as needed, draw upon the skills and talents of other plaintiffs' counsel who have filed complaints in this consolidated action. The Morgan-Lynch Team has already coordinated and collaborated with those same counsel in filing this leadership proposal and will continue to do so in managing all work to ensure efficiencies. All three members of the proposed leadership team are well-established, multi-office firms with deep rosters of attorneys and staff available to work on this case. As their firm resumes and counsels' experience further indicate, the Morgan-Lynch Team have long track records of securing sizeable recoveries, ensuring that they have the resources to see this litigation through to its conclusion, including trial.

The firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative Class. The Morgan-Lynch Team's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

As interim class counsel, the Morgan-Lynch Team will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations, and are committed to working cooperatively and efficiently for the benefit of the class.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Morgan & Morgan and Lynch Carpenter as Interim Co-Lead Class Counsel, and Lockridge Grindal as Coordinator of Diversity and Leadership Development.

Respectfully submitted,

Dated: May 18, 2023

/s/ (Eddie) Jae K. Kim
LYNCH CARPENTER, LLP
(Eddie) Jae K. Kim (SBN 236805)
Tiffine E. Malamphy (SBN 312239)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone:    (626) 550-1250
Facsimile:    (619) 756-6991
ekim@lcllp.com
tiffine@lcllp.com

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM CLASS COUNSEL

LYNCH CARPENTER, LLP
Gary F. Lynch (admitted pro hac vice)
Hannah N. Barnett (admitted pro hac vice)
1133 Penn Avenue
Pittsburgh, PA 15222
Telephone:     (412) 322-9243
Facsimile:     (412) 231-0246
gary@lcllp.com
hannah@lcllp.com

*Counsel for Plaintiff Ashley Popa*

MORGAN & MORGAN
Michael F. Ram (SBN 104805)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:     (415) 358-6913
Facsimile:     (415) 358-6923
mram@forthepeople.com

MORGAN & MORGAN
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:     (813) 223-5505
Facsimile:     (813) 222-4702
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Counsel for Plaintiff Juan Herrera*

MOTION TO APPOINT MORGAN & MORGAN, P.A. AND LYNCH CARPENTER, LLP AS INTERIM
CLASS COUNSEL