L. Timothy Fisher (SBN 191626)
*ltfisher@bursor.com*
Brittany S. Scott (SBN 327132)
*bscott@bursor.com*
**BURSOR & FISHER, P.A.**
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Deborah M. De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Proposed Interim Class Counsel*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE DATA PRIVACY LITIGATION | Case No. 5:22-cv-07069-EJD (Consolidated) |
| | **PLAINTIFFS ELLIOT LIBMAN, JULIA CIMA, JOAQUIN SERRANO, JOHN FARLEY, DAVID SGRO, AND TENIJA MOTON'S MOTION TO APPOINT THE FISHER-WOLFSON TEAM AS INTERIM CLASS COUNSEL** |
| | Date:   June 1, 2023<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2023, at 9:00 a.m. or as soon thereafter as the motion may be heard before the Honorable Edward J. Davila in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California 95113, Plaintiffs Elliot Libman, Julia Cima, Joaquin Serrano, John Farley, David Sgro, and Tenija Moton ("Plaintiffs") will and hereby do move this Court for an order appointing Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as Interim Co-Lead Class Counsel, and appointing Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Samantha E. Holbrook of Shub & Johns LLC, and Raphael Janove of Pollock Cohen LLP to the Plaintiffs' Steering Committee ("PSC") (collectively, "Proposed Interim Class Counsel" or the "Fisher-Wolfson Team") pursuant to Fed. R. Civ. P. 23(g).

Plaintiffs' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities; the Declarations of Tina Wolfson, L. Timothy Fisher, Gayle M. Blatt, Samantha E. Holbrook, and Raphael Janove; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

Dated: May 18, 2023                    Respectfully submitted,

/s/ Tina Wolfson
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Deborah Marie De Villa (SBN 312564)
ddevilla@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Andrew Ferich (admitted *pro hac vice*)
aferich@ahdootwolfson.com

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

L. Timothy Fisher (SBN 191626)
*ltfisher@bursor.com*
Brittany S. Scott (SBN 327132)
*bscott@bursor.com*
**BURSOR & FISHER, P.A.**
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Philip L. Fraietta (admitted *pro hac vice*)
*pfraietta@bursor.com*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Benjamin F. Johns (*pro hac vice* forthcoming)
*bjohns@shublawyers.com*
Samantha E. Holbrook (admitted *pro hac vice*)
*sholbrook@shublawyers.com*
**SHUB & JOHNS LLC**
134 Kings Highway E.
Haddonfield, NJ 08033
Telephone: (856) 772-7200

Raphael Janove (admitted *pro hac vice*)
*Rafi@PollockCohen.com*
Adam Pollock (*pro hac vice* forthcoming)
*Adam@PollockCohen.com*
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
Telephone: (212) 337-5361

David S. Casey, Jr. (SBN 060768)
*dcasey@cglaw.com*
Gayle M. Blatt (SBN 122048)
*gmb@cglaw.com*
P. Camille Guerra (SBN 326546)

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

camille@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Proposed Interim Class Counsel*

- 3 -

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION.............................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED.................................................. 3

III.  BACKGROUND............................................................................................... 3

     A.    The Allegations .................................................................................... 3

     B.    The Related Cases ................................................................................ 4

IV.  ARGUMENT .................................................................................................... 6

     A.    The Fisher-Wolfson Team Originated These Cases and Has Done the Most Work to Advance Them ............................................................ 6

     B.    The Fisher-Wolfson Team Has Done the Most Work to Coordinate the Proceedings and Minimize the Burden on the Judicial System ................. 7

     C.    The Fisher-Wolfson Team Have the Most Experience with Leading Data Tracking Class Actions ................................................................ 8

                 Tina Wolfson – Ahdoot & Wolfson, PC ......................................... 9

                 L. Timothy Fisher – Bursor & Fisher, P.A. .................................. 12

          1.    The Court Should Also Appoint a Plaintiffs' Steering Committee............... 14

                 Gayle Blatt – Casey Gerry ........................................................... 15

                 Samantha E. Holbrook – Shub & Johns LLC ............................... 16

                 Raphael Janove – Pollock Cohen LLP .......................................... 18

          2.    Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class ............................................ 19

          3.    Diversity and Future Leaders ....................................................... 20

V.    CONCLUSION ............................................................................................... 22

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

**Pages(s)**

4

*Board of Trustees of the AFTRA Retirement Fund, et al. v. JP Morgan Chase Bank, N.A.*,

5

   No. 09-cv-686, 2012 WL 2064907 (S.D.N.Y. June 7, 2012) ........................................................16

6

*Boelter v. Hearst Commc'ns, Inc.*,
   269 F. Supp. 3d 172 (S.D.N.Y. 2017)...........................................................................................13

7

*Clapper v. Amnesty Int'l USA*,

8

   568 U.S. 398 (2013) ........................................................................................................................10

9

*Cousin, et al. v. Sharp Healthcare*,

10

   No. 3:22-cv-02040-MMA-DDL (S.D. Cal.) ..................................................................................11

11

*DeSue v. 20/20 Eye Care Network, Inc., et al.*,
   No. 21-cv-61275-RAR (S.D. Fla.) ................................................................................................15

12

*Edwards v. Hearst Commc'ns, Inc.*,

13

   No. 15-cv-09279-AT (S.D.N.Y. 2019) ..........................................................................................14

14

*Fischer v. Instant Checkmate LLC*,

15

   No. 19-cv-04892, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022).......................................................13

16

*Google Digital Advertising Antitrust Litig.*,
   No. 21-md-03010-PKC (S.D.N.Y.) ...............................................................................................11

17

*Holden et al v. Guardian Analytics, Inc. et al.*,

18

   No. 23-cv-02115 (D.N.J.) ..............................................................................................................19

19

*In re Apple Inc. Device Performance Litig.*,

20

   No. 18-md-02827-EJD, 2018 WL 11360203 (N.D. Cal. May 15, 2018) ...................................14, 15

21

*In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*,
   No. 19-md-02913 (N.D. Cal.) ........................................................................................................20

22

*In re Macbook Keyboard Litig.*,

23

   No. 18-cv-02813-EJD (N.D. Cal.) .................................................................................................17

24

*In re Meta Pixel Healthcare Litig.*,

25

   No. 22-cv-03580-WHO, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022).....................................6, 8

26

*In re Nexus 6P Product Liability Litig.*,
   No. 17-cv-02185-BLF (N.D. Cal.)................................................................................................17

27

28

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
   No. 15-md-2633-SI, 2019 WL 3410382 (D. Or. July 29, 2019).....................................20

*In re Robinhood Outage Litig.*,
   No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)..............................21

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
   928 F.3d 42 (D.C. Cir. 2019) ........................................................................................10

*In re Wawa, Inc. Data Security Litig.*,
   No. 19-cv-06019-GEKP (E.D. Pa.).................................................................................16

*In re Zoom Video Communications, Inc. Privacy Litig.*,
   No. 20-cv-02155-LHK (N.D. Cal.)..................................................................................10

*In re: Yahoo! Inc. Customer Data Security Breach Litig.*,
   No. 16-md-02752 (N.D. Cal.) .........................................................................................15

*In re: Citrix Data Breach Litig.*,
   No. 19-cv-61350-RKA (S.D. Fla.)...................................................................................15

*In re: Google Location History Litig.*,
   No. 18-cv-05062-EJD (N.D. Cal.) ..................................................................................10

*In re: Netgain Tech., LLC, Consumer Data Breach Litig.*,
   No. 21-cv-1210-SRN-LIB (D. Minn.) .............................................................................15

