UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE DATA PRIVACY LITIGATION | Case No.   5:22-cv-07069-EJD<br><br>**ORDER APPOINTING INTERIM LEAD CLASS COUNSEL**<br><br>Re: ECF Nos. 87, 88 |

Before the Court are two applications to serve as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g).  ECF Nos. 87, 88.  On June 1, 2023, the Court heard argument on the applications.  ECF No. 92.  Having carefully considered both applications as well as the arguments at hearing, the Court hereby appoints the firms Bursor & Fisher, P.A., and Lynch Carpenter, LLP, as interim co-lead counsel.

## I.      BACKGROUND

Defendant Apple Inc. is a technology company that markets and sells iPhones and iPads. As part of its marketing efforts, Apple has heavily promoted the privacy features that those devices offer, including settings that purport to disable all tracking and collection of data on those devices.  According to the plaintiffs in this consolidated action, those settings do not function as Apple promises:  Even if a user turns off tracking and collection of data in her settings, Apple still collects data from the first-party apps on her device.

This issue first surfaced publicly in November 2022, in an article discussing the findings of security researchers from the company, Mysk.  Subsequently, several plaintiffs filed suit against Apple in this and other districts.  The parties cooperated to consolidate all cases, and there are now

Case No.: 5:22-cv-07069-EJD
ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

1

United States District Court
Northern District of California

seventeen (17) consolidated cases pending before this Court.  Consolidation Orders, ECF Nos. 60, 86, 96.

The Court held status conferences on March 9, 2023 and April 27, 2023, during which it encouraged plaintiffs' counsel to meet and confer and to propose a leadership structure that would best serve the interests of the putative class.  ECF Nos. 56, 80.  Despite their best efforts, plaintiffs' counsel were unable to reach an agreement.  Consequently, two competing teams emerged, and each filed an application to serve as interim lead class counsel.  The two teams are as follows:

    1)  Morgan & Morgan, P.A. and Lynch Carpenter, LLP, as interim co-lead class counsel, and Lockridge Grindal Nauen, P.L.L.P. as the "Coordinator of Diversity and Leadership Development" (ECF No. 87); and

    2)  Tina Wolfson of Ahdoot & Wolfson, PC and L. Timothy Fisher of Bursor & Fisher, P.A., as interim co-lead class counsel, and attorneys from Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Shub & Johns LLC, and Pollock Cohen LLP as members of a Plaintiffs' Steering Committee (ECF No. 88).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Appointing interim class counsel is appropriate where there are "overlapping, duplicative, or competing class suits [] pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."  *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citation omitted).  Although Rule 23(g)(3) does not offer an explicit rubric for evaluating the appointment of interim counsel, courts have considered the factors enumerated in Federal Rule of Civil Procedure 23(g)(1).  *Brown v. Accellion, Inc.*, 2023 WL 1930348, at *2 (N.D. Cal. Feb. 10, 2023).

There are four factors that the Court must consider in appointing interim counsel:  "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's

Case No.: 5:22-cv-07069-EJD
ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

United States District Court
Northern District of California

experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Apart from these mandatory factors, the Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Ultimately, the Court must be satisfied that counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). "If more than one adequate applicant seeks appointment, the [C]ourt must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### III.   DISCUSSION

As a threshold matter, the Court notes that appointing interim class counsel in this action is appropriate because nearly twenty competing cases have been consolidated before the Court. *See White*, 239 F.R.D. at 683. Moreover, the Court finds that all applicants are adequate under Rules 23(g)(1)(A) and 23(g)(4). All proposed interim counsel have devoted significant time and resources to investigating the proposed claims, and both teams have already retained experts to further their understanding of Apple's privacy practices. They also possess extensive qualifications and experiences, having litigated numerous class and complex actions, including consumer privacy actions. And the Court is assured that all applicants will be able to commit the resources required. Because each applicant satisfies the mandatory criteria for appointment, the Court is left to consider "other matter[s] pertinent" to identifying the "applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (g)(2).

In doing so, the Court is guided in part by its recognition that the groups behind each competing proposal have already done substantial work in developing the factual and legal theories that underpin this action. The putative class will greatly benefit from having access to the work done by both proposed teams. As such, it would best serve the putative class to construct a leadership group involving firms from both proposed teams. Specifically, the Court finds that appointing Bursor & Fisher, P.A., and Lynch Carpenter LLP as interim co-lead counsel would satisfy the goals and requirements of Rule 23. Bursor & Fisher laid the groundwork for this action

Case No.: 5:22-cv-07069-EJD
ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

with its initial complaint and has been diligent in coordinating the numerous individual cases for consolidation.  Lynch Carpenter has demonstrated an ability to build consensus, and the Court believes that its forceful advocacy will be a great boon to the putative class.  The Court has the utmost confidence that these firms will capably represent the putative class.

The Court also acknowledges that this action raises complex issues of law and fact such that the putative class may benefit from the support of additional counsel.  Therefore, interim co-lead counsel are instructed to meet and confer with all other plaintiffs' counsel and to propose a structure involving four to six total law firms.  With regards to any proposed structure, the Court reminds counsel of the guidance that it has already offered at prior status conferences.  The Court also encourages co-lead counsel to consider how they can marshal consensus, building a team that reflects the considerable capabilities of firms that supported both the Morgan-Lynch and the Fisher-Wolfson applications and that can work together in an efficient and professional manner.  Finally, the Court reiterates that it is important for the firms representing the putative class to demonstrate their commitment to diversity and the growth of their newer attorneys.  However, the Court does not believe that a "Coordinator of Diversity and Leadership Development" is appropriate to include in a proposed structure.  Efforts to promote diversity and to develop junior attorneys are the responsibility of every single firm—it is not a task that can or should be delegated to a single firm.  Although the Court appreciates counsel's awareness that there is work to be done, an independent coordinator position is not the way forward in this instance.[1]

With respect to timekeeping and billing, the Court expects co-lead counsel to maintain accurate and contemporaneous timekeeping records, billed in tenth-of-an-hour increments with descriptions of the activity billed.  Co-lead counsel shall exchange and review all billing records with each other on a monthly basis.  Finally, co-lead counsel shall compile and provide

[1] The Court commends plaintiffs' counsel for their willingness to discuss matters of diversity and development at the hearing on these motions, but it was surprised that the conversation proved so difficult.  The Court has high expectations of all firms that practice before it, and hopes that, moving forward, the partners of those firms will continue to take responsibility for their firms' record on diversity and development and will continue to evaluate how they can continue improving that record.

Case No.: 5:22-cv-07069-EJD
ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

4

United States District Court
Northern District of California

timekeeping and billing records to the Court in camera on a quarterly basis or promptly upon request from the Court.

## IV.    CONCLUSION

The Court APPOINTS Bursor & Fisher, P.A., and Lynch Carpenter, LLP, as Interim Co-Lead Counsel under Rule 23(g)(3).

The Court also SETS the Initial Case Management Conference for **July 27, 2023, at 10:00 am**.  The parties shall submit their joint case management statement no less than **ten (10) days** prior to the conference.  Interim Co-Lead Counsel shall also submit a report and proposed order on their proposed leadership structure no less than **ten (10) days** prior to the conference.

**IT IS SO ORDERED.**

Dated: July 5, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07069-EJD
ORDER APPOINTING INTERIM LEAD CLASS COUNSEL
5

United States District Court
Northern District of California