Emily Johnson Henn (Bar No. 269482)
Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7030
Facsimile: (415) 955-6530
Email: aheath@cov.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE DATA PRIVACY LITIGATION | Case No.: 5:22-CV-07069-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Edward J. Davila<br>Date: March 21, 2024<br>Time: 9:00 AM<br>Courtroom: 4 – 5th Floor |

In support of Apple's concurrently filed Motion to Dismiss, and pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201(b), Defendant Apple Inc. ("Apple") respectfully requests that the Court treat as incorporated by reference or take judicial notice of the following documents, which are attached as Exhibits 1-18 to the accompanying Declaration of Amy S. Heath. To the extent that plaintiffs seek to rely on any other version of these documents, Apple requests that the Court take notice of those other versions as well.

- The iOS and iPadOS 16 Software License Agreement and watchOS 9 Software License Agreement, which govern use of certain technology plaintiffs claim to have used (Exs. 1-2);
- Apple's privacy disclosures applicable to the services at issue, including the Privacy Policy, specific privacy disclosures for the apps and settings at issue in the complaint, and the Family Privacy Disclosure for Children (Exs. 3-14, 17-18);
- Images of the screens containing the "Share [Device] Analytics" and "Allow Apps to Request to Track" settings that plaintiffs put at issue in the complaint (Exs. 15-16).

## I. LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, a district court may consider documents incorporated into the complaint by reference or subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Under the incorporation-by-reference doctrine, the Court may consider documents attached to or referenced in the complaint and documents that are "integral" to the plaintiffs' claims and whose authenticity "is not in question," even if the complaint does not explicitly cite them. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Khoja*, 899 F.3d at 1002 (acknowledging that, in some cases, documents may "form[] the basis of the plaintiff's claim" even "if the complaint does not mention the document at all"); *Mai v. Supercell Oy*, 648 F. Supp. 3d 1130, 1138 n.3 (N.D. Cal. 2023) (Davila, J.) (considering Terms of Service, even though not explicitly referenced in complaint, because Terms of Service governed use of games upon which claims were based).

In addition, Federal Rule of Evidence 201 permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Proper subjects of judicial notice on a motion to dismiss include publicly accessible websites, including terms of service and privacy policies that are published on websites. *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189-90 (N.D. Cal. 2019) (Davila, J.) (granting judicial notice of publicly available websites, including privacy disclosures); *see also Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (Davila, J.) (granting judicial notice of online store).

## II.  ARGUMENT

The Court should consider Exhibits 1-18 when ruling on the motion to dismiss because they are integral to plaintiffs' claims and are therefore incorporated by reference into the complaint. The complaint's express reliance on Apple's Software License Agreements, privacy disclosures, and descriptions of privacy settings confirms that these documents form the basis of plaintiffs' claims. In addition, Exhibits 1-3, 9-14, and 18 are available on publicly accessible websites, making them judicially noticeable.

### A.  Exhibits 1-18 Are Incorporated by Reference Because They Are Integral to Plaintiffs' Claims.

Exhibits 1-18 are incorporated by reference into the complaint because plaintiffs' claims "depend" on them. *See Knievel v. ESPN*, 393 F.3d 1068, 1070-76 (9th Cir. 2005). *First*, plaintiffs allege breach of contract, implied contract, and implied covenant of good faith and fair dealing claims based explicitly on Apple's Software License Agreements (Exs. 1-2), Privacy Policy (Ex. 3), "disclosures" (Exs. 4-14), Share [Device] Analytics and Allow Apps to Request to Track settings (Exs. 15-16), Tracking disclosure (Ex. 17), and Family Privacy Disclosure for Children (Ex. 18). Compl. ¶¶ 103-14, 122-24, 134. Further, plaintiffs expressly base their breach-of-contract claim on the section of the Privacy Policy that incorporates "data and privacy information embedded in our products and certain features that ask to use your personal data," *e.g.*, the apps' welcome screens and service-specific privacy disclosures (Exs. 4-14).

The complaint thus incorporates Exhibits 1-18 by reference through the contract claims. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (treating Terms of Service and Privacy Policy as incorporated by reference because they "form[ed] the basis" of plaintiffs' breach of contract claim).

*Second*, plaintiffs' claims all turn on whether the challenged practices were disclosed and therefore agreed to. *See* Compl. ¶ 1 (alleging that all claims arise from Apple's purported "improper collection" of data); *id.* ¶ 50 (alleging that Apple "secretly tracks and collects a wide range of user data"); *see also id.* ¶¶ 110, 122, 134-36, 141-42, 154, 164-65, 187, 209, 231-32, 246, 265, 285 (each claim relying on lack of consent for collection); Motion to Dismiss at 9-14. Apple's privacy disclosures and representations about the effects of the privacy settings at issue, embodied in Exhibits 1-18, thus are integral to all claims. *Knievel* and *Coto* instruct that they therefore should be treated as incorporated by reference. *See also In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019), *aff'd in part and rev'd in part on other grounds*, 2023 WL 8365362 (9th Cir. Dec. 4, 2023) (considering a data policy that was "implicitly referenced throughout" the complaint); *Hernandez v. Path, Inc.*, 2012 WL 5194120, at *3, *5 (N.D. Cal. Oct. 19, 2012) (considering Path's privacy disclosures at dismissal stage because "Plaintiff's claims are based on how Path discloses information to users").

