Emily Johnson Henn (Bar No. 269482)
Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7030
Facsimile: (415) 955-6530
Email: aheath@cov.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE APPLE DATA PRIVACY LITIGATION

Civil Case No.: 5:22-CV-07069-EJD

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT**

Date: August 28, 2025
Time: 9:00 AM
Location: Courtroom 4 - 5th Floor
Judge: Hon. Edward J. Davila

## TABLE OF CONTENTS


INTRODUCTION ........ 1

ARGUMENT ........ 1

I. The Opposition Does Not Revive Plaintiffs' California Invasion of Privacy Act Claims. . 1

A. Plaintiffs Do Not Dispute that Apple's Apps Are Not Pen Registers. ........ 2

B. Plaintiffs Do Not Dispute that the Alleged Data Transmissions Are, by Their Nature, Recorded on Apple's Servers, Which Defeats Their CIPA Section 632 Claim for the Unlawful Recording of a Conversation. ........ 5

II. The Opposition Confirms that the Pennsylvania WESCA Claim Should Be Dismissed Because the Complaint Still Does Not Plead Collection of "Contents," Use of a Device, or Interception by a Third Party. ........ 8

III. Plaintiffs Have Not Addressed the Fundamental Flaws in Their California Invasion-of-Privacy Claim, Including Their Failure To Plead a Reasonable Expectation of Privacy. . 11

IV. Plaintiffs Do Not Remedy Their Previous Failure To Establish Statutory Standing Under the UCL. ........ 13

V. The Implied Contract and Unjust Enrichment Claims Remain Deficient Because Plaintiffs Allege That an Express Contract Governs. ........ 14

VI. Plaintiffs' Claims Should Be Dismissed to the Extent Premised on Game Center. ........ 15

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam Askari D.D.S. Corp. v. U.S. Bancorp*, 2022 WL 2161603 (N.D. Cal. June 15, 2022) ........ 7

*Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42 (N.D. Cal. 2020) ........ 2, 9

*Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806 (N.D. Cal. 2022) ........ 15

*Boulton v. Community.com, Inc.*, 2025 WL 314813 (9th Cir. Jan. 28, 2025) ........ 6, 8

*Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) ........ 6, 8, 11

*Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021) ........ 14

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010) ........ 15

*Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370 (Cal. Super. Sept. 9, 2024) ........ 4, 5

*Commonwealth v. Diego*, 119 A.3d 370 (Pa. Super. Ct. 2015) ........ 10

*Commonwealth v. Proetto*, 771 A.2d 823 (Pa. Super. 2001) ........ 10

*Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58 (W.D. Pa. 2023) ........ 9

*D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179 (S.D. Cal. 2024) ........ 11

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ........ *passim*

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015) ........ 12

*In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185 (N.D. Cal. 2019) ........ 12

*Gutierrez v. Converse Inc.*,
2025 WL 1895315 (9th Cir. July 9, 2025)....................4

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020)....................15

*Imperial Merch. Servs., Inc. v. Hunt*,
47 Cal. 4th 381 (2009)....................4

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023)....................9

*Jones v. Peloton Interactive, Inc.*,
720 F. Supp. 3d 940 (S.D. Cal. 2024)....................13

*Karriem v. Cnty. of Los Angeles*,
2020 WL 8474703 (C.D. Cal. Dec. 2, 2020)....................5

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025)....................3

*Kwikset Corp. v. Superior Ct.*,
51 Cal. 4th 310 (2011)....................13

*Lakin v. Watkins Associated Indus.*,
6 Cal. 4th 644 (1993)....................3, 4

*Maloney v. Scottsdale Ins. Co*.,
256 F. App'x 29 (9th Cir. 2007)....................3

*Mendel v. S. Mono Healthcare Dist.*,
2022 WL 4237724 (E.D. Cal. Sept. 14, 2022)....................9

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)....................6, 8

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024)....................14

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024)....................12

*Minor v. FedEx Ofc. & Print Servs., Inc.*,
78 F. Supp. 3d 1021 (N.D. Cal. 2015)....................2

*Mirmalek v. L. A. Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024)....................3

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)....................12

*Oliver v. Noom, Inc.*,
2023 WL 8600576 (W.D. Pa. Aug. 22, 2023) .......... 10

*Opperman v. Path, Inc.*,
205 F. Supp. 3d 1064 (N.D. Cal. 2016) .......... 13

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) .......... 13

*People v. Drennan*,
84 Cal. App. 4th 1349 (2000) .......... 7

*Price v. Headspace, Inc.*,
2025 WL 1237977 (Cal. Super. Apr. 1, 2025) .......... 2, 3

*Rabin v. Google LLC*,
2023 WL 4053804 (N.D. Cal. June 15, 2023) .......... 15

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 12

*S. F. Apartment Ass'n v. City & Cnty. of San Francisco*,
881 F.3d 1169 (9th Cir. 2018) .......... 11

*Scher v. Burke*,
3 Cal. 5th 136 (2017) .......... 4

*Shah v Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) .......... 3, 7

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) .......... 14

*Smart v. Main Line Health*,
2024 WL 2943760 (E.D. Pa. June 10, 2024) .......... 9

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 6

*Thomas v. Papa John's Int'l, Inc.*,
2025 WL 1704437 (9th Cir. June 18, 2025) .......... 13