*In re: Sony Gaming Networks and Customer Data Security Breach Litig.*,
   No. 11-md-02258-AJB (S.D. Cal.) ..................................................................................16

*In re: US Fertility LLC Data Security Litig.*,
   No. 21-cv-002 99 (D. Md.) ..............................................................................................15

*In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*,
   MDL No. 2672 (N.D. Cal.) .............................................................................................15

*In re: Warner Music Grp. Data Breach*,
   No. 20-cv-07473-PGG (S.D.N.Y.)...................................................................................15

*Jane Doe v. Antelope Valley Med. Ctr.*,
   No. 23STCV05382 (Cal. Super. Ct. Los Angeles Cty.) ..................................................11

*Javier v. Assurance IQ, LLC*,
   No. 21-cv-16351, 2022 WL 1744107 (9th Cir. May 31, 2022).......................................13

*Kain v. The Economist Newspaper NA, Inc.*,
   No. 4:21-cv-11807 (E.D. Mich. 2023)............................................................................14

- iii -

*Keebaugh v. Warner Bros. Entm't Inc.*,
  No. 22-cv-01272 (C.D. Cal.) ................................................................................................ 18

*Klein v. Meta Platforms, Inc.*,
  No. 20-cv-08570-JD (N.D. Cal.) ........................................................................................... 11

*Kostka v. Dickey's Barbecue Restaurants, Inc.*,
  No. 20-cv-03424-K (N.D. Tex.) ............................................................................................. 16

*Mallouk v. Starbucks Corp.*,
  No. 23-3772 (S.D.N.Y.) ......................................................................................................... 19

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*,
  No. 15-cv-05671-NRB (S.D.N.Y. 2019) ............................................................................... 14

*Moeller v. American Media, Inc.*,
  No. 16-cv-11367-JEL (E.D. Mich. 2017) .............................................................................. 14

*Mora v. J&M Plating, Inc.*,
  2022 IL App (2d) 210692 ...................................................................................................... 13

*Mutnick v. One Brooklyn Health Sys., Inc.*,
  No. 512953/2023 (NY Sup. Ct.) ............................................................................................ 19

*Perez v. Rash Curtis & Assocs.*,
  No. 16-CV-03396-YGR, 2021 WL 4503314 (N.D. Cal. Oct. 1, 2021) ............................ 12, 20

*Pfeiffer et al. v. RadNet, Inc.*,
  Case No. 20-cv-09553-RGK-SK (C.D. Cal.) ........................................................................ 15

*"Porsche Gasoline Emissions Cases,"*
  MDL No. 2672 (N.D. Cal.) .................................................................................................... 15

*Prado, et al. v. FunPlus Int'l AG*,
  No. 22-cv-05023 (N.D. Cal.) ................................................................................................. 19

*Remijas v. Neiman Marcus Grp., LLC*,
  794 F.3d 688 (7th Cir. 2015) ............................................................................................... 9, 10

*Rivera v. Google LLC*,
  No. 2019-CH-00990 (Ill Cir. Ct.) ...................................................................................... 11, 13

*Rodriguez Perez v. Amazon.com, Inc.*,
  No. 23-cv-2251 (S.D.N.Y.) .................................................................................................... 19

*Ruderman v. McHenry County*,
  No. 3:22-cv-50115 (N.D. Ill.) ............................................................................................... 18

*Ruppel v. Consumers Union of United States, Inc.*,
   No. 16-cv-02444-KMK (S.D.N.Y. 2018) ........................................................................14

*Salon Phoenix Cosmetology LLC v. Groupon, Inc.*,
   No. 22-cv-07162 (N.D. Ill.) ..........................................................................................18

*Sayce v. Forescout Techs., Inc.*,
   No. 20-cv-00076-SI, 2020 WL 6802469 (N.D. Cal. Nov. 19, 2020) ...............................21

*Suarez v. Nissan North America*,
   No. 21-cv-00393 (M.D. Tenn.) ......................................................................................16

*Sung et al., v. Schurman Fine Papers d/b/a Schurman Retail Grp.*,
   No. 17-cv-02760-LB (N.D. Cal.) ...................................................................................16

*Taha v. County of Bucks, et al.*,
   No. 09-cv-02761 (E.D. Pa.) ...........................................................................................17

*Tate v. EyeMed Vision Care, LLC*,
   No. 21-cv-00036-DRC (S.D. Ohio) ................................................................................15

*Taylor v. Trusted Media Brands, Inc.*,
   No. 16-cv-01812-KMK (S.D.N.Y. 2018) ........................................................................14

*Thomas v. Global Vision Products*,
   No. RG03-091195 (Cal. Super. Ct. Alameda Cty.) ..........................................................12

*Tipsy Nail Club v. ClassPass*,
   No. 1:21-cv-08662 (S.D.N.Y.) .......................................................................................18

*Warren v. Pomona Valley Hospital Medical Center*,
   No. 23STCV05324 (Cal. Super. Ct. Los Angeles Cty.) ...................................................11

*WeCare RG, Inc. v. Giftly Inc.*,
   No. 2:22-cv-02672 (E.D. Pa.) ........................................................................................18

*Weeks v. Google LLC*,
   No. 18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943 (N.D. Cal.) .................................17

**Statutes**

California Invasion of Privacy Act (CIPA) .........................................................................3, 6

New York General Business Law § 349 (GBL) ...................................................................3, 6

Pennsylvania Wiretapping and Electronic Surveillance Control Act (Pennsylvania WESCA) ........3, 6

**Other Authorities**

Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*, Best Practice 4E ................................................................................. 2

**Rules**

Fed. R. Civ. P. 23(g) ............................................................................................................ 1

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................. 6

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT THE FISHER-WOLFSON TEAM AS INTERIM CLASS COUNSEL

### I.      INTRODUCTION

Plaintiffs Elliot Libman, Julia Cima, Joaquin Serrano, John Farley, David Sgro, and Tenija Moton respectfully move this Court to appoint Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as interim co-lead class counsel, and to appoint Gayle Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Samantha E. Holbrook of Shub & Johns LLC, and Raphael Janove of Pollock Cohen LLP to the Plaintiffs' Steering Committee ("PSC") (collectively, "Proposed Interim Class Counsel" or the "Fisher-Wolfson Team") pursuant to Fed. R. Civ. P. 23(g).[1] Proposed Interim Class Counsel further request that the Court authorize them to delegate work to attorneys from other plaintiffs' firms who are members of groups historically under-represented on leadership slates to promote diversity in the legal profession and cultivate the next generation of class action leaders, with periodic reports to the Court on such efforts.

The Proposed Interim Class Counsel are the best choice to lead this case because they include the lawyers who originated and filed the first, second, and third cases in the country.[2] They developed the facts and the legal theories and were the first to assert statutory claims under California, Pennsylvania, and New York law. The Fisher-Wolfson Team has also done the most to prepare for litigation. They consulted with and hired technical experts—including Mysk, the software company whose research led to the news stories about Apple's practices—and damages experts, interviewed dozens of class members, mapped out a plan for discovery, drafted evidence and device preservation instructions in consultation with their experts and disseminated those instructions to other plaintiffs' counsel, have prepared vetting protocols and questionnaires in anticipation of a consolidated complaint, and conducted the research necessary to oppose the anticipated attacks on the pleadings.

---

[1]      Plaintiffs Libman, Cima, Serrano, Farley and Sgro filed their initial motion for consolidation and appointment of lead counsel on February 2, 2023 (ECF No. 20). That Motion is now moot.

[2]      References herein to the "Wolfson Decl.," "Fisher Decl.," "Blatt Decl.," "Holbrook Decl.," and "Janove Decl." are citations to the contemporaneously filed declarations of those respective counsel.