*Third*, plaintiffs' California Invasion of Privacy Act, Pennsylvania Wiretap and Electronic Surveillance Control Act, and invasion of privacy claims also require that they had a reasonable expectation of privacy in their activities on the Apple apps. *See* Motion to Dismiss at 17-25; Compl. ¶ 142. Plaintiffs allege that they formed such an expectation based on Apple's representations about its privacy practices and privacy settings. *See* Compl. ¶¶ 1, 5-6, 44-49, 142. Apple's representations about its privacy practices and privacy settings, including Exhibits 1-18, are thus integral to plaintiffs' claims and are incorporated by reference.

*Fourth*, the complaint expressly quotes or relies on these documents, which further confirms their centrality to plaintiffs' claims. *See* Compl. ¶ 103 (citing Ex. 1, iOS and iPadOS Software License Agreement); *id.* ¶¶ 2, 48, 103, 134 (quoting Ex. 3, Privacy Policy); *id.* ¶¶ 103, 122 (relying on "data and privacy information embedded in our products and certain features that ask to use your personal data,"

and "disclosures," which include Exs. 4-14); *id.* ¶¶ 46-47, 108 (quoting Ex. 14, Device Analytics & Privacy disclosure); *id.* ¶ 107 (screenshot of Ex. 15, Share [Device] Analytics setting screen); *id.* ¶¶ 105-06 (screenshot of Ex. 17, Tracking disclosure, which is accessible only via Ex. 16, the Allow Apps to Request to Track setting screen); *id.* ¶¶ 111, 113, 134 (quoting Ex. 18, Family Privacy Disclosure for Children).

*Finally*, incorporation by reference of Exhibits 1-18 would serve one of the central goals of the doctrine, which is to prevent plaintiffs from surviving a motion to dismiss by omitting reference to key documents or "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *See Khoja*, 899 F.3d at 1002. Here, plaintiffs not only failed to acknowledge much of Apple's detailed and repeated disclosure of the collection at issue, but they also selectively quoted certain disclosures to omit language that undermines their claims. For example, they invoke the Privacy Policy, but they do not acknowledge that the Privacy Policy discloses precisely the collection they challenge. *Compare* Compl. ¶¶ 2, 48, 103, 134 (quoting Privacy Policy) *with* Ex. 3 at 3-4 (disclosing types of data collected). The incorporation-by-reference doctrine instructs that the Court should consider the full documents upon which the complaint is based, rather than relying on plaintiffs' selective quotations. *See Khoja*, 899 F.3d at 1002; *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*.

**B.     Exhibits 1-3, 9-14, and 18 Are Also Judicially Noticeable Because They Are Available on Public Websites.**

Judicial notice provides an additional, independent reason to consider Exhibits 1-3, 9-14, and 18. Each of these documents is publicly available online, and Apple requests judicial notice to show that Apple made the statements they contain. Courts commonly take judicial notice of a company's publicly available privacy policies and terms for this purpose, including historical versions. *See, e.g.*, *Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (granting judicial notice of publicly available policies); *Google Location Hist.*, 428 F. Supp. 3d at 189-90 (granting judicial notice of publicly available websites including privacy disclosures); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1241-42 (N.D. Cal. 2017) (judicially noticing the version of Facebook's Statements of Rights and

Responsibilities that was "in existence during the Class Period"); *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (judicially noticing multiple versions of Google's privacy policy, including archived versions); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (judicially noticing "the Yelp Privacy Policies during the relevant time periods because they were publicly available on the Yelp website"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025, 1028-29 (N.D. Cal. 2014) (judicially noticing Yahoo's Terms of Service and Privacy Policy "because they are aspects of a publicly accessible website"); *Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at 829 (granting judicial notice of Wayback Machine version of Data Policy implicitly referenced in complaint).

These documents are available on publicly accessible websites, Heath Decl. ¶¶ 2-4, 10-15, 19, and are therefore capable of accurate and ready determination. Fed. R. Evid. 201(b); *Matera*, 2016 WL 8200619, at *5 (taking judicial notice of privacy policy available on publicly accessible website); *Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024 (same). The Court therefore should take judicial notice of Exhibits 1-3, 9-14, and 18. If plaintiffs seek to rely on other versions of these documents, the Court also should take judicial notice of those other versions.

### III.    CONCLUSION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence 201, the Court should consider Exhibits 1 through 18 in ruling on Apple's motion to dismiss.

DATED: December 8, 2023                                Respectfully submitted,

/s/ Amy S. Heath

Emily Johnson Henn (Bar No. 269482)
Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7030
Facsimile: (415) 955-6530
Email: aheath@cov.com

*Attorneys for Defendant Apple Inc.*