*U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*,
2013 WL 6055387 (S.D. Cal. Nov. 13, 2013) .......... 3

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......... 12

*Weston v. Perez*,
2017 WL 4541732 (S.D. Cal. Oct. 11, 2017) .......... 7

*Williams v. DDR Media, LLC*,
2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) ....................13

*Williams v. What If Holdings, LLC*,
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ....................7

*Woods v. Google, Inc.*,
889 F. Supp. 2d 1182 (N.D. Cal. 2012) ....................14

*Yaffe v. JP Morgan Chase Bank N.A.*,
2024 WL 5063820 (N.D. Cal. Dec. 11, 2024) ....................6

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) ....................10

**Statutes**

18 Pa. C.S. § 5704 ....................9

Cal. Penal Code § 632 ....................5, 6, 8

Cal. Penal Code § 632.01 ....................4

Cal. Penal Code § 638.50 ....................2

Cal. Penal Code § 638.51 ....................4, 5

Cal. Penal Code § 638.52 ....................5

Cal. Penal Code § 638.53 ....................5

## INTRODUCTION

In a remarkable attempt to walk back the core premise of this lawsuit, Plaintiffs' Opposition concedes that it was "necessary" for Apple to collect their data "to permit Apple's Apps to function," including after Plaintiffs turned off the "Share [Device] Analytics" setting. ECF No. 152 ("Opp.") at 8. Recognizing that allowing claims like Plaintiffs' would criminalize routine data transmissions on all Internet-connected apps, Plaintiffs instead assert a new theory premised on Apple's collection of data that Plaintiffs deem "unnecessary" through "processes" within each of Apple's apps. *Id.* at 8–9. Plaintiffs' puzzling new theory appears nowhere in their FAC and has only served to inject more confusion into this lawsuit: Plaintiffs do not say which supposedly "unnecessary" data transmissions now form the basis of their claims or how any "processes" within an app are any different from the app itself.

No matter how Plaintiffs contort their claims, Plaintiffs' Opposition confirms that the FAC does not fix the deficiencies this Court identified in its prior Order. Instead, it all but pretends that this Court has not already ruled on these same claims. For example, Plaintiffs still fail to plead sufficient details demonstrating that *their* data transmissions are "communications" or "contents" under CIPA Section 632 and WESCA, respectively. Plaintiffs also do not grapple with the reason this Court dismissed the prior version of their invasion-of-privacy claim: no Plaintiff has a reasonable expectation of privacy over data transmitted to Apple about Plaintiffs' interactions with Apple's *own* apps. Nor do Plaintiffs dispute that they have failed to add a single new allegation demonstrating that *they* have "lost money or property" as a result of this alleged conduct, as they must to bring a UCL claim. As to Plaintiffs' sole new claim brought under CIPA Section 638.51, Plaintiffs now admit that Apple's apps are not "pen registers" in the first place—a concession that warrants dismissal of this claim.

For these and the additional reasons discussed below, Plaintiffs' CIPA, WESCA, invasion of privacy, UCL, implied contract, and unjust enrichment claims should be dismissed with prejudice.

## ARGUMENT

### I. The Opposition Does Not Revive Plaintiffs' California Invasion of Privacy Act Claims.

Plaintiffs' Opposition confirms that they fail to allege the necessary elements of their claims under CIPA Sections 638.51 and 632. Plaintiffs' new Section 638.51 claim should be dismissed because they admit that Apple's apps are not a "pen register" and because the pen register provision does not apply to

Internet-connected apps or outside the law enforcement context. The FAC likewise fails to fix the deficiencies that this Court previously identified in dismissing Plaintiffs' Section 632 claim: Plaintiffs once again attempt to shoehorn claims about device-to-server transmissions to power Apple apps into a statute regulating undisclosed recording of conversations.

### A. Plaintiffs Do Not Dispute that Apple's Apps Are Not Pen Registers.

Plaintiffs' Opposition confirms that Apple's apps are not pen registers, and CIPA's text and statutory scheme demonstrate that the pen register provision does not apply to Internet data or private entities like Apple. Plaintiffs' pen register claim thus should be dismissed.

***Apple's Apps Are Not Pen Registers.*** The FAC includes a single conclusory allegation that "Apple's *mobile applications* constitute a 'pen register.'" FAC ¶ 186 (emphasis added). In their Opposition, Plaintiffs now backtrack on this allegation. Instead, they now claim, "it is the processes within Apple's apps, *not the applications* as a whole that operate as pen registers." Opp. at 9 (emphasis added). Plaintiffs' abandonment of the theory they pleaded in their FAC alone requires dismissal. *See Minor v. FedEx Ofc. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1031 (N.D. Cal. 2015) (dismissing a claim where the plaintiff, "in his opposition, concedes that his allegation" regarding an element of his claim "was false").

Moreover, it is not clear what Plaintiffs mean by "processes within Apple's apps," or how a process within an app could be anything other than the app itself. And they cannot point to anywhere in the FAC where they raised this puzzling purported distinction. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (Davila, J.) (cleaned up).