Furthermore, both Mr. Fisher and Ms. Wolfson have extensive experience in data tracking privacy cases, and the Court should focus on this niche area when considering applicants' experience. Data tracking privacy cases (as compared to other privacy cases, such as data breach cases) present unique factual, technical, and legal issues and this targeted experience is necessary to lead this case effectively. Counsel's vast experience in other data tracking cases will allow them to maximize the relief for the class with efficiency. The team's collective trial experience will further maximize recovery for the class, whether at trial or settlement.

The Fisher-Wolfson Team has already shown leadership in this case by spear-heading coordination and consolidation of these cases, including by leading meet and confer communications with other plaintiffs' counsel, serving as the main point of contact between Apple's counsel and other plaintiffs' counsel, filing notices of related actions as numerous related actions were filed, and taking the lead in drafting a motion to consolidate, the consolidation stipulation that has been entered by the Court, the April 20 joint status report, and securing the June 1 hearing date for leadership motions.

Last but not least, the proposed team is diverse in gender, national origin, age, geography and life experience and includes members of the LGBTQ2+ community in compliance with the guidance provided by the Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*, Best Practice 4E, this Court and the numerous Courts in this District. Committed to training the next generation of diverse class action leaders, Proposed Interim Class Counsel will provide invaluable leadership training experience to younger attorneys in court, at the conference table, and behind the scenes. Proposed Interim Class Counsel seek the Court's authorization to delegate work to younger attorneys at non-appointed firms who are members of historically under-represented groups and to periodically report to the Court on such efforts.

For the foregoing reasons and those that follow, Plaintiffs respectfully request that the Court appoint Ms. Wolfson and Mr. Fisher as Interim Class Counsel, and appoint Ms. Blatt, Ms. Holbrook and Mr. Janove to a PSC.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should appoint Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A. as Interim Class Co-Lead Counsel under Fed. R. Civ. P. 23(g);

2.      Whether the Court should appoint Gayle Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Samantha E. Holbrook of Shub & Johns LLC, and Raphael Janove of Pollock Cohen LLP to a PSC; and

3.      Whether the Court should authorize Interim Class Counsel to delegate work to younger attorneys at non-appointed firms who are members of historically under-represented groups.

## III.    BACKGROUND

### A.     The Allegations

The Related Actions allege that Apple unlawfully intercepts and collects analytics data from its device users, even if users switch off the settings that would otherwise allow data sharing. Plaintiffs' actions allege that this conduct violates the California Invasion of Privacy Act (CIPA), the Pennsylvania Wiretapping and Electronic Surveillance Control Act (Pennsylvania WESCA), and the New York General Business Law § 349 (GBL), among other laws.

While Apple purportedly provides users the choice as to whether Apple tracks their data while using Apple devices—and even promises its users that it "respect[s] your ability to know, access, correct, transfer, restrict the processing of . . . your personal data,"[3]— Plaintiffs allege that Apple does not honor such requests. A recent test performed by two independent app developers revealed that even when consumers actively change their "privacy settings" and follow Apple's instructions to protect their privacy, Apple still records, tracks, collects and monetizes consumers' analytics data, including browsing history and activity information. The experts found that Apple continues to track users' app usage, app browsing communications, and personal information in its proprietary apps, such

---

[3]     https://www.apple.com/legal/privacy/pdfs/apple-privacy-policy-en-ww.pdf   (last   updated December 22, 2022).

as the App Store, Apple Music, Apple TV, Books and Stocks, even after the users have asked them

not to. This alleged unlawful activity amounts to an enormous wealth of data that Apple collects and

uses for its financial gain.

**B.     The Related Cases**

This litigation currently encompasses 16 consolidated class actions filed between November

10, 2022 and February 28, 2023, and two additional cases that have not yet been transferred and/or

consolidated. The table below reflects all cases currently consolidated in this Court:

|    | Case Name | Case Number | File Date | Plaintiffs' Counsel |
|----|-----------|-------------|-----------|---------------------|
| 1. | *Libman v. Apple, Inc.* | N.D. Cal., 5:22-cv-07069-EJD | 11/10/22 | Bursor & Fisher, P.A. |
| 2. | *Serrano v. Apple, Inc.* | N.D. Cal., 5:23-cv-00487-EJD E.D. Pa. | 01/06/23 | Ahdoot & Wolfson, PC<br><br>Shub & Johns LLC<br><br>Pollock Cohen LLP |
| 3. | *Farley v. Apple, Inc.* | N.D. Cal., 5:23-cv-00524-EJD E.D.N.Y. | 01/13/23 | Ahdoot & Wolfson, PC<br><br>Shub & Johns LLC<br><br>Pollock Cohen LLP |
| 4. | *Popa v. Apple Inc.* | N.D. Cal., 3:23-cv-00548-EJD W.D. Pa. | 01/16/23 | Lynch Carpenter LLP |
| 5. | *Herrara v. Apple, Inc.* | N.D. Cal., 5:23-cv-00867-EJD S.D.N.Y. | 01/17/23 | Morgan & Morgan<br><br>The Law Office of Paul C. Whalen, P.C. |
| 6. | *Kelly v. Apple Inc.* | N.D. Cal., 5:23-cv-00895-EJD E.D. Pa. | 01/25/23 | Levin Sedran & Berman<br><br>The Sultzer Law Group, P.C.<br><br>Leeds Brown Law, P.C. |
| 7. | *Cima v. Apple Inc.* | N.D. Cal., 5:23-cv-00397-EJD | 01/26/23 | Ahdoot & Wolfson, PC<br><br>Shub & Johns LLC<br><br>Pollock Cohen LLP |

| | Case Name | Case Number | File Date | Plaintiffs' Counsel |
|---|---|---|---|---|
| 8. | *Sgro v. Apple Inc.* | N.D. Cal., 5:23-cv-00894-EJD | 01/27/23 E.D. Pa. | Bursor & Fisher, P.A.<br><br>Boni, Zack & Snyder |
| 9. | *Dluzak v. Apple, Inc.* | N.D. Cal., 5:23-cv-00426-EJD | 01/30/23 | Barrack, Rodos & Bacine<br><br>Emerson Firm, PLLC |
| 10. | *Abad v. Apple, Inc.* | N.D. Cal., 5:23-cv-00505-EJD | 02/02/23 | Barrack, Rodos & Bacine<br><br>Migliaccio & Rathod LLP |
| 11. | *Robinson v. Apple Inc.* | N.D. Cal., 5:23-cv-00795-EJD | 02/02/23 S.D.N.Y. | The Sultzer Law Group, P.C.<br><br>Levin Sedran & Berman<br><br>Leeds Brown Law, P.C. |
| 12. | *Texeira v. Apple Inc.* | N.D. Cal., 5:23-cv-00617-EJD | 02/10/23 | Lynch Carpenter, LLP<br><br>Freed Kanner London & Millen, LLC |
| 13. | *Barrott v. Apple Inc.* | N.D. Cal., 5:23-cv-00618-EJD | 02/10/23 | Lynch Carpenter, LLP<br><br>Freed Kanner London & Millen, LLC |
| 14. | *Moton v. Apple Inc.* | N.D. Cal., 5:23-cv-00709-EJD | 02/16/23 | Casey Gerry Schenk Francavilla, Blatt & Penfield, LLP |
| 15. | *Lucero v. Apple Inc.* | N.D. Cal., 5:23-cv-00901-EJD | 02/28/23 | Zimmerman Reed |
| 16. | *Alvarez v. Apple Inc.* | N.D. Cal., 5:23-cv-01516-EJD | 02/28/23 S.D.N.Y. | Lockridge Grindal Nauen, P.L.L.P.<br><br>The Law Office of Paul C. Whalen, P.C. |