Plaintiffs' other allegations further confirm that the apps cannot be pen registers within the meaning of CIPA. A "pen register," by definition, collects "routing, addressing, or signaling information . . . but *not the contents of a communication*." Cal. Penal Code § 638.50(b) (emphasis added). Indeed, "if [a] device is capturing the content of the communications, it is definitionally not a [pen register] device." *Price v. Headspace, Inc.*, 2025 WL 1237977, at *3 (Cal. Super. Apr. 1, 2025). Yet the FAC "allege[s]" that Apple's apps "collect a variety of information – *some which are 'communications'* and some which are 'routing, addressing, or signaling information." Opp. at 13 (emphasis added). Plaintiffs'

allegations thus take the apps outside the statutory definition of a pen register. *See Price*, 2025 WL 1237977, at *3 (dismissing pen register claim for this reason); *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025) (same); *cf. Shah v Fandom, Inc.*, 754 F. Supp. 3d 924, 926 (N.D. Cal. 2024) (denying motion to dismiss pen register claim where plaintiffs had not alleged that the collected information included "contents" of communications).

Attempting to salvage their claim, Plaintiffs now assert that they "plead their pen register claims in the alternative" to their CIPA Section 632 claim premised on the alleged collection of "confidential communications." Opp. at 13. But they did not do so in the FAC. Instead, for their pen register claim, Plaintiffs expressly "incorporate[d] by reference and re-allege[d] each and every allegation set forth in paragraphs 1 through 105" (FAC ¶ 182), including their allegations that Apple captured their "confidential communications" (*id.* ¶¶ 11–20). As the Ninth Circuit has explained, inconsistent allegations that are expressly incorporated into each cause of action can "constitute a judicial admission by the plaintiff which allows dismissal of the complaint." *U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*, 2013 WL 6055387, at *9 (S.D. Cal. Nov. 13, 2013) (citing *Maloney v. Scottsdale Ins. Co*., 256 F. App'x 29, 31 (9th Cir. 2007), in rejecting the same argument Plaintiffs advance here).

***The Pen Register Provision Does Not Apply to Internet Data.*** California courts have recognized that CIPA's pen register provision regulates "telephone" communications, "not internet communications such as [on] websites" or apps. Mot. at 11; *see also Kishnani*, 2025 WL 1745726, at *4 (dismissing CIPA pen register claim because "§ 638.50 does not apply" to website data collection tool). Plaintiffs ignore this authority entirely and instead cite a handful of cases that have come to a different conclusion (Opp. at 11), with no discussion of their cursory reasoning.

The California Supreme Court long ago rejected the narrow approach to statutory interpretation taken by Plaintiffs' cited cases like *Mirmalek*, which focused solely on the "definition of a pen register" without regard to how that definition fit within the broader statute. *Mirmalek v. L. A. Times Commc'ns LLC*, 2024 WL 5102709, at *3 (N.D. Cal. Dec. 12, 2024). "[E]ach sentence must be read not in isolation but in the light of the statutory scheme," and "[a]n interpretation that renders related provisions nugatory must be avoided." *Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644, 659 (1993). Plaintiffs' interpretation "must be avoided" for precisely this reason: the use of a pen register requires "first obtaining

a court order," Cal. Penal Code § 638.51(a), that, in turn, "shall specify"—without exception—"[t]he number and, if known, physical location of the telephone line to which the pen register . . . is to be attached." *Id.* § 638.52. Plaintiffs' attempt to expand CIPA's pen register provision beyond telephone communications would render these requirements "nugatory." *Lakin*, 6 Cal. 4th at 659 (declining to adopt "literal" interpretation of provision that rendered another provision of the same statute "nugatory").

Reading CIPA's pen register provision as limited to the telephone context also comports with "[t]he legislative purpose of the Pen Register statute . . . to authorize law enforcement to seek orders for telephone surveillance." *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *2 (Cal. Super. Sept. 9, 2024). "If the California Legislature wanted to apply" CIPA's pen register provision "to the internet, it could do so," as it did so expressly in other CIPA provisions. *Gutierrez v. Converse Inc.*, 2025 WL 1895315, at *3 (9th Cir. July 9, 2025) (Bybee, J., concurring) (concluding that another CIPA provision "does not apply to internet communications"); *see, e.g.*, Cal. Penal Code § 632.01 (penalizing certain conduct on "Internet Web sites"). Instead, the California Legislature made a deliberate choice to omit any reference to the Internet from CIPA's pen register provision, even though it was enacted in 2015 long after the Internet had become widespread. That legislative choice confirms that "Section 638.50 does not address the privacy rights of Internet users." *Casillas*, 2024 WL 4873370, at *2; *see Scher v. Burke*, 3 Cal. 5th 136, 144–45 (2017) (courts "presume that the Legislature" acted "deliberately" when it "uses a term in one provision of a statute but omits it from another").

The California Legislature did not leave Internet users without protection. Indeed, it chose to adopt a comprehensive privacy regime through the California Consumer Privacy Act of 2018 (CCPA). *See* Mot. at 8-9; *see also Gutierrez*, 2025 WL 1895315, at *3 & n.3 (Bybee, J., concurring) (explaining that the CCPA "sets out additional consumer rights"). Plaintiffs' argument that "CIPA should control" to the extent it "conflicts" with the CCPA (Opp. at 11) is beside the point because they identify no such conflict. Instead, CIPA's pen register provision does not apply to the Internet data transmissions at issue here, avoiding an interpretation that would render superfluous the comprehensive privacy regime the California Legislature spent years enacting. *See Imperial Merch. Servs., Inc. v. Hunt*, 47 Cal. 4th 381, 390 (2009) (courts "do not presume that the Legislature performs idle acts, nor do [they] construe statutory provisions so as to render them superfluous").