Two additional related cases are pending but have not yet been consolidated with this litigation:

| 17. | *Smith v. Apple Inc.* | E.D.N.Y., 2:23-cv-01774 | 03/08/23 E.D.N.Y. | Glancy Prongay Murray |
| 18. | *Puleo v. Apple Inc.* | N.D. Cal., 3:23-cv-01345-JD | 03/22/23 | Glancy Prongay Murray |

## IV.    ARGUMENT

In appointing interim class counsel "[c]ourts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Stubhub Refund Litig.*, No. 20-MD-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (citation omitted):

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

### A.    The Fisher-Wolfson Team Originated These Cases and Has Done the Most Work to Advance Them

The Fisher-Wolfson Team developed the factual underpinnings and legal theories of this litigation. They filed the first three cases nationally – *Libman, Serrano*, and *Farley* – and were the first to assert claims under the CIPA, the Pennsylvania WESCA, and New York GBL, respectively, among other laws. These statutory claims are the meat of these cases and no subsequently filed case asserts any additional factual predicates or novel theories of liability. This factor alone compels the appointment of Fisher-Wolfson Team. Fed. R. Civ. P. 23(g)(1)(A)(i); *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022) (Orrick, J.) (appointing counsel that "has done the most work to identify and investigate the potential claims").

In preparing their six complaints, members of the Fisher-Wolfson Team interviewed dozens of consumers to understand how they and other class members have been impacted by Apple's alleged conduct and to determine which individuals would be best suited to serve as lead plaintiffs in the filed complaints. Wolfson Decl., at ¶ 36. These efforts continue as the team anticipates the filing of a

- 6 -

1    consolidated complaint, and they have developed a plaintiff vetting protocol and questionnaires. *Id.*

2    The team has also expended significant effort researching public sources that may inform further

3    factual allegations for the upcoming consolidated complaint. *Id.*

4        Furthermore, the Fisher-Wolfson Team has consulted with and retained experts to help them

5    understand the ramifications of Apple's alleged practices and Apple's monetization of collected data,

6    including the experts who pioneered the investigation into Apple's conduct that led to a well-covered

7    story in Gizmodo. *Id.* Armed with expert advice as well as their own extensive experience in data

8    tracking cases, the Fisher-Wolfson Team composed and shared with all counsel evidence and device

9    preservation instructions specific to this case, that they could use for their clients. They have also

10   mapped out a strategic approach for offensive discovery.

11

**B.**      **The Fisher-Wolfson Team Has Done the Most Work to Coordinate the Proceedings and Minimize the Burden on the Judicial System**

12

13        After Ahdoot & Wolfson and co-counsel filed *Serrano* and *Farley*, they reached out to Bursor

14   & Fisher to discuss coordination of the cases. The firms agreed that, rather than magnifying

15   proceedings by seeking MDL coordination, the most efficient way to proceed in the best interest of the

16   class was to voluntarily transfer *Serrano* and *Farley* to the Northern District of California where

17   *Libman* was pending and work together to prosecute the cases. Wolfson Decl., at ¶¶ 36-37.

18        Other firms began to file copy-cat cases, incorporating allegations that closely track the

19   allegations in *Libman*, *Serrano*, and *Farley*. To streamline the proceedings, Proposed Interim Class

20   Counsel filed motions to relate cases (ECF Nos. 17, 18, 21, 24, 33, 37, 39) and a motion to consolidate

21   and appoint lead counsel under Rules 42(a) and 23(g) (ECF No. 20).

22        The Court held a status conference on March 9, 2023. ECF No. 56. The Court agreed that

23   consolidation was proper, and the Fisher-Wolfson Team volunteered to prepare a Rule 42(a)

24   consolidation stipulation. Pursuant to the Fisher-Wolfson Team's request, the Court held the June 1

25   date that the team previously secured for the hearing on lead counsel appointment. The Fisher-Wolfson

26   Team drafted and circulated a proposed consolidation stipulation and conferred with all parties to

27   ultimately obtain universal consent to the stipulation. ECF Nos. 59, 60; Wolfson Decl., at ¶ 36.

28

In response to the Court's directives, and in anticipation of the further status conference on April 27, 2023, the Fisher-Wolfson Team spearheaded the meet and confer efforts to attempt to reach consensus on leadership, as further set forth in the joint report (ECF No. 73). The Fisher-Wolfson Team drafted the joint status report and circulated it to other plaintiffs' counsel. Wolfson Decl., at ¶ 36. Other plaintiffs' counsel wanted to generally report that the parties met and conferred but did not reach consensus on leadership, but the Fisher-Wolfson Team was able to convince counsel to include the details of their respective proposals to gain the Court's feedback. *Id.* This proved to be valuable for all plaintiffs' counsel as the Court spoke directly about the proposals at the April 27, 2023 case management conference ("CMC"). Again, the Fisher-Wolfson Team led in a cooperative and inclusive manner and obtained universal consent with respect to the filing.

The Fisher-Wolfson Team has met and conferred since the April 27 CMC with other plaintiffs' counsel to explore the possibility of consensus given the Court's directives, but the parties were not able to reach consensus. Nevertheless, the Team requests that in addition to appointing them as Interim Class Counsel, the Court authorize them to assign work to young attorneys at non-appointed firms who are members of groups historically under-represented in class action leadership slates.

## C. The Fisher-Wolfson Team Have the Most Experience with Leading Data Tracking Class Actions

When selecting lead counsel for this case, the Court should consider experience in litigating data *tracking* privacy cases in particular, as opposed to other privacy cases such as data breach cases. Data tracking cases present unique issues of fact and law that are novel and evolving. The consumer class here will be best served by counsel who have experience in this niche practice and understand the technical issues of data tracking and storage (including anonymization and de-anonymization), the dark patterns of consumer notification and consent, the monetization of data, and evolving industry standards, among myriad other issues unique to this developing area of the law. *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (appointing leadership group in data tracking case that had experience from prior data tracking cases, finding that the "putative class will benefit from the knowledge and experience that [lead counsel group] gained from [those] cases.").

- 8 -

1    The Fisher-Wolfson team should be appointed because they bring the most experience in data

2    tracking class actions to the prosecution of this case. Further, the team has decades of experience

3    leading massive complex class actions effectively and efficiently in the Northern District of California

4    and other venues.

5        The qualifications and experience of the firms and lawyers comprising the team are detailed in

6    the accompanying declarations and firm resumes. *See* Wolfson Decl., at ¶¶ 3-38 and Exhibit A; Fisher

7    Decl., at ¶¶ 3-9, 13-14, and Exhibits A-D, with some highlights below.

8                            **Tina Wolfson – Ahdoot & Wolfson, PC**

9        Tina Wolfson was born in the former Soviet Union, and her family escaped when she was 11

10   years old. Seven years after arriving as an indigent refugee who spoke no English, Ms. Wolfson

11   attended Columbia College, and then Harvard Law School, graduating both *cum laude*. As one of the

12   very few female founders of a national class action firm, Ms. Wolfson has gained extensive experience

13   leading major class actions during her 27-year career and has been selected over competing applicants

14   in a myriad of cases—including in data privacy class actions—by federal and state court judges across

15   the country.

16       Ms. Wolfson and her firm have been on the cutting edge of technology-related privacy cases

17   since the late 1990s, when she successfully advocated for the privacy rights of millions of consumers

18   against major financial institutions based on the unlawful compilation and sale of detailed personal

19   financial data to third-party telemarketers without consumers' consent. Prior to the recent advances in

20   technology and the enactment of CAFA, these were the original data tracking cases brought in the

21   complex department of San Francisco Superior Court. Corporate practices exposed by Ms. Wolfson's

22   work later became the subject of Gramm-Leach-Bliley Act regulation.