***The Pen Register Provision Applies Exclusively to Law Enforcement.*** None of Plaintiffs' cited cases refute that CIPA's pen register provision applies exclusively to law enforcement, not companies like Apple. Mot. at 11–12. Contrary to Plaintiffs' argument, this "exact argument" was not "rejected" or even considered in *Greenley v. Kochava, Inc.* (Opp. at 11), because it was never raised. 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) (addressing argument that a defendant's "SDK is not a 'pen register'"). As Apple has explained by walking through the text and context of the overall statutory scheme, the pen register provision operates as a constraint on law enforcement, the sole entities authorized to seek a court order approving the use of a pen register. *See* Cal. Penal Code §§ 638.51(a), 638.52, 638.53. This reading "fulfills the legislative purpose" of the pen register provision (Opp. at 13) "to authorize law enforcement to seek orders for telephone surveillance," *Casillas*, 2024 WL 4873370, at *2, just like its federal counterpart, which similarly does not apply to private entities like Apple. *See Karriem v. Cnty. of Los Angeles*, 2020 WL 8474703, at *5 (C.D. Cal. Dec. 2, 2020); *see* Opp. at 12 (referring to exception for "provider[s] of electronic or wire communication service[s]" also found in federal counterpart). Plaintiffs do not respond directly to Apple's arguments regarding the statutory text and legislative history of the pen register provision, which confirm that their pen register claim fails for the independent reason that the provision exclusively governs law enforcement, not companies like Apple.

**B. Plaintiffs Do Not Dispute that the Alleged Data Transmissions Are, by Their Nature, Recorded on Apple's Servers, Which Defeats Their CIPA Section 632 Claim for the Unlawful Recording of a Conversation.**

Plaintiffs' Opposition confirms that they have again failed to state a claim under CIPA Section 632 for three reasons: (1) the data Apple collected was not "confidential" within the meaning of Section 632 because Plaintiffs recognize that it was "necessary" for Apple to collect their data, (2) Plaintiffs do not respond to Apple's argument that the alleged data transmissions do not constitute a "communication," and (3) Plaintiffs ignore that the plain text of the statute establishes that Apple did not "eavesdrop upon or record" any confidential communication. Cal. Penal Code § 632(a).

***No Acquisition of "Confidential" Communications.*** Plaintiffs now concede that it is "necessary" for Apple to collect their data "to permit Apple's Apps to function." Opp. at 8. This means that Plaintiffs' data transmissions cannot be "confidential" under Section 632, which excludes circumstances where, as

here, the parties "may reasonably expect that the communication may be . . . recorded." Cal. Penal Code § 632(c).

Just this year, the Ninth Circuit reaffirmed California precedent holding that electronic communications cannot be "confidential" under Section 632 for the additional reason that those communications will "by nature be recorded." *Boulton v. Community.com, Inc.*, 2025 WL 314813, at *2 (9th Cir. Jan. 28, 2025). Here, Apple's Internet-connected apps *must* transmit data to Apple's servers to deliver results to users, and those device-to-server transmissions are "by nature recorded" on Apple's servers where they were received. *See* Mot. at 13–14 (collecting authorities). Plaintiffs' Opposition offers no response to this Ninth Circuit authority or Apple's argument, which provides an independent basis for dismissal. *See Yaffe v. JP Morgan Chase Bank N.A.*, 2024 WL 5063820, at *2 (N.D. Cal. Dec. 11, 2024) (dismissing claim where "[plaintiff's] opposition fails to address, and thus concedes, the argument").

Implicitly recognizing that it is objectively unreasonable to expect that their data transmissions were not recorded in these circumstances, Plaintiffs instead argue that this expectation was "created by disabling the 'Share [Device] Analytics.'" Opp. at 6. But the Court expressly rejected this argument in its prior Order: "No reasonable consumer would expect to engage in a transaction with Apple without some data being collected . . . to process that transaction." *Id.* at 29–30. Plaintiffs' focus on the collection of "referral URLs" and "search terms in Apple's Apps" does not alter the analysis (Opp. at 6) because Plaintiffs do not and cannot allege that this data is "unnecessary" for the functionality of the Apps. Opp. at 10. Plaintiffs' cited cases are inapplicable because this is not a case where a third party surreptitiously stepped in and intercepted an alleged communication between a user and the company receiving it.[1]

---

[1] Opp. at 7-8 (citing *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022) (third-party website analytics tool purportedly captured "health-related communications" between plaintiffs and their "medical provider[s]")); *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 939, 943 (N.D. Cal. 2024) (third-party vendor allegedly intercepted "personally identifiable and credit card[] information" provided to retailer); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1056 (N.D. Cal. 2021) (third-party website analytics tools purportedly captured communications between "user's computer and the website [that the user accessed]"); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 596 (9th Cir. 2020) (similar);

It also makes no difference that Plaintiffs can identify cases applying *other* provisions of CIPA "to internet-based communications" (Opp. at 7) because none addressed Section 632, which is at issue here. *See Facebook Internet Tracking*, 956 F.3d at 608 (analyzing CIPA section 631's party exception without considering whether "Plaintiffs adequately pleaded the other requisite elements of [CIPA claims]"); *Shah*, 754 F. Supp. 3d at 930–31 (section 631); *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (same).