23       Ms. Wolfson and her firm have been at the forefront of privacy-related litigation since then.

24   Her efforts have shaped privacy law precedent. As lead counsel in *Remijas v. Neiman Marcus Group,*

25   *LLC*, Ms. Wolfson successfully appealed the trial court's order granting a motion to dismiss based on

26   lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited in every

27   standing-related brief, was the first appellate decision to consider the issue of Article III standing in

28

- 9 -

data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) and concluded that breach victims have standing to pursue claims based on the increased risk of fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688 (7th Cir. 2015). Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litig.*, Ms. Wolfson briefed and argued, in part, the granted motions to dismiss based on standing, and briefed in part the successful appeal to the D.C. Circuit. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

More recently, Ms. Wolfson has led or prosecuted the following notable data tracking cases:

*In re: Google Location History Litigation*, No. 18-cv-05062-EJD (N.D. Cal.) (Hon. Edward J. Davila): as interim co-lead class counsel with Michael Sobol of Leiff Cabraser Heimann & Bernstein, LLP, Ms. Wolfson has litigated for nearly 5 years allegations that Google unlawfully collected and monetized mobile device location information from consumers who had "Location History" toggle turned off. After Google was originally successful on its motion to dismiss, plaintiffs successfully pleaded claims for intrusion upon seclusion, violations of the California Constitution's Right to Privacy, Art. 1, § 1, and unjust enrichment. The issues in that litigation bear an uncanny resemblance to the issues in this case and Ms. Wolfson's experience will provide an invaluable road map to maximize efficiency and recovery for the benefit of the class. As the parties have notified the Court, they recently reached a settlement in principle and will present it to the Court shortly. *In re: Google Location History Litig.*, ECF No. 313.

*In re Zoom Video Communications, Inc. Privacy Litig.*, No. 20-cv-02155-LHK (N.D. Cal.) (Hon. Lucy Koh/Hon. Laurel Beeler): as co-lead class counsel with Mark Molumphy of Cotchett, Pitre & McCarthy, LLP, Ms. Wolfson prosecuted various alleged privacy violations from the collection of personal information through third-party software development kits and the alleged failure to provide end to end encryption. Lead counsel achieved a finally approved $85 million nationwide class settlement that also included robust injunctive relief overhauling Zoom's data collection and security practice.

- 10 -

1       *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill. Cir. Ct.) (Hon. Anna M. Loftus): after nearly

2    four years of litigation, including an appeal to the Seventh Circuit, Ms. Wolfson and co-counsel

3    achieved a $100 million finally approved settlement based on allegations that Google unlawfully

4    collected, stored, and monetized consumers' biometrics through the Google Pics application in

5    violation of the Illinois Biometric Information Privacy Act.

6        *Google Digital Advertising Antitrust Litigation*, No. 21-md-03010-PKC (S.D.N.Y.) (Hon. P.

7    Kevin Castel) (co-lead counsel) and *Klein v. Meta Platforms, Inc.*, No. 20-cv-08570-JD (N.D. Cal.)

8    (Hon. James Donato) (Executive Committee): Ms. Wolfson is prosecuting alleged anti-competitive

9    practices on behalf of advertisers, which implicate Facebook/Meta's and Google's alleged data

10   tracking practices.

11      *Jane Doe v. Antelope Valley Medical Center*, No. 23STCV05382 (Cal. Super. Ct. Los Angeles

12   Cty.), *Cousin, et al. v. Sharp Healthcare*, No. 22-cv-02040-MMA-DDL (S.D. Cal.), and *Warren v.*

13   *Pomona Valley Hospital Medical Center*, No. 23STCV05324 (Cal. Super. Ct. Los Angeles Cty.):

14   class actions alleging that defendant medical providers unlawfully share protected information with

15   Meta/Facebook by including a Facebook Pixel tracking tool on their websites.

16      Ms. Wolfson will be supported by her partner Theodore W. Maya and associate Deborah M.

17   De Villa. Mr. Maya served as Editor-in-Chief of the UCLA Law Review, and from July 2003 to August

18   2004 he served as Law Clerk to the Honorable Gary Allen Feess in the United States District Court for

19   the Central District of California. Mr. Maya has been a pivotal member of Ahdoot Wolfson's privacy

20   team since he joined the firm in 2011, with active roles in the above-mentioned cases at both the trial

21   and appellate levels.

22      Ms. De Villa graduated from Pepperdine University School of Law in 2016. Born in the

23   Philippines, Ms. De Villa moved to Florida at the age of sixteen to attend IMG Golf Academy as a

24   full-time student-athlete. Ms. De Villa earned a scholarship to play NCAA Division I college golf at

25   Texas Tech University, where she graduated *magna cum laude* with a Bachelor of Arts in Psychology

26   and a minor in Legal Studies. Ms. De Villa has gained substantial experience litigating class actions

27   with AW and focuses her practice on consumer protection and privacy class actions. Ms. De Villa is a

28

1   highly skilled young attorney who demonstrates leadership, a hard work ethic, and a commitment to

2   excellence in all her endeavors.

3   **L. Timothy Fisher – Bursor & Fisher, P.A.**

4       L. Timothy Fisher has an active practice in consumer class actions and complex business

5   litigation and has also successfully handled many civil appeals.

6       Mr. Fisher has led numerous cases that resulted in multi-million-dollar recoveries for

7   consumers and investors, with a wide range of issues including nutritional labeling, health care,

8   telecommunications, corporate governance, unfair business practices and consumer fraud. With his

9   partner Scott A. Bursor, Mr. Fisher has tried five class action jury trials, all of which produced

10  successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of

11  $50,024,611—the largest class action award in California in 2009 and the second-largest jury award

12  of any kind. In 2019, Mr. Fisher served as trial counsel with Mr. Bursor and his partner Yeremey

13  Krivoshey in *Perez v. Rash Curtis & Associates*, where the jury returned a verdict for $267 million in

14  statutory damages under the Telephone Consumer Protection Act.

15      Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars

16  of the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the

17  Northern, Central, Southern and Eastern Districts of California, the Northern District of Illinois, the

18  Eastern District of Michigan, and the Eastern District of Missouri. Mr. Fisher taught appellate

19  advocacy at John F. Kennedy University School of Law in 2003 and 2004. In 2010, he contributed

20  jury instructions, a verdict form, and comments to the consumer protection chapter of Justice Elizabeth

21  A. Baron's *California Civil Jury Instruction Companion Handbook* (West 2010). In January 2014,

22  Chief Judge Claudia Wilken of the United States District Court for the Northern District of California

23  appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on

24  Professional Conduct.

25      Mr. Fisher received his Juris Doctor from Boalt Hall at the University of California at Berkeley

26  in 1997. While in law school, he was an active member of the Moot Court Board and participated in

27  moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best

28

- 12 -

Oral Argument in the first-year moot court competition. In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

Mr. Fisher will be supported by Ms. Brittany Scott, who is an associate attorney at Bursor & Fisher. She received her J.D. from the University of California, Hastings College of the Law in 2019, graduating cum laude. During law school, Brittany was a member of the Constitutional Law Quarterly, for which she was the Executive Notes Editor. Brittany also served as a judicial extern to the Honorable Andrew Y.S. Cheng for the San Francisco Superior Court. In 2016, Brittany graduated from the University of California, Berkeley with a B.A. in Political Science. Ms. Scott has substantial experience litigating class actions with Bursor & Fisher and focuses her practice on data privacy claims under statutes such as the Illinois Biometric Privacy Act, the Fair Credit Reporting Act, and the Michigan Preservation of Personal Privacy Act. Ms. Scott is a dedicated young attorney who demonstrates a strong work ethic in every endeavor, and she will work effectively with Mr. Fisher and other members of the leadership team.