***No Acquisition of "Communications."*** Plaintiffs' Opposition concludes that the "transmitted information squarely fits within the definition of 'communication,'" but they do not say how. Opp. at 8. To the contrary, the Opposition only serves to add more confusion to the inquiry: Plaintiffs now argue it is the "unnecessary" data allegedly collected by Apple's apps that constitute "the collected 'communications' at issue." *Id.* But Plaintiffs never specify *which* data they deem "unnecessary" to the functioning of Apple's apps, versus the data they now concede is necessarily transmitted to make the apps function. Since they fail to allege what purportedly unnecessary data was collected from them, Plaintiffs' claims cannot survive. *See* Order at 27 ("Plaintiffs' allegations lack similar detail from which the Court can conclude the alleged collection constitutes a 'communication' under CIPA.").

Moreover, Plaintiffs do not address Apple's arguments establishing that none of the allegedly transmitted data meets the definition of a "communication" (Mot. at 14–16), as this Court held in dismissing the prior version of Plaintiffs' Section 632 claim. Order at 27. "By failing to respond to those arguments, Plaintiff[s] ha[ve] conceded them and acknowledged the Complaint should be dismissed on those grounds as well." *See Adam Askari D.D.S. Corp. v. U.S. Bancorp*, 2022 WL 2161603, at *3 (N.D. Cal. June 15, 2022) (Davila, J.).

Nor could Plaintiffs establish the acquisition of a "communication." The parties agree that a "communication" means "a singular conversation or exchange" (Opp. at 7), which Plaintiffs do not dispute must involve "one's thoughts, ideas, or knowledge." *People v. Drennan,* 84 Cal. App. 4th 1349, 1358 (2000). Plaintiffs fail to identify any "thoughts, ideas, or knowledge" their data transmissions exchanged

---

*see also Weston v. Perez*, 2017 WL 4541732, at *4 (S.D. Cal. Oct. 11, 2017) (third party allegedly obtained fraudulent release of "HIPAA-protected medical [records]")).

with Apple. Opp. at 8. Instead, Plaintiffs cite to the same two cases about which this Court already held "neither case directly addressed nor resolved the question of what constitutes a 'communication' under CIPA," and concerned allegations "unlike those here." Order at 26–27 (distinguishing *Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 796 (interception of "full-string URLs" that "revealed the substance of patient communications with their health entities"), and *Brown*, 525 F. Supp. 3d at 1077 (URL from which Google would know "the user was searching for updates on Russia's war against Ukraine")).

***No Eavesdropping or Recording.*** Plaintiffs do not dispute that Apple, as a party to their communication, did not "eavesdrop" on their communications within the meaning of Section 632, Mot. at 16, so they cannot pursue a claim under that part of the statute.

Plaintiffs' argument that Apple "records" those same alleged communications (Opp. at 8) ignores the plain text of the statute, which applies only to a person who "uses" a recording device. Cal. Penal Code § 632(a). It does not apply to a company like Apple that receives data transmissions Plaintiffs send through Apple apps that are "by nature recorded" on Apple servers. *Boulton*, 2025 WL 314813, at *2. Apple's supposed "admissions" in its service-specific disclosures (Opp. at 8) merely confirm that it receives this data. *See, e.g.*, ECF No. 123-12 (Ex. 11 (Apple TV App & Privacy)), at 1 ("Apple collects information about your . . . activity in the Apple TV app" in order "to provide the service.").

* * *

Plaintiffs' baffling new theory concerning Apple's purported collection of unspecified "unnecessary" data through unidentified "processes" within its apps cannot rescue their CIPA claims. Instead, the Opposition confirms that Plaintiffs have failed to plead multiple elements of both of their CIPA claims, and that they have failed to overcome the issues identified in this Court's prior ruling. Accordingly, Plaintiffs' CIPA claims should be dismissed.

## II. The Opposition Confirms that the Pennsylvania WESCA Claim Should Be Dismissed Because the Complaint Still Does Not Plead Collection of "Contents," Use of a Device, or Interception by a Third Party.

The Opposition underscores the failure of the sole Pennsylvania Plaintiff, Sgro, to demonstrate (1) the acquisition of any "contents" of Plaintiff Sgro's communications, (2) using a "device" within the meaning of WESCA, (3) by a party who is not a direct recipient of the communication. Each of these deficiencies independently warrants dismissal.

***No Acquisition of "Contents."*** The Opposition confirms that Plaintiff Sgro's claim should again be dismissed for failure to plead that *his* alleged data transmissions are "contents," rather than "just 'record' data." Order at 28. Although Plaintiff Sgro claims to "describ[e] the information collected" (Opp. at 14), the allegations he cites "lack[] critical necessary details for the Court's analysis of the type of information allegedly captured." *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 69 (W.D. Pa. 2023).