Bursor & Fisher has extensive experience in data privacy litigation and has consistently prevailed at the class certification, summary judgment, and appellate levels in cases concerning data privacy issues. *See, e.g.*, *Fischer v. Instant Checkmate LLC*, No. 19-cv-04892, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022) (certifying class of Illinois residents under the Illinois Right of Publicity Act); *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017) (granting consumer's motion for summary judgment against magazine publisher for violations of the Michigan Video Rental Privacy Act, and denying magazine publisher's motion for summary judgment); *Javier v. Assurance IQ, LLC*, No. 21-cv-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) (reversing district court and siding with plaintiff's interpretation of California wiretapping statute); *Mora v. J&M Plating, Inc.*, 2022 IL App (2d) 210692 (reversing trial court and siding with plaintiff's interpretation of Illinois Biometric Information Privacy Act); *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill Cir. Ct. 2022) (granting final approval to a $100 million settlement based on allegations that Google unlawfully

collected, stored and monetized consumers' biometrics through the Google Pics application in violation of the Illinois Biometric Information Privacy Act); *Edwards v. Hearst Commc'ns, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) (granting final approval of $50 million class settlement, one of the largest data privacy settlements ever); *Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) (granting final approval of $16.375 million class settlement); *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) (granting final approval of $13.75 million class settlement); *Kain v. The Economist Newspaper NA, Inc.*, Case No. 4:21-cv-11807 (E.D. Mich. 2023) (granting final approval of $9.5 million class settlement); *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) (granting final approval for $8.225 million class settlement); *Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) (granting final approval of $7.6 million class settlement).

### 1. The Court Should Also Appoint a Plaintiffs' Steering Committee

As noted above, Plaintiffs also respectfully submit that the Court appoint a PSC comprised of Gayle Blatt of Casey Gerry, Samantha E. Holbrook of Shub & Johns LLC, and Raphael Janove of Pollock Cohen LLP. Given the size of the litigation, which encompasses millions of Apple device users across the country, a steering committee of three attorneys who will assist Proposed Co-Lead Counsel as necessary is warranted. *See, e.g. In re Apple Inc. Device Performance Litig.,* No. 18-md-02827-EJD, 2018 WL 11360203, at *2 (N.D. Cal. May 15, 2018) (Davila, J.) ("The proposed number of attorneys is warranted in light of the projected size of the case, including the potential number of class members."). Once appointed, proposed Interim Class Counsel will submit a billing protocol to the Court for approval to ensure efficiency.

An overview of the proposed PSC team members' backgrounds and representative matters appears below and are further detailed in their declarations. *See* Blatt Decl., at ¶¶ 8-10, 13-16, 20-25, Ex. A; Holbrook Decl., ¶¶ 5-11, Ex. A; Janove Decl., at ¶¶ 6-11, Ex. A.

1

**Gayle Blatt – Casey Gerry**

2    Gayle M. Blatt, a partner at Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, has an

3    impressive legal career spanning over three decades with the firm, and has established herself as a

4    leader in complex litigation, championing the rights of individuals against corporate giants. As chair

5    of Casey Gerry's Complex Litigation Department, she focuses on privacy, consumer, automobile

6    defect and other complex litigation. She has extensive experience in data security litigation and has

7    served by appointment in many cases nationwide. She was also privileged to work with the leadership

8    team in *In re: Volkswagen "Clean Diesel" Marketing,* Sales *Practices, and Products Liability*

9    *Litigation*, MDL No. 2672 (N.D. Cal.) and the other cases within that sprawling MDL. In less than a

10   year, a settlement was reached with Volkswagen totaling $14.7 billion relating to their 2.0-liter

11   engines. A further settlement involving 3.0-liter engines was negotiated with a value of at least $1.2

12   billion. Casey Gerry's work also helped achieve a separate $327.5 million settlement from defendant

13   Bosch. And, although the allegations were distinct, Ms. Blatt assisted on the additional case against

14   Audi—the *"Audi CO2 Cases,"* and a separate case against Porsche - the *"Porsche Gasoline Emissions*

15   *Cases,"* MDL No. 2672 (N.D. Cal.), which cases were consolidated in the Volkswagen Clean Diesel

16   MDL. Settlements of $96.5 million and $80 million respectively were achieved in those cases. She

17   also served on the Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litig.*,

18   MDL No. 2827 (N.D. Cal.), a computer intrusion case which resulted in a nationwide settlement of

19   $310,000,000.

20   Ms. Blatt has served in leadership in a number of data security cases too, some of which

21   include: *In re: Yahoo! Inc. Customer Data Security Breach Litig.*, Case No. 16-md-02752 (N.D. Cal.),

22   where she oversaw the drafting of the consolidated master complaint, opposed motions to dismiss,

23   drafted discovery, defended depositions, worked with damages experts and participated in settlement.

24   negotiations that resulted in a common fund settlement of $117,500.000.00; *In re: Warner Music Grp*

25   *Data Breach*, Case No. 20-cv-07473-PGG (S.D.N.Y.); *In re: Netgain Tech., LLC, Consumer Data*

26   *Breach Litig.*, No. 21-cv-1210-SRN-LIB (D. Minn.); *DeSue v. 20/20 Eye Care Network, Inc., et al.*,

27   Case No. 21-cv-61275-RAR (S.D. Fla.); *Pfeiffer et al. v. RadNet, Inc.*, Case No. 20-cv-09553-RGK-

28

- 15 -

SK (C.D. Cal.); *Tate v. EyeMed Vision Care, LLC*, Case No. 21-cv-00036-DRC (S.D. Ohio); *In re: US Fertility LLC Data Security Litig.*, Case No. 21-cv-002 99 (D. Md.), *In re: Citrix Data Breach Litig.*, Case No. 19-cv-61350-RKA (S.D. Fla.); *Sung et al., v. Schurman Fine Papers d/b/a Schurman Retail Grp.*, Case No. 17-cv-02760-LB (N.D. Cal.); and *In re: Sony Gaming Networks and Customer Data Security Breach Litig.*, Case No. 11-md-02258-AJB (S.D. Cal.).

Ms. Blatt is not only an advocate for her clients, but also an advocate for positive change in society. She actively engages with organizations in the legal community and promotes initiatives that foster social justice and equality. Her passion for making a difference extends beyond the courtroom, as she strives to create a more equitable and inclusive community for all.

### Samantha E. Holbrook – Shub & Johns LLC

Samantha E. Holbrook is a partner at Shub & Johns LLC and has been a class action litigator for over a decade. Her practice focuses on complex consumer class actions, including data privacy and security, product defect, and consumer protection. She has experience handling and litigating all aspects of the prosecution of national class action litigation asserting claims under state and federal law challenging predatory lending practices, product defects, consumer fraud and deceptive acts and practices in federal and state courts throughout the country.