Plaintiff Sgro first points to allegations about data Apple collects about hypothetical "user[s]" (FAC ¶¶ 49–61; *see* Opp. at 14), which "fails to state what specific . . . information Plaintiff *himself* provided to [Apple]." *Smart v. Main Line Health*, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024) (rejecting similar allegation based on "a hypothetical [website] visitor" as insufficient to state a wiretap claim). Even taking into account all of the types of data Apple *may* allegedly collect from a given user (*e.g.*, "search terms," "referral URLs," "start and stop time of using the App," "page history," "user action," "external referral app"), Plaintiff Sgro does not say which of this data constitutes the "unnecessary" data that forms the sole basis for his claim. *Supra* at 7. Moreover, all of this data is more akin to the "mouse movements and clicks, key strokes, and URLs of webpages visited" that courts routinely hold are not "contents." *Cook*, 689 F. Supp. 3d at 69–70; *see James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 956 (N.D. Cal. 2023) (citing *Cook*'s holding "mouse clicks and keystrokes" are not "contents"); *see also* Mot. at 17–18 (collecting cases).

Plaintiff Sgro next points to allegations describing specific actions he took when using certain Apple apps (FAC ¶ 13), Opp. at 14, but he fails to allege whether these actions occurred before or after turning off the "Share [Device] Analytics" setting. This alone is fatal to his claim because this Court held that any collection of Plaintiff Sgro's information before he allegedly turned off this setting was done with his consent. Order at 14–15, 20; *see* 18 Pa. C.S. § 5704(4) (no violation if "prior consent" given).

***No Use of a "Device."*** Plaintiff Sgro's argument that he pleads the WESCA "device" element similarly fails. While the FAC contends that "Apple's mobile devices (e.g., iPhones, iPads, and Apple Watches) are a 'device'" (FAC ¶ 202), Plaintiff Sgro now concedes that this allegation is "incorrect" (Opp. at 14). The Opposition's assertion for the first time that "Apple's Apps (and the processes therein) are the intercepting devices" (Opp. at 15) should be disregarded because it does not appear in the FAC. *Allan & Assocs.*, 445 F. Supp. 3d at 59; *see also Mendel v. S. Mono Healthcare Dist.*, 2022 WL 4237724, at *12

(E.D. Cal. Sept. 14, 2022) (dismissing claim where plaintiff "conceded the allegations underlying" the claim were "incorrect").

Nor could Apple's apps be the relevant "device" for purposes of WESCA. They are allegedly what Plaintiffs used to send their communications to Apple and thus "the origin of the intercepted message." *Commonwealth v. Diego*, 119 A.3d 370, 374 (Pa. Super. Ct. 2015). Under WESCA, the origin of a message must be separate from "the device that purportedly intercepted that message." *Id.* (iPad that sent text message cannot be treated as a "device" that intercepted those texts); *cf. Oliver v. Noom, Inc.*, 2023 WL 8600576, at *6 (W.D. Pa. Aug. 22, 2023) (third-party software code on website treated as a "device" that intercepted data from "website user's browser and computer"); *Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 975 (N.D. Cal. 2023) (similar).

***Apple Was a Direct Recipient to Any Communication.*** Plaintiff Sgro does not dispute that Apple was a direct recipient of any of his alleged communications. His claim thus fails because "there is no interception" where "a party receives information from a communication as a result of being a direct party to the communication." *Commonwealth v. Proetto*, 771 A.2d 823, 831 (Pa. Super. 2001).

Plaintiff Sgro's reliance on *Popa v. Harriet Carter Gifts, Inc.* (Opp. at 15) is misplaced. The Third Circuit's non-binding "prediction" that Pennsylvania courts would limit the direct-party exception to law enforcement officers, 52 F.4th 121, 128–29 (3rd Cir. 2022), ignored what Pennsylvania courts have already held: This exception applies even when "no law enforcement officer was a direct party to the communication." *Diego*, 119 A.3d at 380–81 (applying direct-party exception where communication allegedly recorded was received by "Gary Still, and not the police" because "Still was a party to the conversation, and therefore he could not be said to have intercepted it"). Plaintiff Sgro does not address *Diego*, which was issued years after "WESCA was amended" in 2012 (Opp. at 15), or explain why his alleged lack of consent renders this exception "immaterial" (*Id.* at 16) .

* * *

Plaintiff Sgro's WESCA claim should be dismissed because he again fails to plead (1) that Apple collected "contents" of his data, as opposed to record information, (2) interception by a device, or (3) that a third party received his data.

### III. Plaintiffs Have Not Addressed the Fundamental Flaws in Their California Invasion-of-Privacy Claim, Including Their Failure To Plead a Reasonable Expectation of Privacy.

Contrary to Plaintiffs' argument (*Id.* at 16), the Ninth Circuit has reaffirmed, "To state a claim for a violation of the right to privacy under the California Constitution," Plaintiffs must plead (1) "reasonable expectation of privacy under the circumstances," (2) "a legally protected privacy interest," and (3) "a serious invasion of privacy . . . that constitutes an egregious breach of the social norms underlying the privacy right." *S. F. Apartment Ass'n v. City & Cnty. of San Francisco*, 881 F.3d 1169, 1178 (9th Cir. 2018); *see* Opp. at 16 (citing *Facebook Internet Tracking*, 956 F.3d at 601 (noting only that courts collapse the inquiry into two elements when the claim is asserted alongside "a claim for intrusion upon seclusion under California common law")). Plaintiffs' Opposition confirms that their Complaint pleads none of these elements.