Over the course of her career, Ms. Holbrook has provided substantial assistance in the prosecution of the following cases: *Suarez v. Nissan North America*, Case No. 21-cv-00393 (M.D. Tenn.) (appointed lead class counsel in a consumer class action alleging defective headlamps in Nissan Altima vehicles which reached a settlement valued at over $50 million that provides reimbursements, free repairs, and an extended warranty); *Kostka v. Dickey's Barbecue Restaurants, Inc*., Case No. 20-cv-03424-K (N.D. Tex.) (appointed as additional class counsel on behalf of consumers whose sensitive payment card information was exposed in a data breach at Dickey's restaurant chains); *In re Wawa, Inc. Data Security Litig*., Case No. 19-cv-06019-GEKP (E.D. Pa.) (achieved $12 million settlement on behalf of consumers whose payment card information was exposed to criminals as part of a highly-publicized  data breach). Ms. Holbrook was also an integral part of the trial preparation team in *Board of Trustees of the AFTRA Retirement Fund, et al. v. JP Morgan Chase Bank, N.A.*, No. 09-cv-686,

- 16 -

2012 WL 2064907 (S.D.N.Y. June 7, 2012), which settled on the eve of trial for $150 million. She also was part of the trial team for two nationwide class action cases against providers of inmate calling services that were slated to go to trial and made significant contributions in the way of preparing the cases for nationwide jury trials, including but not limited to preparing jury questionnaires, drafting motions *in limine*, and preparing trial exhibits. *See* Holbrook Decl. at Exhibit A. Ms. Holbrook's law firm, Shub & Johns, has considerable courtroom experience. For example, Jonathan Shub, Shub & Johns's co-founder, was co-lead and co-trial counsel in a case against a municipality for violation of a state privacy law. The class action trial resulted in a jury award of approximately $68 million to the class. *See Taha v. County of Bucks, et al.*, Case No. 09-cv-02761 (E.D. Pa.). Further, Benjamin Johns, co-founder of Shub & Johns, extensively litigated a product defect action against Apple before Judge Davila, having successfully argued two motions to dismiss and co-arguing plaintiffs' motion for class certification in the case, which ultimately settled for $50 million. *See In re Macbook Keyboard Litig.*, Case No. 18-cv-02813-EJD (N.D. Cal.). Mr. Johns additionally served as co-lead counsel, and successfully argued against motions to dismiss, in two defective smartphone actions—both against Google—in the Northern District of California, which each settled for significant sums. *See In re Nexus 6P Product Liability Litig.*, Case No. 17-cv-02185-BLF (N.D. Cal.) (case resulted in a settlement valued at $9.75 million); *Weeks v. Google LLC*, No. 18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943, at *8-9 (N.D. Cal.) (case resulted in a $7.25 million settlement). Ms. Holbrook will be supported by Mr. Shub and Mr. Johns and draw from their vast experience in vigorously litigating for the class in this action.

Ms. Holbrook received her law degree from Temple University Beasley School of Law. While in law school, she served as the President of the Moot Court Honor Society and President of the Student Animal Legal Defense Fund. She was also a member of Temple's nationally recognized Trial Team. Upon graduating, she served as an adjunct professor for Temple coaching its Trial Team from 2013-2018, coaching the team to a first-place victory in March 2014. After law school, she also coached Temple's Moot Court Honor Society teams from 2012-2018. Having gained invaluable experience in

all aspects of class action litigation, Ms. Holbrook stands ready to join the ranks of the next-generation diverse class action leaders.

### **Raphael Janove – Pollock Cohen LLP**

Raphael Janove is a partner at Pollock Cohen LLP, where he primarily represents plaintiffs in class actions in federal trial and appellate courts across the country. Prior to joining the plaintiff's bar in 2020, Mr. Janove worked as a defense attorney at two top national firms, Sullivan & Cromwell LLP and Eimer Stahl LLP. He has experience on both sides of litigation and has practiced across many areas, including antitrust, securities, and consumer class actions, international arbitrations, governments investigations, and nationwide lawsuits brought by states and municipalities against major fossil fuel producers. Mr. Janove received his law degree from the University of Chicago Law School, where he graduated with high honors, was elected to the Order of the Coif, and was named a Kirkland & Ellis scholar. He also served as Articles Editor of The University of Chicago Law Review and was the inaugural recipient of the Douglas Baird Prize in Commercial Law. Following law school, Mr. Janove clerked for the Honorable Thomas L. Ambro of the U.S. Court of Appeals for the Third Circuit, and for the Honorable Paul S. Diamond of the U.S. District Court for the Eastern District of Pennsylvania. *See* Janove Decl. at Exhibit A.

In his ascendant practice as a plaintiff-side class action attorney, Mr. Janove has developed and led many cases, and has achieved class settlements and class-counsel appointments including: *Tipsy Nail Club v. ClassPass*, Case No. 1:21-cv-08662 (S.D.N.Y.) (bringing forward a novel Lanham Act class action theory and reaching in-principle a first-of-its-kind settlement with monetary relief to the class, which per a recent court hearing, will shortly receive preliminary approval and Mr. Janove's appointment as co-lead counsel); *WeCare RG, Inc. v. Giftly Inc.*, Case No. 2:22-cv-02672 (E.D. Pa.) (Mr. Janove was appointed class counsel and the settlement received preliminary approval in a Lanham Act class action on behalf of small businesses that recently achieved preliminary approval); *Salon Phoenix Cosmetology LLC v. Groupon, Inc.*, No. 22-cv-07162 (N.D. Ill.) (Mr. Janove recently reached a class-wide settlement in principle in another Lanham Act lawsuit); *Ruderman v. McHenry County*, No. 3:22-cv-50115 (N.D. Ill.) (bringing a novel action against a public defendant without a private

- 18 -

party, on behalf of civil immigrant detainees who were unlawfully forced to work without pay); *Keebaugh v. Warner Bros. Entm't Inc.*, No. 22-cv-01272 (C.D. Cal.) and *State of Survival: Zombie War* in *Prado, et al. v. FunPlus Int'l AG*, Case No. 22-cv-05023 (N.D. Cal.) (bringing actions on behalf of hundreds of thousands of video game players, including minors, who fell victim to deceptive advertising). Janove Decl., at ¶ 11. After Mr. Janove argued and defeated the National Football League's summary judgment motion earlier this year, U.S. District Court Judge Paul A. Engelmayer remarked: "I very much respect the force of your advocacy on the discrete issue before me." *Id*.

Mr. Janove is supported by his firm, which includes many attorneys who have clerked on both federal trial and appellate courts, with decades of plaintiff-side and public sector experience, including multiple former Special Counsel and Assistant Attorneys General for the New York State Office of the Attorney General. *Id.*, at ¶ 4. Pollock Cohen has extensive class action and plaintiffs-side experience, pursuing actions against major companies with billions in revenue. *Id.*, at ¶¶ 11–13, 22.

Mr. Janove will also draw on his firm's technical background. Adam Pollock, the founding and managing partner of the firm who will support Mr. Janove, holds a degree in Computer Science and previously worked (among other tech companies) on First Avenue in San Jose, at a cloud computing start-up. In working on cases like these, he brings to bear his tech-forward approach, and will be able to closely work with Plaintiffs' experts and in examining Defendant's experts.

The firm has prosecuted many data privacy class actions, including *Rodriguez Perez v. Amazon.com, Inc.*, No. 23-cv-2251 (S.D.N.Y.) and *Mallouk v. Starbucks Corp.*, No. 23-3772 (S.D.N.Y.) (biometrics data tracking) and *Holden et al v. Guardian Analytics, Inc. et al.*, No. 23-cv-02115 (D.N.J.) and *Mutnick v. One Brooklyn Health Sys., Inc*., No. 512953/2023 (NY Sup. Ct.) (data breach cases). Janove Decl., at ¶¶ 14–16, ¶¶ 18–22.