***No Reasonable Expectation of Privacy in These Circumstances.*** This Court held in dismissing the prior version of Plaintiffs' invasion-of-privacy claim that they "failed to sufficiently plead that they had any reasonable expectation of privacy." Order at 30. Plaintiffs' Opposition points to nothing in the FAC to disturb that conclusion. To the contrary, Plaintiffs appear to rely on this Court's prior Order that they sufficiently alleged a lack of consent to some of Apple's data collection (*see* Opp. at 16), yet they do not address the Court's conclusion that the allegedly collected data still did not give rise to a reasonable expectation of privacy. Order at 29–30; *see D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1206 (S.D. Cal. 2024) ("[A]llegations that a plaintiff did not consent to data collection practices, without more, does not support a reasonable expectation of privacy.").

Plaintiffs' speculation that some of this data "is not necessary for the functionality of any of the Apps" (Opp. at 16) is unsubstantiated and misses the point. Regardless of whether the data is "necessary," Plaintiffs continue to "allege Apple collected data from Plaintiffs' interactions with *Apple's own apps*"—which this Court highlighted in dismissing Plaintiffs' prior complaint for failure to plead a reasonable expectation of privacy. Order at 30. Indeed, this Court distinguished Plaintiffs' cited cases (Opp. at 16–17) on these precise grounds: Those cases all involved the collection of user data by third parties, not the app or website owner. Order at 30 (distinguishing *Brown*, 525 F. Supp. 3d at 1077 (Google collected data

about users' activity on non-Google websites); *Facebook Internet Tracking*, 956 F.3d at 602-03 (same as to Facebook)).[2]

***No Legally Protected Privacy Interest.*** Plaintiffs' Opposition asserts only that they have an informational privacy interest. Opp. at 17–18. But this Court already has held that users like Plaintiffs do not have an informational privacy interest where a defendant like Apple "only tracked and collected data during use of [the defendant's] services." *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019) (Davila, J.); *see Mikulsky v. Bloomingdale's*, LLC, 713 F. Supp. 3d 833, 846 (S.D. Cal. 2024) (same as websites).

Meanwhile, the only cases Plaintiffs cite (Opp. at 17–18) allege data collection by third parties and do not involve data transmission to the intended recipient like Apple here. *Supra* at 6 & n.1 (distinguishing Plaintiffs' cited cases). Plaintiffs (again) try to create a distinction between data that is "necessary" or otherwise, but they do not explain why it matters, particularly when they have not delineated which data is necessary and which purportedly is not. In similar circumstances, this Court held that the plaintiffs "d[id] not plead sufficient facts to establish a legally protected privacy interest." *Google Location Hist. Litig.*, 428 F. Supp. 3d at 199 (alleging collection of geolocation contrary to representation that turning "Location History" setting off prevented such collection). The Court should reach the same conclusion here.

***No Egregious Breach of Social Norms.*** Plaintiffs' Opposition validates this Court's "skeptic[ism]" about Plaintiffs' ability to plead that the alleged conduct rises to the level of "an egregious breach of the social norms" that is "highly offensive." Order at 30 n.4. While plaintiffs point to allegations

---

[2] The additional cases cited in Plaintiffs' Opposition are distinguishable on the same grounds. *See* Opp. at 17–18 (citing *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (Google allegedly collected data about users' activity on non-Google apps); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 269 (3d Cir. 2016) (Google purportedly collected data about users' activity on non-Google websites); *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 151 (3d Cir. 2015) (same); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1212, 1233 (C.D. Cal. 2017) (Vizio allegedly sold user data to third parties)).

that Apple purportedly collected their searches within first-party apps such as Music, Books, Stocks, and Apple TV for shows like Ted Lasso and the Mandalorian (FAC ¶¶ 17, 11), as well as general categories of data about their "usage" of Apple's apps (*id.* ¶¶ 55–60), *see* Opp. at 18, they do not explain how this would be an egregious breach of social norms. Nor do they respond to Apple's authority confirming that this type of collection is nothing more than "routine commercial behavior" that does not rise to that level. *Jones v. Peloton Interactive, Inc.*, 720 F. Supp. 3d 940, 951 (S.D. Cal. 2024); Mot. at 23 (collecting cases). Out of nearly a dozen cases Apple cites, Plaintiffs address only a single one, *Mastel v. Miniclip SA*, and confusingly suggest that another case that does not mention *Mastel* somehow found it "distinguishable." *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018 (N.D. Cal. 2014) (no discussion of *Mastel*).

Rather than address Apple's arguments and authority, Plaintiffs attempt to sidestep the issue altogether. Citing *Facebook Internet Tracking*, Plaintiffs assert that whether conduct is "sufficiently offensive" simply "cannot be resolved at the pleading stage" (Opp. at 18–19). But the decision in that case turned on facts not present here. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Rather than lay down a blanket rule, *Facebook Internet Tracking* "made a case-specific determination" and "does not stand for the proposition that this question cannot be resolved at the pleadings stage." *Williams v. DDR Media, LLC*, 2023 WL 5352896, at *6–7 (N.D. Cal. Aug. 18, 2023) (rejecting the same argument advanced by Plaintiffs here). As Plaintiffs' own authority acknowledges, this question "may be adjudicated as a matter of law." *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1078 (N.D. Cal. 2016). Indeed, just last month, the Ninth Circuit affirmed the dismissal of an invasion-of-privacy claim for failure to plead highly offensive conduct where, as here, a defendant allegedly collected user communications with its own service (a website for ordering pizzas). *Thomas v. Papa John's Int'l, Inc.*, 2025 WL 1704437, at *1 (9th Cir. June 18, 2025). Plaintiffs thus have not satisfied their burden to plead facts establishing Apple's conduct constituted a highly offensive and egregious breach of social norms, and the Court can dismiss this claim now.