### 2. Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Interim Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. Wolfson Decl., at ¶¶ 38, 40; Fisher Decl., at ¶ 10. The team and their firms have a proven track-record of success leading and litigating complex class action cases, including data privacy matters that have protracted

over many years.[4] *See* Wolfson Decl., at ¶¶ 7-33 and Ex. A; Fisher Decl., at ¶¶ 3-9, 13-14, and Exs. A-D; Blatt Decl., at Ex. A; Holbrook Decl. at Ex. A; Janove Decl. ¶¶ 4, 11– 13, 22 and Ex. A. Each applicant understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. There is no better evidence of Proposed Interim Class Counsel's commitment than the significant human and financial resources they have already devoted to this litigation. *See* Section IV.A-B, *supra*.

### 3.      Diversity and Future Leaders

As this Court and numerous courts in this district have recognized, national consumer classes benefit from diverse leadership slates. Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*, Best Practice 4E. "Diversity is also a factor that [judges] weigh carefully . . . in this District and across the nation." *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (citing *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 19-md-02913 (N.D. Cal.), Dkt. 821 at 16:3-5 ("I'd like to see what your suggestions are as far as leadership, who are the people who are going to be responsible in a way that enhances the strengths you have in diversity"); *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (appointing Ms. Wolfson and co-lead interim counsel  who "demonstrated careful attention to creating

---

[4]      *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-md-2633-SI, 2019 WL 3410382, at *11 (D. Or. July 29, 2019) (noting, in connection with granting preliminary approval, that "[t]he Court specifically selected [AW and co-counsel] for their extensive experience in prosecuting complex class actions"; that class counsel "vigorously prosecuted the case"; and that class counsel "demonstrated their willingness to continue prosecuting this case, including taking this matter to trial if necessary"); *Perez v. Rash Curtis & Assocs.*, No. 16-cv-03396-YGR, 2021 WL 4503314, at *2 (N.D. Cal. Oct. 1, 2021) ("This Court does not often offer praise, expecting high performance from all counsel. Here though, experienced counsel [(Bursor & Fisher, P.A.)] has done an excellent job on behalf of plaintiff and the class and vigorously pursued the claim despite numerous hurdles.").

1   a diverse team"); *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D.

2   Cal. July 14, 2020) (noting the need for diversity and how "the attorneys running this litigation should

3   reflect the diversity of the proposed national class"); *Sayce v. Forescout Techs., Inc.*, No. 20-cv-00076-

4   SI, 2020 WL 6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity,

5   including by female lawyers" among co-lead counsel and "strongly urg[ing] all parties to this case to

6   make meaningful litigation opportunities available to junior and underrepresented lawyers throughout

7   the pendency of this action") (emphasis omitted)).

8           The Fisher-Wolfson Team is diverse in terms of gender, age, geography, life experience, and

9   includes members of the LGBTQ2+ community, providing lawyers from groups that have been

10  historically underrepresented in the legal profession a meaningful opportunity to participate in this

11  type of significant litigation.

12          Both Mr. Fisher and Ms. Wolfson put a strong emphasis on diversity in their hiring practices

13  and the composition of their firms reflect this attitude. Both of their firms are heavily invested in

14  training the next generation of diverse and inclusive plaintiffs' class action leaders. Bursor & Fisher

15  has been a leader at hiring diverse law firm staff and training its young attorneys and regularly allows

16  associates to perform substantive work on cases, appear in court, and argue motions in federal courts

17  around the country. In addition to its founding partners, the other partners at Ahdoot Wolfson include

18  members of historically under-represented backgrounds, and all their associates are either women or

19  members of historically under-represented groups.

20          Mr. Fisher and Ms. Wolfson extend their commitment to developing the next generation of

21  diverse leaders beyond their own firms. They request that in addition to appointing their diverse slate,

22  the Court authorize them to delegate work to lawyers from the other plaintiffs' firms who are members

23  of groups historically under-represented in the plaintiffs' class action bar. If so authorized, Mr. Fisher

24  and Ms. Wolfson will solicit background summaries from attorneys at other firms who wish to

25  participate in the litigation, including their "wish lists" of projects they would like to work on. They

26  will conduct informal interviews and assign appropriate tasks to all selected candidates. Interim Lead

27  Counsel will not charge the class for these efforts. All time sheets will be audited according to the

28

usual protocols, as well as to make sure that the class is not over-charged for tasks performed by young attorneys. In leading this case, Mr. Fisher and Ms. Wolfson vow to provide meaningful opportunities to the next generation of class action leaders in court, at the conference table, and behind the scenes. They volunteer to report to the Court on these efforts periodically.

## V.       CONCLUSION

Plaintiffs respectfully request the Court to grant their motion and enter an order: (1) appointing Tina Wolfson and L. Timothy Fisher as Interim Class Counsel, (2) appointing Gayle M. Blatt, Samantha E. Holbrook and Raphael Janove to the Plaintiffs' Steering Committee, and (3) authorizing Interim Class Counsel to delegate work to lawyers in non-appointed firms who represent historically under-represented attorneys in the plaintiffs' class action bar. A proposed order granting this relief is submitted with this Motion.

Dated: May 18, 2023                               Respectfully submitted,

                                                  /s/ Tina Wolfson
                                                  Tina Wolfson (SBN 174806)
                                                  twolfson@ahdootwolfson.com
                                                  Theodore W. Maya (SBN 223242)
                                                  tmaya@ahdootwolfson.com
                                                  Deborah Marie De Villa (SBN 312564)
                                                  ddevilla@ahdootwolfson.com
                                                  **AHDOOT & WOLFSON, PC**
                                                  2600 W. Olive Avenue, Suite 500
                                                  Burbank, CA 91505
                                                  Telephone: (310) 474-9111
                                                  Facsimile: (310) 474-8585

                                                  Andrew Ferich (admitted *pro hac vice*)
                                                  aferich@ahdootwolfson.com
                                                  **AHDOOT & WOLFSON, PC**
                                                  201 King of Prussia Road, Suite 650
                                                  Radnor, PA 19087
                                                  Telephone: (310) 474-9111
                                                  Facsimile: (310) 474-8585

                                                  L. Timothy Fisher (SBN 191626)
                                                  ltfisher@bursor.com
                                                  Brittany S. Scott (SBN 327132)

- 22 -

1

*bscott@bursor.com*
**BURSOR & FISHER, P.A.**

2

1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596

3

Telephone: (925) 300-4455

4

Facsimile: (925) 407-2700

5

Philip L. Fraietta (admitted *pro hac vice*)
*pfraietta@bursor.com*

6

**BURSOR & FISHER, P.A.**

7

888 Seventh Avenue
New York, NY 10019

8

Telephone: (646) 837-7150
Facsimile: (212) 989-9163

9

10

Benjamin F. Johns (*pro hac vice* forthcoming)
*bjohns@shublawyers.com*
Samantha E. Holbrook (admitted *pro hac vice*)

11

*sholbrook@shublawyers.com*

12

**SHUB & JOHNS LLC**
134 Kings Highway E.

13

Haddonfield, NJ 08033
Telephone: (856) 772-7200

14

15

Raphael Janove (admitted *pro hac vice*)
*Rafi@PollockCohen.com*

16

Adam Pollock (*pro hac vice* forthcoming)
*Adam@PollockCohen.com*

17

**POLLOCK COHEN LLP**

18

111 Broadway, Suite 1804
New York, NY 10006

19

Telephone: (212) 337-5361

20

David S. Casey, Jr. (SBN 060768)
*dcasey@cglaw.com*

21

Gayle M. Blatt (SBN 122048)

22

*gmb@cglaw.com*
P. Camille Guerra (SBN 326546)

23

*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA**

24

**BLATT & PENFIELD, LLP**
110 Laurel Street

25

San Diego, CA 92101
Telephone: (619) 238-1811

26

Facsimile: (619) 544-9232

27

*Proposed Interim Class Counsel*

28

- 23 -