## IV. Plaintiffs Do Not Remedy Their Previous Failure To Establish Statutory Standing Under the UCL.

Plaintiffs' Opposition confirms that they lack statutory standing to bring a UCL claim because they fail to plead that *they* "lost money or property" as a result of Apple's alleged conduct. *Kwikset Corp.*

*v. Superior Ct.*, 51 Cal. 4th 310, 321 (2011). Although the Court previously dismissed Plaintiffs' UCL claim on this basis, Order at 35-37, Plaintiffs do not dispute that they failed to add a single new allegation supporting their *own* loss of value in their data. *See* Opp. at 20; *see also* Mot. at 24. Instead, they point to the same allegations that this Court already rejected as insufficient: that (i) Plaintiffs "would not have purchased their devices from Defendant or would have paid less for them" (FAC ¶ 178), and (ii) "[t]he cash value of the personal user information" Apple collected "can be quantified" (*id.* ¶¶ 74–90). As the Court explained, "[j]ust because Plaintiffs' data is valuable in the abstract, and because [Apple] might have made money from it, does not mean that Plaintiffs have 'lost money or property' as a result." Order at 35 (distinguishing Plaintiffs' reliance on *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987 (N.D. Cal. 2024) and *Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021)). The Court should thus dismiss Plaintiffs' UCL claim for the same reason it did before. Order at 34–37.

Plaintiffs' UCL claim also fails (i) under the "fraudulent" prong to the extent it is based on an omission theory, (ii) under the "unlawful" prong, and (iii) under the "unfair" prong. *See Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1195, 1196–97 (N.D. Cal. 2012) (Davila, J.) (evaluating UCL claims on a prong-by-prong basis). *First*, Plaintiffs now concede that they fail to allege an omission-based claim under the UCL's "fraudulent" prong with the particularity that Rule 9(b) requires, so the Court should again dismiss this claim. Opp. 3 n.2; Order at 33–34. *Second*, the Ninth Circuit already foreclosed Plaintiff's new theory that they may satisfy the UCL's "unlawful" prong "by stating a claim for breach of contract." Opp. at 19. As the Ninth Circuit held, "a common law violation such as breach of contract is insufficient" to satisfy the "unlawful" prong. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010). *Third*, Plaintiffs conclude that they have "sufficiently pled claims under . . . the 'unfair' prong[]" (Opp. at 20), yet they do not dispute their failure to identify "a specific constitutional, statutory, or regulatory provision to which their claim is tethered," which led the Court to dismiss this claim in its prior Order. Order at 34. The Court should do so again here.

## V. The Implied Contract and Unjust Enrichment Claims Remain Deficient Because Plaintiffs Allege That an Express Contract Governs.

The Court dismissed Plaintiffs' implied contract and unjust enrichment claims because Plaintiffs allege an express contract governs. *Id.* at 23–24. Plaintiffs cannot save these claims by invoking an

exception allowing plaintiffs to "alternatively plead" these claims when "plead[ing] facts suggesting that the contract may be unenforceable or invalid" (Opp. at 20) because Plaintiffs do not point to any facts that their alleged contract with Apple "may be unenforceable or invalid." *See id.* at 20–21 (citing FAC ¶¶ 128, 130, 305); *see also* FAC ¶¶ 127–35, 300–05. This Court thus should dismiss Plaintiffs' implied contract and unjust enrichment claims for the same reason it did in the prior Order. Order at 24; *see also, e.g.*, *Rabin v. Google LLC*, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023) (dismissing alternatively pleaded unjust enrichment claim because plaintiffs "failed to plausibly allege that the Agreements are unenforceable"); *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806, 813 (N.D. Cal. 2022) (same as to alternatively pleaded implied contract claim).

## VI. Plaintiffs' Claims Should Be Dismissed to the Extent Premised on Game Center.

Plaintiffs' claims cannot proceed to the extent they are based on Game Center for the simple reason that none of the Plaintiffs allege using Game Center (FAC ¶ 11–20). Plaintiffs do not dispute this point. Instead, they argue that Game Center "used to be" an app (Opp. at 21), and that they included Game Center in the FAC "to highlight that Apple collects the same type of data across all of its Apps." *Id.* But Plaintiffs make no attempt to allege that Apple used Game Center to collect *their* data. *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1188 (N.D. Cal. 2020) (dismissing claims where complaint "did little more than parrot internet musings about things . . . which plaintiffs may or may not have experienced themselves"). This Court should dismiss all of Plaintiffs' claims to the extent they are based on Game Center.

## CONCLUSION

For these reasons and those in Apple's Motion to Dismiss, Plaintiffs' CIPA, WESCA, invasion of privacy, UCL, implied contract, and unjust enrichment claims should be dismissed with prejudice. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (affirming denial of leave to amend because "there was no need to prolong the litigation by permitting further amendment" where amendment would be futile).

Dated: July 31, 2025

Respectfully submitted,

*/s/ Kathryn E. Cahoy*

Emily Johnson Henn (Bar No. 269482)
Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7030
Facsimile: (415) 955-6530
Email: aheath@cov.com

*Attorneys for Defendant Apple Inc.*